IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIE DAVIS, JR., <br> NATHANIEL BRIDDELL, <br> JOSEPH GARRISON, <br> LARRY E. GIBBS, <br> ROY H. WALTERS, <br><br> ALL SIMILARLY-SITUATED CURRENT AND FORMER EMLOYEES OF MOUNTAIRE FARMS, INC., MOUNTAIRE FARMS OF DELMARVA, INC., and MOUNTAIRE FARMS OF DELAWARE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MOUNTAIRE FARMS, INC., MOUNTAIRE FARMS OF DELMARVA, INC., and MOUNTAIRE FARMS OF DELAWARE, INC., all Delaware corporations, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. NO. 04-0414-KAJ <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) COLLECTIVE ACTION <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT MOUNTAIRE FARMS, INC., MOUNTAIRE FARSM OF DELMARVA, INC., and MOUNTAIRE FARMS OF DELAWARE, INC.

Plaintiffs, Willie Davis, Jr., Nathaniel Briddell, Joseph Garrison, Larry E. Gibbs, and Roy H. Walters, (hereinafter "Plaintiffs"), by and through their undersigned attorney, hereby moves this Court to enter an Order pursuant to Rule 56 of the Federal Rules of Civil Procedure granting Summary Judgment in their favor on all claims set forth in Plaintiffs' Complaint. The grounds for this Motion for Summary Judgment are as follows:

1. At all relevant times to the Complaint, Plaintiffs were employed in the capacity of Crew Leaders with Defendant.

2. In the Complaint, Plaintiffs allege that Defendants, Mountaire Farms, Inc., Mountaire Farms of Delmarva, Inc., and Mountaire Farms of Delaware, Inc., (hereinafter

"Defendant") failed to compensate them at the appropriate rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. and the applicable Department of Labor Regulations.

3. Plaintiffs also allege in their Complaint a violation of 19 Del. C. § 1102(b)(1) in that Defendant willfully determined not to pay Plaintiffs overtime. Therefore, Plaintiffs are entitled to liquidated damages in an amount equal to the unpaid overtime pursuant to 19 Del. C. § 1103(b) and attorneys' fees, costs of prosecution and costs of this action pursuant to 19 Del. C. § 1113(c).

4. Plaintiffs further allege in their Complaint a violation of 29 U.S.C. § 215(a)(3) in that Defendant intentionally retaliated against them in the form of intimidation and threats to their employment.

5. Plaintiffs filed this action on June 18, 2004.

6. Defendant filed its Answer to the Complaint which was received by Plaintiffs' counsel on or about December 16, 2004.

7. On or about January 14, 2005, Plaintiffs served discovery requests upon Defendant. Included in those discovery requests were Plaintiffs' First Set of Interrogatories, Plaintiffs' First Request for Production of Documents and Plaintiffs' First Request for Admissions Directed to Defendant.

8. Summary judgment "shall be rendered" where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c).

9. For a Plaintiff to be entitled to summary judgment on its claim, the Plaintiff must show there are no genuine issues of material fact and establish each element of its claim as a

matter of law. *San Pedro v. U.S.*, 79 F.3d 1065, 1068 (11th Cir. 1996); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

10. The Court should grant Plaintiffs' Motion for Summary Judgment only if, viewing the evidence in the light most favorable to the Defendant, there are no genuine issues of material fact and no jury could find in favor of the Defendant. *Chlorine Inst., Inc. v. California Highway Patrol*, 29 F.3d 495, 496 (9th Cir. 1994).

11. The allegations set forth by Plaintiffs in the Complaint, therefore, should be deemed by this Court to have merit and justify that violations of The Fair Labor Standards Act, 29 U.S.C. §201 *et seq*, the applicable Department of Labor Regulations, 29 C.F.R. 541.3, *et seq,*. and the Delaware Wage Payment and Collection Act, Title 19 of the Delaware Code, Chapter 11 have occurred.

## CONCLUSION

Based on the foregoing facts and legal authority, Plaintiffs respectfully request that this Honorable Court grant their Motion for Summary Judgment against Defendants Mountaire Farms, Inc., Mountaire Farms of Delmarva, Inc., and Mountaire Farms of Delaware, Inc.

Respectfully submitted,

MARGOLIS EDELSTEIN

*/s/ Keri L. Morris*
Jeffrey K. Martin, Esquire (#2407)
Keri L. Morris, Esquire (#4656)
1509 Gilpin Avenue
Wilmington, Delaware 19806
(302) 777-4680
*Attorneys for Plaintiffs*

Dated: May 2, 2005