**21**

No. 62                          WHM 97:1501

# White-Collar Employee Regulations
## (Prior to Aug. 23, 2004)

*Text of regulations at 29 C.F.R. Part 541 that prior to Aug. 23, 2004, governed the exemption from FLSA overtime requirements for executive, administrative, and professional employees. The text below appears as last amended by 57 Fed. Reg. 46,744, Oct. 9, 1992. For the text of revised regulations issued April 23, 2004 (effective Aug. 23, 2004), see the preceding chapter.*

**29 C.F.R. Part 541—Defining and Delimiting the Terms "Any Employee Employed in a Bona Fide Executive, Administrative, or Professional Capacity (Including Any Employee Employed in the Capacity of Academic Administrative Personnel or Teacher in Elementary or Secondary Schools), or in the Capacity of Outside Salesman"**

### Subpart A—General Regulations

Sec.
- 541.0 Terms used in regulations
- 541.1 Executive
- 541.2 Administrative
- 541.3 Professional
- 541.5 Outside salesman
- 541.5(a) Special provision for motion picture producing industry
- 541.5(b) Equal pay provisions of section 6(d) of the act apply to executive, administrative, and professional employees, and to outside salesmen
- 541.5(c) Removed
- 541.5(d) Special provisions applicable to employees of public agencies
- 541.6 Petition for amendment of regulations
- 541.52 Special provision for motion picture producing industry

### Subpart B—Interpretations
- 541.99 Introductory statement

#### Employee Employed in a Bona Fide Executive Capacity
- 541.101 General
- 541.102 Management
- 541.103 Primary duty
- 541.104 Department or subdivision
- 541.105 Two or more other employees
- 541.106 Authority to hire or fire
- 541.107 Discretionary powers
- 541.108 Work directly and closely related
- 541.109 Emergencies
- 541.110 Occasional tasks
- 541.111 Nonexempt work generally
- 541.112 Percentage limitations on nonexempt work
- 541.113 Sole-charge exception
- 541.114 Exception for owners of 20-percent interest
- 541.115 Working foremen
- 541.116 Trainees, executive
- 541.117 Amount of salary required
- 541.118 Salary basis
- 541.119 Special proviso for high salaried executives

#### Employee Employed in a Bona Fide Administrative Capacity
- 541.201 Types of administrative employees
- 541.202 Categories of work
- 541.203 Nonmanual work
- 541.205 Directly related to management policies or general business operations
- 541.206 Primary duty
- 541.207 Discretion and independent judgment
- 541.208 Directly and closely related
- 541.209 Percentage limitations on nonexempt work
- 541.210 Trainees, administrative
- 541.211 Amount of salary or fees required
- 541.212 Salary basis
- 541.213 Fee basis
- 541.214 Special proviso for high salaried administrative employees
- 541.215 Elementary or secondary schools and other educational establishments and institutions

#### Employee Employed in a Bona Fide Professional Capacity
- 541.300 General
- 541.301 Learned professions
- 541.302 Artistic professions
- 541.303 Computer related occupations under Public Law 101-583
- 541.304 Primary duty
- 541.305 Discretion and judgment
- 541.306 Predominantly intellectual and varied
- 541.307 Essential part of and necessarily incident to
- 541.308 Nonexempt work generally
- 541.309 20-percent nonexempt work limitation
- 541.310 Trainees, professional
- 541.311 Amount of salary or fees required
- 541.312 Salary basis
- 541.313 Fee basis
- 541.314 Exception for physicians, lawyers, and teachers
- 541.315 Special proviso for high salaried professional employees

8-23-04      Copyright © 2004 by The Bureau of National Affairs, Inc.
ISSN 1043-56890

A000365.1

(f) Who is compensated for his services on a salary basis at a rate of not less than $225 per week beginning February 13, 1981 and $250 per week beginning February 13, 1983 (or $180 per week beginning February 13, 1981 and $200 per week beginning February 13, 1983. If employed by other than the Federal Government in Puerto Rico, the Virgin Islands, or American Samoa), exclusive of board, lodging, or other facilities: *Provided*, That an employee who is compensated on a salary basis at a rate of not less than $320 per week beginning February 13, 1981 and $345 per week beginning February 13, 1983 (or $260 per week beginning February 13, 1981 and $285 per week beginning February 13, 1983, if employed by other than the Federal Government in Puerto Rico, the Virgin Islands or American Samoa), exclusive of board, lodging, or other facilities, and whose primary duty consists of the management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof, and includes the customary and regular direction of the work of two or more other employees therein, shall be deemed to meet all the requirements of this section.]

### Sec. 541.2 Administrative.

The term *employee employed in a bona fide ... administrative ... capacity* in section 13(a)(1) of the Act shall mean any employee:

(a) Whose primary duty consists of either:

(1) The performance of office or nonmanual work directly related to management policies or general business operations of his employer or his employer's customers, or

(2) The performance of functions in the administration of a school system, or educational establishment or institution, or of a department or subdivision thereof, in work directly related to the academic instruction or training carried on therein; and

(b) Who customarily and regularly exercises discretion and independent judgment; and

(c)(1) Who regularly and directly assists a proprietor, or an employee employed in a bona fide executive or administrative capacity (as such terms are defined in the regulations of this subpart), or

(2) Who performs under only general supervision work along specialized or technical lines requiring special training, experience, or knowledge, or

(3) Who executes under only general supervision special assignments and tasks; and

(d) Who does not devote more than 20 percent, or, in the case of an employee of a retail or service establishment who does not devote as much as 40 percent, of his hours worked in the workweek to activities which are not directly and closely related to the performance of the work described in paragraphs (a) through (c) of this section; and

(e)(1) Who is compensated for his services on a salary or fee basis at a rate of not less than $155 per week ($130 per week, if employed by other than the Federal Government in Puerto Rico, the Virgin Islands, or American Samoa), exclusive of board, lodging, or other facilities, or

(2) Who, in the case of academic administrative personnel, is compensated for services as required by paragraph (e)(1) of this section, or on a salary basis which is at least equal to the entrance salary for teachers in the school system, educational establishment, or institution by which employed: *Provided*, That an employee who is compensated on a salary or fee basis at a rate of not less than $250 per week ($200 per week if employed by other than the Federal Government in Puerto Rico, the Virgin Islands, or American Samoa), exclusive of board, lodging, or other facilities, and whose primary duty consists of the performance of work described in paragraph (a) of this section, which includes work requiring the exercise of discretion and independent judgment, shall be deemed to meet all the requirements of this section.

[38 FR 11390, May 7, 1973, as amended at 40 FR 7092, Feb. 19, 1975]

[*Editor's note:* Paragraph (e) in § 541.2 was revised at 46 Fed. Reg. 3013, Jan. 13,

changes desired and the reasons for proposing them. If, upon inspection of the petition, the administrator believes that reasonable cause for amendment of the regulations is set forth, the Administrator will either schedule a hearing with due notice to interested parties, or will make other provision for affording interested parties an opportunity to present their views, either in support of or in opposition to the proposed changes. In determining such future regulations, separate treatment for different industries and for different classes of employees may be given consideration.

### Sec. 541.52 Special provision for motion picture producing industry.

The requirements of §§541.1, 541.2, and 541.3 that the employee be paid "on a salary basis" shall not apply to an employee in the motion picture producing industry who is compensated at a base rate of at least $250 a week (exclusive of board, lodging, or other facilities).

[40 FR 7092, Feb. 19, 1975]

[*Editor's note*: Section 541.52 was removed at 46 FR 3014, Jan. 13, 1981. The effective date of this removal was postponed indefinitely on February 12, 1981, at 46 FR 11972. The text of §541.52 set forth above remains in effect pending further action by the issuing agency.]

### Subpart B—Interpretations
### Sec. 541.99 Introductory statement.

(a) Section 13(a)(1) of the Fair Labor Standards Act, as amended, exempts from the wage and hour provisions of the act "any employee employed in a bona fide executive, administrative, or professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools), or in the capacity of outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of the Administrative Procedure Act, except that an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of executive or administrative activities, if less than 40 percent of his hours worked in the workweek are devoted to such activities)." The requirements of the exemption under this section of the act are contained in subpart A of this part.

### Employee Employed in a Bona Fide Executive Capacity
### Sec. 541.101 General.

The duties and responsibilities of an exempt executive employee are described in paragraphs (a) through (d) of §541.1. Paragraph (e) of §541.1 contains among other things, percentage limitations on the amount of time which an employee may devote to activities "which are not directly and closely related to the performance of the work described in paragraphs (a) through (d)" of that section. For convenience in discussion, the work described in paragraphs (a) through (d) of §541.1 and the activities directly and closely related to such work will be referred to as "exempt" work, while other activities will be referred to as "nonexempt" work.

### Sec. 541.102 Management.

(a) In the usual situation the determination of whether a particular kind of work is exempt or nonexempt in nature is not difficult. In the vast majority of cases the bona fide executive employee performs managerial and supervisory functions which are easily recognized as within the scope of the exemption.

(b) For example, it is generally clear that work such as the following is exempt work when it is performed by an employee in the management of his department or the supervision of the employees under him: Interviewing, selecting, and training of employees; setting

**WHM 97:1508   TEXT OF RULES AND REGULATIONS**

and adjusting their rates of pay and hours of work; directing their work; maintaining their production or sales records for use in supervision or control; appraising their productivity and efficiency for the purpose of recommending promotions or other changes in their status; handling their complaints and grievances and disciplining them when necessary; planning the work; determining the techniques to be used; apportioning the work among the workers; determining the type of materials, supplies, machinery or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety of the men and the property.

**Sec. 541.103 Primary duty.**

A determination of whether an employee has management as his primary duty must be based on all the facts in a particular case. The amount of time spent in the performance of the managerial duties is a useful guide in determining whether management is the primary duty of an employee. In the ordinary case it may be taken as a good rule of thumb that primary duty means the major part, or over 50 percent, of the employee's time. Thus, an employee who spends over 50 percent of his time in management would have management as his primary duty. Time alone, however, is not the sole test, and in situations where the employee does not spend over 50 percent of his time in managerial duties, he might nevertheless have management as his primary duty if the other pertinent factors support such a conclusion. Some of these pertinent factors are the relative importance of the managerial duties as compared with other types of duties, the frequency with which the employee exercises discretionary powers, his relative freedom from supervision, and the relationship between his salary and the wages paid other employees for the kind of nonexempt work performed by the supervisor. For example, in some departments, or subdivisions of an establishment, an employee has broad responsibilities similar to those of the owner or manager of the establishment, but generally spends more than 50 percent of his time in production or sales work. While engaged in such work he supervises other employees, directs the work of warehouse and delivery men, approves advertising, orders merchandise, handles customer complaints, authorizes payment of bills, or performs other management duties as the day-to-day operations require. He will be considered to have management as his primary duty. In the data processing field an employee who directs the day-to-day activities of a single group of programers and who performs the more complex or responsible jobs in programing will be considered to have management as his primary duty.

**Sec. 541.104 Department or subdivision.**

(a) In order to qualify under §541.1, the employee's managerial duties must be performed with respect to the enterprise in which he is employed or a customarily recognized department or subdivision thereof. The phrase "a customarily recognized department or subdivision" is intended to distinguish between a mere collection of men assigned from time to time to a specific job or series of jobs and a unit with permanent status and function. In order properly to classify an individual as an executive he must be more than merely a supervisor of two or more employees; nor is it sufficient that he merely participates in the management of the unit. He must be in charge of and have as his primary duty the management of a recognized unit which has a continuing function.

(b) In the vast majority of cases there is no difficulty in determining whether an individual is in charge of a customari-