IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIE DAVIS, JR., <br> NATHANIEL BRIDDELL, <br> JOSEPH GARRISON, <br> LARRY E. GIBBS, <br> ROY H. WALTERS, <br><br> ALL SIMILARLY-SITUATED CURRENT <br> AND FORMER EMLOYEES OF <br> MOUNTAIRE FARMS, INC., <br> MOUNTAIRE FARMS OF <br> DELMARVA, INC., and MOUNTAIRE <br> FARMS    OF DELAWARE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MOUNTAIRE FARMS, INC., <br> MOUNTAIRE FARMS OF <br> DELMARVA, INC., and <br> MOUNTAIRE FARMS OF <br> DELAWARE, INC., all Delaware corporations, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. NO. 04-0414-KAJ <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) COLLECTIVE ACTION <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

---

### PLAINTIFFS' REPLY BRIEF TO
### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

MARGOLIS EDELSTEIN
Jeffrey K. Martin, Esquire (#2407)
Keri L. Morris, Esquire (#4656)
1509 Gilpin Avenue
Wilmington, Delaware 19806
302-777-4680
Attorneys for Plaintiffs

Dated: May 31, 2005

# TABLE OF CONTENTS

| Document | Page No. |
|---|---|
| TABLE OF CASES | iii |
| NATURE AND STAGE OF PROCEEDINGS | 1 |
| SUMMARY OF ARGUMENT | 3 |
| STATEMENT OF MATERIAL FACTS | 4 |
| ARGUMENT | 5 |
|     A.    STANDARDS FOR SUMMARY JUDGMENT | 5 |
| CONCLUSION | 6 |

# TABLE OF CASES

| Case Name | Page No. |
|---|---|
| Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) | 5 |
| Horowitz v. Fed. Kemper Life Assurance Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995) | 5 |
| Idaho Sheet Metal Works, Inc. v. Wirtz, 383 U.S. 190, 86 S. Ct. 737, 15 L.Ed.2d 694 (1966) | 6 |
| Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n.10, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986) | 5 |
| Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995) | 5 |

**Statutes & Regulations**

| | |
|---|---|
| Delaware Wage Payment and Collection Act, 19 Del. C. §§ 1103(b) | 1 |
| Fair Labor Standards Act, 29 U.S.C. § 201 et seq. | 1 |
| Fair Labor Standards Act, 29 U.S.C. §213(a) | 3 |
| Fair Labor Standards Act, 29 U.S.C. §213(a)(1) | 1 |
| 29 C.F.R. § 541.103 et seq. | 1 |

**Rules**

| | |
|---|---|
| Fed. R. Civ. P. 56(c) | 5 |

## NATURE AND STAGE OF PROCEEDINGS

On June 18, 2004, Willie Davis, Jr., Nathaniel Briddell, Joseph Garrison, Larry E. Gibbs, and Roy H. Walters (hereinafter "Plaintiffs"), filed a three-count Complaint against Defendants Mountaire Farms, Inc., Mountaire Farms of Delmarva, Inc., and Mountaire Farms of Delaware, Inc. (hereinafter collectively referred to as "Defendant"), alleging claims for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (hereinafter "FLSA"), as well as the applicable United States Department of Labor Regulations, including 29 C.F.R. § 541.103 *et seq.*[1], and the Delaware Wage Payment and Collection Act, 19 Del. C. § 1101 *et seq.* Plaintiffs claim they are entitled to overtime compensation for hours each of them worked in excess of forty (40) hours per week during their employment with Defendant as crew leaders. Plaintiffs also seek attorneys' fees and costs, as well as liquidated damages.

Plaintiffs seek summary judgment on their FLSA claim on the basis that Plaintiffs were not exempt from the overtime compensation requirement because they were not employed in a bona fide executive capacity pursuant to 29 U.S.C. §213(a)(1). Plaintiffs were not employed in an executive capacity because their suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change in status of other employees were not given particular weight.

Plaintiffs also seek summary judgment on their claim under the Delaware Wage Payment and Collection Act. Since Plaintiffs were not employed in a bona fide executive capacity, they were, in fact, entitled to overtime compensation, which they did not receive. Therefore, Plaintiffs did not receive all the wages they were due.

---

[1] On April 20, 2004, the U.S. Department of Labor proposed regulations redefining some of the exemptions for executive employees. The proposed regulations took effect on August 23, 2004. Plaintiffs' suit was initiated on June 18, 2004. Any references to the FLSA's regulations in this Brief refer to the regulations in effect when Plaintiffs filed suit.

1

2

Finally, Plaintiffs seek summary judgment on their retaliation claim under the FLSA. Plaintiffs engaged in protected activity under the FLSA, of which Defendant was made aware; Plaintiffs were then subjected to an adverse employment action, to wit, intimidation in the form of threats to their employment, which occurred contemporaneous to the protected activity.

On or around May 2, 2005, both parties filed cross-motions for summary judgment.[2] On May 23, 2005, both parties filed their respective Answering Briefs.[3] This is Plaintiffs' Reply Brief in Support of their Motion for Summary Judgment.

---

[2] Plaintiffs' Opening Brief in Support of their Motion for Summary Judgment is incorporated herein by reference.
[3] Plaintiffs' Answering Brief in Opposition of Defendant's Motion for Summary Judgment is incorporated herein by reference.

2

## SUMMARY OF ARGUMENT

The evidence in the record establishes that Plaintiffs' duties as Crew Leaders meet some of the criteria for the "executive exemption" under the FLSA, 29 U.S.C. § 213(a). However, not all of the criteria is met, which is fatal to Defendant's claim that Plaintiffs were exempt employees under the FLSA. As a result of this failure, Plaintiffs cannot be deemed exempt employees and are therefore entitled to compensation for which they were not paid.

Accordingly, for all the reasons set forth below, and for the reasons in Plaintiffs' Motion for Summary Judgment, Plaintiffs respectfully request that Defendant's Motion for Summary Judgment be denied and summary judgment be granted in Plaintiffs' favor. In the alternative, however, Plaintiffs respectfully request that both Motions for Summary Judgment be denied, since the record has established a genuine issue of material fact of whether Plaintiffs' suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change in status of employees were given particular weight. This determination should be left for the trier of fact.

## STATEMENT OF MATERIAL FACTS

Plaintiffs incorporate by reference the detailed statement of facts contained in their Opening Brief in Support of their Motion for Summary Judgment filed on May 2, 2005 and their Answering Brief in Opposition to Defendant's Motion for Summary Judgment filed on May 23, 2005.

## **ARGUMENT**

A. **STANDARDS FOR SUMMARY JUDGMENT**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered" where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome under the governing substantive law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). A dispute over a material fact must be "genuine", i.e., the evidence is such "that a reasonable jury could return a verdict in favor of the non-moving party." Id. "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." Horowitz v. Fed. Kemper Life Assurance Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995).

To survive a motion for summary judgment, Defendant "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n.10, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

In the present matter, the current record which includes the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits establish that Plaintiffs' job duties and responsibilities do not meet all of the requirements of the executive employees exemption pursuant to the FLSA. Therefore, Plaintiffs are entitled to summary

5

judgment as a matter of law. Furthermore, Defendant has the burden of proof to establish the exemption applies to its employees. Idaho Sheet Metal Works, Inc. v. Wirtz, 383 U.S. 190, 86 S. Ct. 737, 15 L.Ed.2d 694 (1966). Defendant has failed to satisfy its burden. Alternatively, however, Plaintiffs believe that the determination of whether they have/had the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees were given particular weight is for the trier of fact and should not be decided on a Motion for Summary Judgment.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Honorable Court to deny Defendant's Motion for Summary Judgment.

Respectfully submitted,

MARGOLIS EDELSTEIN

_/s/ Keri L. Morris_
Jeffrey K. Martin, Esquire (DE #2407)
Keri L. Morris, Esquire (DE #4656)
1509 Gilpin Avenue
Wilmington, DE 19806
(302) 777-4680
Attorneys for Plaintiffs

Dated: May 31, 2005