UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIE DAVIS, JR., *et al.*, | * | |
| | * | |
| Plaintiff, | * | Civil Action No. 04-414 - KAJ |
| v. | * | |
| | * | |
| MOUNTAIRE FARMS, INC., *et al.* | * | |
| | * | |
| Defendants. | * | |

# DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
# MOTION FOR SUMMARY JUDGMENT

Matthew F. Boyer (Del. Bar No. 2564)
CONNOLLY BOVE LODGE & HUTZ, LLP
The Nemours Building
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE  19899
(302) 884-6585

Arthur M. Brewer (admitted *Pro Hac Vice*)
Laura A. Pierson Scheinberg
SHAWE & ROSENTHAL, LLP
Sun Life Building, 11th Floor
20 S. Charles Street
Baltimore, MD  21201
Telephone: (410) 752-1040
Facsimile: (410) 752-8861

DATED: May 31, 2005

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES .................................................................................................. ii

INTRODUCTION ....................................................................................................................1

    A. Based on the Record Evidence, There Are No Material Facts In Dispute ...............2

        1. Crew Leaders Have the Authority to Effectively Recommend Hiring and Firing of Employees........................................................................................2

        2. Crew Leaders Exhibit Other Supervisory Authority and Discretion .................4

    B. Plaintiff's Have Failed to Present Any Legal Authority to Support Their Allegations ........................................................................................................6

        1. The Crew Leaders Are Executive Employees Under the FLSA........................6

    C. Plaintiffs Had the Authority to Effectively Recommend The Hiring and Firing of Employees........................................................................................9

    D. Plaintiffs Fail to State A Claim Under the Delaware Wage Payment and Collection Act ...................................................................................................10

    E. Plaintiffs Fail to Establish They Were Retaliated Against .....................................10

CONCLUSION........................................................................................................................11

# TABLE OF AUTHORITIES

**CASES**                                                                                                             **PAGE**

*DiGregorio v. Temple University*
    1983 U.S. Dist. LEXIS 13243 (E.D. Pa September 3, 1983) ..........................................7

*Fuentes v. Perskie*
    32 F.3d 759 (3rd Cir. 1994) ........................................................................................11

*Jalil v. Ardel Corp.*
    873 F.2d 701 (3rd Cir. 1989) ......................................................................................11

**STATUTES**

29 U.S.C. §§ 207 ..............................................................................................................1

29 U.S.C. §§ 215 ..............................................................................................................1

19 Del. C. §§ 1102 ...........................................................................................................1

## INTRODUCTION

Defendants Mountaire Farms Inc., Mountaire Farms of Delmarva Inc., and Mountaire Farms of Delaware Inc. (hereinafter collectively referred to as "Mountaire") hereby file their Reply Brief in Support of Their Motion for Summary Judgment.

Plaintiffs filed a three count Complaint against Mountaire alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 207 and 215(a)(2) and the Delaware Wage Payment and Collection Act (Wage Act), 19 Del. C. § 1102(b)(1). The Plaintiffs claim that Mountaire failed to pay them overtime while they were employed as Crew Leaders. Plaintiffs also allege retaliation for filing this lawsuit. The Parties filed cross-motions for Summary Judgment and Answering Briefs.

As discussed in Defendants' Opening Brief in Support of Their Motion for Summary Judgment (D.I. 46) and in Defendants' Answering Brief in Opposition to Plaintiffs' Motion for Summary Judgment (D.I. 49)[1], and as discussed more fully below, the Crew Leaders are executive employees within the meaning of the FLSA. Thus they have no claim for overtime pay under either the FLSA or the Wage Act. Additionally, the Plaintiffs have failed to offer any evidence of retaliation.

Mountaire has previously discussed the elements of each claim to show that even accepting all of the Plaintiffs' factual allegations as true, they have failed to state a claim upon which relief can be granted. Plaintiffs' Answering Brief does not warrant a different outcome.

---

[1] Mountaire's arguments are set forth more fully in Defendants' Opening Brief in Support of Their Motion for Summary Judgment and in Defendants' Answering Brief in Opposition to Plaintiffs' Motion for Summary Judgment and are incorporated herein by reference.

1

A.   **Based on the Record Evidence, There Are No Material Facts In Dispute.**

Plaintiffs' Answering Brief is deficient in several ways. Plaintiffs misstate the record in several instances and fail to focus on the material facts. Most telling, Plaintiffs fail to substantively address their causes of action and fail to engage in any legal analysis to rebut the arguments set forth in Mountaire's Motion for Summary Judgment. Taken all together, Plaintiffs' opposition is void of any relevant factual or legal argument that can create a basis for Plaintiffs to sustain their claims against Mountaire.

It is unwieldy and duplicative to go through each of Plaintiffs' factual misstatements; rather, the most egregious examples are set out below.

1.   **Crew Leaders Have the Authority to Effectively Recommend Hiring and Firing of Employees**

As in Plaintiffs' Motion for Summary Judgment, Plaintiffs response to Defendants' Motion for Summary Judgment focuses on the alleged lack of authority to hire and fire employees. In fact, Plaintiffs state that, "Plaintiffs had no power to hire or fire employees." Plaintiffs' Answering Brief (D.I. 51) p. 5.

Despite Plaintiffs' attempts to minimize their role in the recruiting, hiring, and staffing of their Crews and in disciplining and terminating employees, as discussed more fully in Defendants' Opening Brief in Support of Their Motion for Summary Judgment (D.I. 46) and in Defendants' Answering Brief in Opposition to Plaintiffs' Motion for Summary Judgment (D.I. 49), the undisputed record evidence establishes that the Crew Leaders regularly exercised this authority.

With respect to the authority to hire, Mountaire does not recruit catchers; it is the responsibility of the Crew Leaders to staff and maintain full crews as confirmed by the deposition testimonies of Plaintiffs. Garrison Depo/A00395; Lynch Depo/A00838-

2

A00839. This includes recruiting Catchers and recommending that they be hired by the Company. Garrison Depo/A00395-A00397; Lynch Depo/A00837; Briddell Depo/A00557. Messrs. Lynch and Nuse are not involved with the selection and/or hiring of Catchers. Lynch Depo/A00841.

Thus, Plaintiffs' assertion that the Crew Leaders do not have any control over the placement of the Crew, and that the only input a Crew Leader has is to tell an individual or individuals who are interested in employment with Mountaire, to contact Mountaire's plant or management personnel, is not supported by the record. Plaintiffs' Answering Brief (D.I. 51) p. 5. While the recruitment and hiring process may be informal, it remains the responsibility of the Crew Leader.

With respect to Plaintiffs' assertion that they were not required to interview the potential employee, or review the Catcher's application or paperwork that was submitted to Mountaire, the evidence establishes that such interviews and review of paperwork did not take place. Once a Crew Leader finds a Catcher that he wants to hire, this individual is sent to the Medical Department at the Selbyville plant for drug testing, TB testing, and for the completion of a standard medical questionnaire and if the potential Catcher successfully completes these tests and has valid identification, he is hired. Thus, there is no interview, application or paperwork to be reviewed. The only exception where an individual would not be hired per the Crew Leader's recommendation is if the individual worked for Mountaire in the past and did not have a good work record. In that circumstance, the Company may decline the Crew Leader's recommendation. Garrison Depo/A00395-A00397; Lynch Depo/A00838, A00841, A00844-A00845.

3

With respect to the allegation that the Crew Leaders did not have the authority to discipline or terminate members of their Crew, that too is contrary to the deposition testimonies of the Plaintiffs. The evidence demonstrates that Crew Leaders have the authority to discipline their Crew and can effectively recommend termination of a Crew member. Garrison Depo/A00410-A00417, Garrison Depo. Ex. 5/A00177-A00182; Walters Depo/A00693, A00726, A00752; Briddell Depo/00585, A00610; Gibbs Depo/A00510; Lynch Depo/A00852. Crew Leaders have issued and signed written disciplinary warnings. Examples in the record are from Plaintiff Garrison (7 warnings) and Plaintiff Walters (6 warnings). Garrison Depo. Ex 5/A00177-A00182; Walters Depo/A00752-A00756, Walters Depo. Ex. 2/A00270-A00275. Plaintiff Joe Garrison recommended the termination of Catcher Clarence Heath, and Heath was terminated. Lynch Depo/A00846-A00847. Plaintiff Briddell recommended the termination of Catcher Charles Hitchens, and Hitchens was terminated. Lynch Depo/A00847-A00849; Briddell Depo/A00614.

Thus, the Plaintiffs' assertion that they "simply complete the paperwork" is disingenuous. There is no evidence that anyone else was involved in the disciplining of the Catchers. Mr. Garrison's testimony that he did not circle the level of discipline on the form is only evidence that he did not recall what stage the particular employee was in the disciplinary process, nothing more.

### 2. Crew Leaders Exhibit Other Supervisory Authority and Discretion

Plaintiffs also attempt to minimize their role in directing the work of their Crew. The undisputed facts demonstrate that the Crew Leaders were the sole management representatives on the farm. The deposition testimony of the Plaintiffs also establishes

4

that their general job duties are described in the Live Haul Guidelines.  Plaintiffs' assertion that "even though each Plaintiff confirmed these were their general duties, [referring to the Live Haul Guidelines] if there is to be serious deviation from the Guidelines, the crew leader must contact his supervisor," is directly contradicted by the Plaintiffs' deposition testimonies.  Specifically, Plaintiff Walters made repeated comments when reviewing the Guidelines that it could not always be done the way it was described in the Guidelines and admitted repeatedly that it was within his discretion to deviate from these procedures when he deemed it necessary.  Walters Depo/A00700-A00705.  This was confirmed by Plaintiff Briddell and Plaintiff Gibbs.  Briddell Depo/A00559-A00566; Gibbs Depo/A00493.

Similarly, the Plaintiffs tried to minimize their authority in the event that a Crew Member is injured, stating that they must follow Company policy.  Plaintiffs' Answering Brief (D.I. 51) p. 6.  It is established, however, that the Company's policy is that the Crew Leaders have the discretion to handle the situation.  Garrison Depo/A00408; Walters Depo/A00750; Briddell Depo/A00611.  The Crew Leaders testified that they assess the severity of the Crew member's injury and decide whether to send him back to the plant with the Live Haul Driver to see the Mountaire nurse, whether to take him to the hospital, whether to send him home for the day, or whether to call an ambulance.  Garrison Depo. A00408; Walters Depo/A00750; Briddell Depo/A00611.

The Crew Leaders also play down the significance of their completion of Management Paperwork.  The Crew Leader is responsible for completing the Farm Ticket, which identifies areas of concern on a farm that the Crew Leader feels should be addressed.  Garrison Depo/A00378, Garrison Depo. Ex 1/A00888; Walters Depo/

5

A00706-A00720; Briddell Depo/A00567-A0079; Gibbs Depo/A00478-A00487; Davis Depo/A00812; Feddiman Depo/A00645-A00655; Gibbs Depo/A00488. The Crew Leader is also responsible for completing Time Off Request Forms and time reports for his Crew and is ultimately responsible for their accuracy. Lynch Depo/A00880. The Plaintiffs' failure to address these documents is telling.

Similarly, with respect to the assertion that Plaintiffs do not address grievances pursuant to Article 10, Section 1 of the Collective Bargaining Agreement, Plaintiff Walters testified that some of his Catchers were not getting along and he sat down with them and had a discussion with them about their "attitudes." Walters Depo/A00773-A00774. Thus, the Plaintiffs' bald assertion that the record does not support the contention that the Crew Leaders would investigate the grievances or do the homework behind the grievance is unsupported.

Plaintiffs have also failed to substantively address Mountaire's extensive discussion regarding the Crew Leaders' exercise of discretion and supervisory authority as well as the various allegations in Plaintiffs' Complaint. This failure constitutes an admission that those issues are not in dispute.

With respect to Plaintiffs' retaliation claim, Plaintiffs only discuss the Final Warning issued to all Crew Leaders (only three of the eight Crew Leaders were Plaintiffs). Thus, the fact that Plaintiffs failed to address their other retaliation allegations should serve as an admission that these allegations are no longer at issue in this suit.

**B.    Plaintiffs Have Failed to Present Any Legal Authority to Support Their Allegations**

    **1.    The Crew Leaders Are Executive Employees Under the FLSA**

Contrary to Plaintiffs' assertions, they have not presented evidence sufficient to avoid summary judgment. Specifically, they are unable to show that the Crew Leaders performed work for which they were not properly compensated, because the Crew Leaders are executive employees exempt from the overtime requirements of the FLSA.

Plaintiffs argue that Mountaire has failed to show that the Plaintiffs' primary duty was management (Plaintiffs' Answering Brief (D.I. 51) pp. 14-15) and that Plaintiffs' suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change in status of employees were not given particular weight (*Id.* pp. 15-17). As discussed below, Plaintiffs fail to support these assertions and the Crew Leaders satisfy the requisite elements of the Executive exemption.

As an initial matter, in Plaintiffs' Opening Brief in Support of Their Motion for Summary Judgment, they concede that Plaintiffs' primary duty was management and that the only remaining issue was whether the Crew Leaders' had the requisite hiring and firing authority. Plaintiffs' Opening Brief (D.I. 42) p. 11. Thus, this point should not be in dispute.

Even if the Plaintiffs are not precluded from making this argument based on their prior concession, the Plaintiffs fail to offer any legal support for this bald assertion. The Plaintiffs did not address Mountaire's extensive legal discussion on this point but merely cite to an unreported opinion, *DiGregorio v. Temple University*, 1983 U.S. Dist. LEXIS 13243 (E.D. Pa. September 3, 1983) (D.I. 51, Ex. A). In *DiGregorio* the court found that the plaintiff's non management duties were of more value than the minor management functions he performed. When comparing this to the Crew Leaders, the Crew Leader's management functions far outweigh their non management duties in both the time spent

and their relative value. The plaintiff in *DiGregorio*, unlike the Crew Leaders, had no authority to hire or fire, could not grant sick or vacation time, could not authorize overtime, and essentially performed the same duties as the individuals he supervised. Thus, *DiGregorio* is distinguishable from the instant case and should not be relied upon by this Court.

As discussed at length in Defendants' Opening Brief in Support of Their Motion for Summary Judgment, Plaintiffs' primary duty is management. See Defendants' Opening Brief (D.I. 46) pp. 34-48. To briefly summarize, a review of the (1) relative importance of exempt duties of Crew Leaders as compared with other types of duties; (2) the amount of time spent performing exempt work and frequency with which Crew Leaders exercise discretion; (3) the Crew Leaders' freedom from direct supervision; and (4) the relationship between the Crew Leaders' salary and the wages paid to their Crews demonstrates that the Crew Leaders' primary duty is management.

In looking at the relative importance of each Crew Leader's managerial duties as compared with other duties, the record evidence supports a finding that the Crew Leaders have satisfied the first factor. It is undisputed that the Crew Leaders directed the work of eight (8) to nine (9) workers on a regular basis while on the Farms. They are the only supervisors present on the Farms and are the primary contact with the Grower. When analyzing the amount of time spent by the Crew Leaders performing exempt work and the frequency with which the employees exercise discretion (the second factor), the evidence supports that Plaintiffs spent a substantial amount of their work time on exempt tasks such as recruiting, hiring, staffing, and training their crew; directing their work and exercising their discretion in each step of the chicken catching process; ensuring the

safety of the Crew and the Grower's property; maintaining management records for use in supervision; appraising their employees' productivity and efficiency for the purpose of recommending promotions; handling their complaints and grievances, disciplining them when necessary up to, and including, termination; planning their employees' work; determining the techniques to be used; apportioning the work among the workers; determining the type of materials, supplies, machinery or tools to be used; and approving time off. The Crew Leaders also frequently exercise discretionary powers in performing the managerial duties and responsibilities described above.

With respect to the third factor, the Crew Leaders are free from supervision out on the Farms and the Crew Leaders are "in charge" of the Crew. Finally, in support of the fourth factor, the Crew Leaders receive salaries in excess of other managers at the Company and substantially more than the Crew members. The Crew Leaders also receive several additional benefits which the Crews do not, such as two (2) bonuses and paid sick time. Thus, this factor weighs in favor of the Crew Leaders' exempt status. In sum, the Crew Leaders' "primary duty is management."

Plaintiffs also fail to address or explain the Crew Leaders' self assessments which contain admissions, in Plaintiffs' own words, that they, in fact, view themselves as supervisors. This omission speaks for itself.

C.   **Plaintiffs Had the Authority to Effectively Recommend The Hiring and Firing of Employees**

Plaintiffs assert in both their Answering Brief (D.I. 51 pp. 15-17) and in Plaintiffs' Opening Brief In Support of Their Motion for Summary Judgment (D.I. 42 pp. 11-14) that Plaintiffs do not have the authority to hire or fire employees. Plaintiffs make this assertion without reference to case law and without explaining the contrary

9

deposition testimonies of the Plaintiffs cited by the Defendants. As discussed at length in Defendants' Opening Brief (D.I. 46 pp. 6-8) (authority to hire) and pp. 18-19 (authority to fire) and Defendants' Answering Brief in Opposition to Plaintiffs' Motion for Summary Judgment (D.I. 49 pp. 6-8)), Plaintiffs' assertion is not supported by the record. Instead of restating its arguments, Mountaire incorporates them by reference to its Opening Brief and Answering Brief in Opposition to Plaintiffs' Motion for Summary Judgment.

D.  **Plaintiffs Fail to State A Claim Under the Delaware Wage Payment and Collection Act**

Plaintiffs similarly fail to offer any legal support to their assertion that are entitled to recover under the Delaware Wage Payment and Collection Act or refute Mountaire's argument that the Wage Act creates no independent right to overtime. Thus, Plaintiffs have failed to establish their Wage Act claim as a matter of law.

E.  **Plaintiffs Fail to Establish They Were Retaliated Against**

As discussed above, the Plaintiffs rely solely on the Crew Leaders' Final Warning as their sole basis for their retaliation claim. As discussed more fully in Defendants' Opening Brief (D.I. 46 pp. 51-55), even when viewing the facts most favorable to the Plaintiffs, there is no evidence of an adverse employment action because the Final Warning did not have a material adverse effect on the Plaintiffs' terms and conditions of employment. The case law cited by Plaintiffs is not analogous to this case and does not compel a different outcome.

The record shows that Mountaire was a defendant in a collective action involving overtime pay for Catchers in 2002. The case was settled and all eight (8) of the Crew Leaders (only three (3) of whom are Plaintiffs) were instructed to provide their Crews

with a thirty (30) minute unpaid lunch break. Owen Depo/A00676. The three (3) Plaintiffs employed as Crew Leaders at the time that the Final Warning was issued acknowledged that they were aware of the Catchers lawsuit and admitted that the purpose of the Final Warning was to make sure that all Crew Leaders were giving their Crews their lunch break. These facts, in addition to those set out in the record, demonstrate that the Plaintiffs have failed to meet the hurdles articulated by the Third Circuit in *Jalil v. Ardel Corp.*, 873 F.2d 701, 708 (3d Cir. 1989) and Plaintiffs have failed to offer any evidence from which a factfinder could either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Fuentes v. Perskie,* 32 F.3d 759, 764 (3d Cir.1994). Thus, Plaintiffs' retaliation claim must fail.

## CONCLUSION

Based on the foregoing and the factual and legal arguments set forth in Defendants' Opening Brief in Support of Their Motion for Summary Judgment and Defendants' Answering Brief in Opposition to Plaintiffs' Motion for Summary Judgment, Mountaire respectfully requests that its Motion for Summary Judgment be granted in full and that the Plaintiffs' Motion for Summary Judgment be denied in its entirety.

_____
Matthew F. Boyer (Del. Bar No. 2564)
CONNOLLY BOVE LODGE & HUTZ, LLP
The Nemours Building
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE  19899
(302) 884-6585

Arthur M. Brewer (admitted *Pro Hac Vice*)  
Laura A. Pierson Scheinberg  
SHAWE & ROSENTHAL, LLP  
Sun Life Building, 11th Floor  
20 S. Charles Street  
Baltimore, MD  21201  
Telephone: (410) 752-1040  
Facsimile: (410) 752-8861  

Doc.#116268.2

12