IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIE DAVIS, JR., <br> NATHANIEL BRIDDELL, <br> JOSEPH GARRISON, <br> LARRY E. GIBBS, <br> ROY H. WALTERS, <br><br> ALL SIMILARLY-SITUATED CURRENT AND FORMER EMLOYEES OF MOUNTAIRE FARMS, INC., MOUNTAIRE FARMS OF DELMARVA, INC., and MOUNTAIRE FARMS OF DELAWARE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MOUNTAIRE FARMS, INC., MOUNTAIRE FARMS OF DELMARVA, INC., and MOUNTAIRE FARMS OF DELAWARE, INC., all Delaware corporations, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. NO. 04-0414-KAJ <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) COLLECTIVE ACTION <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S MOTION FOR REARGUMENT**

Pursuant to United States District Court of Delaware Local Rule 7.1.5, the following is a Motion for Reargument of the Order of the Court, dated June 28, 2005 dismissing Plaintiff's claims by granting Defendants' Motion for Summary Judgment.

1.   Defendants' Human Resources Director, Phillip Owen, testified at his deposition on February 1, 2005 that Plaintiffs herein were considered to be non-exempt employees and therefore entitled to overtime compensation prior to June or July 2002, when they became salaried employees. (Owen at 51, 112).

2. The instant action was filed in Court on June 21, 2004 pursuant to the Fair Labor Standards Act ("FLSA"). Under the FLSA, a company is liable for overtime wages three years prior to filing the action if the conduct of the employer in failing to pay overtime is willful. (See 29 U.S.C. § 255).

3. Plaintiffs have alleged that Defendants' conduct in failing to pay overtime is willful. There has been no evidence to the contrary.

4. It is respectfully submitted that the issue of unpaid overtime has not been addressed by the briefing and/or resolved by the Court.

5. In addition to the issue regarding the three-year look back set forth <u>supra.</u>, Plaintiffs also respectfully request reconsideration of the Court's ruling with regard to the fourth test of an employee employed in a bona fide executive capacity. The Court found that each of the Plaintiffs had the authority to hire or fire other employees or to make suggestions and/or recommendations and whose suggestions and/or recommendations are given particular weight as to the hiring, firing, advancement, promotion or any other change of status of any other employees.

6. In so determining, the Court relied upon summary statements offered by defense counsel in their briefing that were not supported by the deposition testimony.[1]

7. One such statement made by the defense in their briefs and relied upon by the Court was that, "Defendants' human resource department is not involved in recruiting and hiring chicken catchers and does not advertise for chicken catcher positions." This

---

[1] Further examples of the incorrect statements attributed to all Plaintiffs are as follows: "A crew leader is also responsible for properly training the members of his crew"; (Walters at 29, Gibbs at 47) "The crew leader decides when the crew takes a break". (Briddell at 105). The depositions of Plaintiffs show that both are inaccurate statements. See 29 U.S.C. §255. However, Plaintiffs will not go any further with regard to these erroneous statements because they are not directly relevant to the issues set forth in this Motion for Reargument.

statement was directly refuted by the Live Haul Manager, Doug Lynch, wherein he acknowledged that Human Resources makes the hiring decisions with regard to catchers. (Lynch at 54). He further noted that any termination decisions go through the human resource department as well. (Lynch at 60).

8. The lack of involvement with hiring by crew leaders was directly addressed by Plaintiff Roy Walters who stated repeatedly throughout his deposition testimony that as a crew leader, he has no input as to who gets hired. When asked about a particular individual who apparently approached Walters regarding a job, Walters advised him to go to the plant. (Walters at 29, 61).

9. Similarly, Walters has no involvement in any firing decisions. There is no testimony in this case to refute this lack of authority for Walters with regard to firing decisions. Therefore, it is respectfully submitted that Mr. Walters' Affidavit, wherein he testified that he had no input as to hiring or firing, should be properly considered by this Court.

10. In response to questioning by defense counsel, Plaintiff Joseph Garrison testified that Doug Lynch (the Live Haul Manager) hires the catchers. (Garrison at 56).

11. Garrison testified during his deposition that he has recommended a catcher to be hired, and on some occasions the catchers were hired. He may have recommended three catchers who were hired. (Garrison at 58). Garrison was a crew leader for Defendant Mountaire for six years.

12. Plaintiff Nathaniel Briddell was a crew leader for Defendant Mountaire for approximately fourteen years from 1989 through April 2003. (Briddell at 43). During that time, he recalls recommending four catchers for hire. (Briddell at 46).

13. Briddell, as well as the other Plaintiffs, testified that as a crew leader they could not recommend the promotion of a catcher to a forklift operator. (Briddell at 109; Gibbs at 44).

14. Plaintiff Larry Gibbs has worked as a Mountaire crew leader from 1994 through present. During that eleven year period of time, he recommended two or three people to be catchers. One individual was not hired. (Gibbs at 78).

15. Defendants' Live Hall Manager Doug Lynch testified that a crew leader, does not do much of any interview with a catcher candidate. (Lynch at 105).

16. As to the crew leader's ability to fire, defense counsel elicited testimony through only two witnesses, Plaintiff Joe Garrison and Plaintiff Nathaniel Briddell. All five Plaintiffs have testified by way of their Affidavits that they have no involvement with the firing process. We respectfully request that the Court allow the Affidavits of the other three Plaintiffs to speak as to their unrefuted testimony that they have not been involved in the firing of any chicken catchers. (Tab 10 to our Appendix).

WHEREFORE, for the reasons aforesaid, Plaintiffs request that the Court reconsider its granting of summary judgment to Defendants and deny summary judgment on the basis of the issues set forth in this Motion for Reargument.

Respectfully submitted,

Jeffrey K. Martin, Esquire (DE #2407)
Keri L. Morris, Esquire (DE #4656)
1509 Gilpin Avenue
Wilmington, DE 19806
(302) 777-4680
Attorneys for Plaintiffs

DATED: July 13, 2005

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIE DAVIS, JR., <br> NATHANIEL BRIDDELL, <br> JOSEPH GARRISON, <br> LARRY E. GIBBS, <br> ROY H. WALTERS, <br><br> ALL SIMILARLY-SITUATED CURRENT AND FORMER EMLOYEES OF MOUNTAIRE FARMS, INC., MOUNTAIRE FARMS OF DELMARVA, INC., and MOUNTAIRE FARMS OF DELAWARE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MOUNTAIRE FARMS, INC., MOUNTAIRE FARMS OF DELMARVA, INC., and MOUNTAIRE FARMS OF DELAWARE, INC., all Delaware corporations, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. NO. 04-0414-KAJ <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) COLLECTIVE ACTION <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## CERTIFICATE OF SERVICE

I, Jeffrey K. Martin, Esquire, do hereby certify that on July 13, 2005, I electronically filed *Plaintiffs' Motion for Reargument* with the Clerk of the Court using CM/ECF which will send notification of such filing to the following attorneys-of-record below:

Matthew F. Boyer, Esquire (#2564)
Connolly Bove Lodge & Hutz, LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, Delaware 19899

Arthur M. Brewer, Esquire
Laura Pierson Scheinberg, Esquire
Shawe & Rosenthal, LLP
Sun Life Building, 11th Floor
20 South Charles Street
Baltimore, MD  21201

                               MARGOLIS EDELSTEIN

                               _____
                               Jeffrey K. Martin, Esquire (DE #2407)
                               1509 Gilpin Avenue
                               Wilmington, Delaware 19806
                               (302) 777-4680 – phone