UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIE DAVIS, JR., *et al.*, | * | |
| | * | |
| Plaintiff, | * | Civil Action No. 04-414 - KAJ |
| v. | * | |
| | * | |
| MOUNTAIRE FARMS, INC., *et al.* | * | |
| | * | |
| Defendants. | * | |

**DEFENDANTS' ANSWER TO PLAINTIFFS'
MOTION FOR REARGUMENT**

Defendants Mountaire Farms Inc., Mountaire Farms of Delmarva Inc., and Mountaire Farms of Delaware Inc. (collectively referred to as "Mountaire" or the "Defendants"), oppose Plaintiffs' Motion for Reargument (D.I. 57) of the Court's June 28, 2005 Memorandum Opinion and Order granting Defendants' motion for summary judgment (D.I. 55 and 56), for the following reasons:

1. Motions for Reargument are granted only "sparingly" and may not be used to allow a "never-ending polemic between the litigants and the Court." *Dentsply Intern., Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999) (internal citation, quotation omitted). The Court may grant reargument "in three circumstances: (1) where the court has patently misunderstood a party, (2) where the court has made an error not of reasoning, but of apprehension, or (3) where the court has made a decision outside the scope of the issues presented to the court by the parties." *Id.*

2. Plaintiffs' Motion for Reargument fails to acknowledge this strict standard, let alone to demonstrate that it has been met. The Motion asserts two primary claims: (1) that the Court should now consider an issue that the Plaintiffs did not raise in

either their brief opposing Defendants' motion for summary judgment or their two briefs in support of their own cross-motion: i.e., the isolated statement of Mountaire's Director of Human Resources, Phillip Owen, that prior to July 2002, the Crew Leaders were treated as non-exempt employees (D.I. 57 ¶¶ 1-4); and (2) that the Court wrongly decided that the Plaintiffs had the authority or could effectively recommend the hiring or firing of other employees. (D.I. 57 ¶¶ 5-16).

3.  With respect to Plaintiffs' new argument, motions for reargument cannot be used to argue new facts or theories that inexcusably were not presented to the court at the appropriate time. *See Brambles USA, Inc. v. Blocker,* 735 F. Supp. 1239, 1240 (D. Del. 1990); *BP Amoco Chem. Co. v. Sun Oil Co.*, 200 F. Supp. 2d 429, 432 (D. Del. 2002) ("'a motion for reargument may not be used to supplement or enlarge the record' on which the court made its initial decision") (citation omitted)). Plaintiffs offer no explanation for not raising Mr. Owen's statement in either their brief opposing Defendants' motion for summary judgment or their two briefs in support of their own motion.

4.  Even if Plaintiffs could properly raise a new argument on a motion for reargument, they fail to present any facts that create a disputed issue of material fact or cite any supporting case law. Plaintiffs' assertions regarding Mr. Owen's testimony are irrelevant, not only because Mountaire's prior classification regarding the Crew Leaders was not raised in the summary judgment briefing, but also because Plaintiffs presented no evidence that the Crew Leaders' duties in or prior to 2002 differed in any way from those that the Court carefully considered in its Opinion. In fact, Mountaire has always considered its Crew Leaders to be exempt employees. In his deposition, Mr. Owens was

asked about a prior classification that predated his employment with Mountaire, and misspoke. If Plaintiffs' summary judgment briefs had raised this point, Defendants would have provided evidence to refute this claim. Plaintiffs cannot now use an isolated, irrelevant statement to improperly reopen this case.[1]

6. Plaintiffs' second argument, concerning the authority to effectively recommend hiring or firing of employees, rehashes an issue that was the primary focus of Plaintiffs' two summary judgment briefs (D.I. 42 p. 1, 11-14; D.I. 51 p. 15-17), was addressed in the Defendants' briefs (D.I. 46 p. 6-8, 38, 48; D.I. 49 p. 2-4, 9-10), and was fully addressed in a five-page section of the Court's Opinion. (D.I. 55 pp. 10-14). Plaintiffs have presented nothing new. Reargument should be denied where, as here, "the proponent simply rehashes materials and theories already briefed, argued and decided." *Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998).

7. Without re-briefing the issue again, with respect to the authority to hire, Mountaire does not recruit catchers; it is the responsibility of the Crew Leaders to staff and maintain full crews as confirmed by the deposition testimonies of Plaintiffs. Garrison Depo/A00395; Lynch Depo/A00838-A00839. This includes recruiting Catchers and recommending that they be hired by the Company. Garrison Depo/A00395-A00397; Lynch Depo/A00837; Briddell Depo/A00557. Messrs. Lynch and Nuse are not involved with the selection and/or hiring of Catchers. Lynch Depo/A00841. Thus, Plaintiffs'

---

[1] Plaintiffs also attempt to raise another new issue that they did not address in any of their summary judgment briefs: that Defendants' conduct in failing to pay overtime was willful. (D.I. 57 ¶¶ 2-3). Plaintiffs, who bear the burden of proof regarding the Defendants' willfulness, presented no evidence that Defendants willfully misclassified the Plaintiffs and have offered no explanation as to why that issue should be raised for the first time now. As noted above, the Plaintiffs were always appropriately classified as exempt for overtime purposes.

assertion that the Crew Leaders do not have any authority to effectively recommend the hiring of employees is not supported by the record. The evidence also demonstrates that Crew Leaders have the authority to discipline their Crew and can effectively recommend termination of a Crew member. Garrison Depo/A00410-A00417, Garrison Depo. Ex. 5/A00177-A00182; Walters Depo/A00693, A00726, A00752; Briddell Depo/00585, A00610; Gibbs Depo/A00510; Lynch Depo/A00852. Crew Leaders have issued and signed written disciplinary warnings. Examples in the record are from Plaintiff Garrison (6 warnings) and Plaintiff Walters (6 warnings). Garrison Depo. Ex 5/A00177-A00182; Walters Depo/A00752-A00756, Walters Depo. Ex. 2/A00270-A00275. Plaintiff Joe Garrison recommended the termination of Catcher Clarence Heath, and Heath was terminated. Lynch Depo/A00846-A00847. Plaintiff Briddell recommended the termination of Catcher Charles Hitchens, and Hitchens was terminated. Lynch Depo/A00847-A00849; Briddell Depo/A00614. Thus, Plaintiffs' argument that they did not have the authority to effectively recommend termination is unsupported by the record evidence.

8. It is unwieldy and duplicative to address each of Plaintiffs' factual misstatements in their Motion for Reargument. However, a few of Plaintiffs' unsupported conclusions regarding the alleged lack of authority to hire and fire are addressed below. For example, Plaintiffs argue that Doug Lynch, Live Haul Manager, testified that Human Resources makes the hiring decision with regard to catchers and that "any terminations go through the human resources department as well." (D.I. 57 ¶ 7) However, a complete review of Mr. Lynch's testimony demonstrates that the Crew Leaders make the recommendation for hire and make the job offer and Human Resources

merely does the pre-employment screening. Mr. Lynch's deposition testimony further establishes that the Crew Leaders have the authority to effectively recommend termination. Lynch Depo/A00837-A00843, A00846-A00849. Plaintiffs also cite to Mr. Lynch's deposition arguing that a Crew Leader "does not do much of any interview with a catcher candidate. (D.I. 57 ¶ 15). A more accurate account of Mr. Lynch's testimony on this point is that no formal interviews are done by the Crew Leaders or anyone else. Plaintiffs also cite that Mr. Walters "stated repeatedly throughout his deposition that as a crew leader, he has no input as to who gets hired." (D.I. 57 ¶ 8). While it is true that Mr. Walters repeatedly made this representation, when he was asked about Mr. Drummond, he admitted that he "informed him of the position that he had to go through in order to get a job, that's all…you have to go through the channels, go through personnel, drug tests— what the other part? TB test…" Walters Depo/A00692. Thus, even though Mr. Walters was not willing to concede that he recommended anyone for hire, it is clear that he was involved in Mr. Drummond's hire.

**WHEREFORE**, for the reasons aforesaid, the Plaintiffs' Motion for Reargument should be denied and the Court's decision granting summary judgment to Defendants should be affirmed.

Respectfully submitted,

Matthew F. Boyer (Del. Bar No. 2564)
CONNOLLY BOVE LODGE & HUTZ, LLP
The Nemours Building
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE  19899
(302) 884-6585

5

        Arthur M. Brewer (admitted *Pro Hac Vice*)
        Laura A. Pierson Scheinberg
        SHAWE & ROSENTHAL, LLP
        Sun Life Building, 11th Floor
        20 S. Charles Street
        Baltimore, MD 21201
        Telephone: (410) 752-1040
        Facsimile: (410) 752-8861

        *Attorneys for Defendants*

Dated: July 27, 2005