Case 1:04-cv-00414-SLR   Document 59   Filed 07/29/05   Page 1 of 4 PageID #: 1522

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2005 JUL 29 PM 4: 34

| | |
|---|---|
| WILLIE DAVIS, JR., NATHANIEL BRIDDELL, JOSEPH GARRISON, LARRY E. GIBBS, ROY H. WALTERS, and ALL SIMILARLY-SITUATED CURRENT AND FORMER EMPLOYEES OF MOUNTAIRE FARMS, INC., MOUNTAIRE FARMS OF DELMARVA, INC., and MOUNTAIRE FARMS OF DELAWARE, INC., <br><br>    Plaintiffs, <br><br> v. <br><br> MOUNTAIRE FARMS, INC., a Delaware corporation, MOUNTAIRE FARMS OF DELMARVA, a Delaware corporation, and MOUNTAIRE FARMS OF DELAWARE, INC., a Delaware corporation, <br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 04-414-KAJ |

## MEMORANDUM ORDER

Willie Davis, Jr., Nathaniel Briddell, Joseph Garrison, Larry E. Gibbs, and Roy H. Walters (collectively, "Plaintiffs") have filed a Motion for Reargument (Docket Item ["D.I."] 57; the "Motion") of the Memorandum Opinion (D.I. 55) and Order (D.I. 56) issued in this case on June 28, 2005. The Motion is opposed by Mountaire Farms, Inc., Mountaire Farms of Delmarva, Inc., and Mountaire Farms of Delaware, Inc. (collectively, "Defendants"). (D.I. 58.) For the reasons that follow, the Motion is denied.

Nothing in the Plaintiffs' filing persuades me that the already fully briefed and fully considered issues in this case should be revisited. The standards that apply to motions for reargument and reconsideration have been stated as follows:

> The District of Delaware, through published case law, has developed rules that govern motions for reargument under Local Rule 7.1.5. These governing principles are simply stated: 1) reargument should be granted only when the merits clearly warrant and should never be afforded a litigant if reargument would not result in an amendment of an order; 2) the purpose of reargument is to permit the Court to correct error without unduly sacrificing finality; 3) grant of the reargument motion can only occur in one of three circumstances: a) "where the Court has patently misunderstood a party," b) "[where the Court] has made a decision outside the adversarial issues presented to the Court by the parties," or c) "[where the Court] has made an error not of reasoning but of apprehension[;]" and 4) a motion for reargument may not be used by the losing litigant as a vehicle to supplement or enlarge the record provided to the Court and upon which the merits decision was made unless "new factual matters not previously obtainable have been discovered since the issue was submitted to the Court[.]"

*Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998) (citations omitted).

Here, the Plaintiffs have failed to meet those standards. First, they seek to introduce a new argument that Defendants wilfully failed to pay overtime prior to June or July 2002, when Plaintiffs became salaried employees. (D.I. 57 at ¶¶ 1-3.) But that argument "has not been addressed by the briefing and/or resolved by the Court" (D.I. 57 at ¶ 4) and is therefore not properly the subject of a motion for reargument. It is simply an attempt "to argue new facts or issues that inexcusably were not presented to

the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).[1]

Plaintiffs' second argument, that crew leaders lacked authority to effectively hire an fire employees (D.I. 57 at ¶¶ 5-16), is nothing more than a "repetition of arguments already briefed, considered and decided."[2]  735 F. Supp. at 1240 (citations omitted). Plaintiffs argue that I relied upon an unsupported statement by defense counsel characterizing the deposition testimony of Mr. Lynch as being that "Defendants human resource department is not involved in recruiting and hiring chicken catchers and does not advertise for chicken catcher positions." (D.I. 57 at ¶¶ 6-7.)  Lynch's testimony as a whole, however, establishes that crew leaders (a) make the recommendation to human resources regarding whom to hire as a chicken catcher, (b) are responsible for maintaining a full crew and recruiting the catchers, and (c) have authority to recommend termination. (D.I. 45, Ex. 32 at A00838-43, A00846-49.)  Human resources is generally involved only in administrative tasks such as pre-employment (medical) screening, ensuring, if necessary, validity of immigration papers, and issuing company IDs. (*Id.* at A00841-43)  Even if human resources made the ultimate determination as to who gets hired based on the medical examination and paperwork (D.I. 45, Ex. 32 at A00842),

---

[1]Even assuming, however, that I were to consider Plaintiffs' new argument, their Motion would still be unfounded.  Plaintiffs fail to present any evidence in support of their assertion that Defendants wilfully failed to pay overtime.

[2]Plaintiffs also urge me to consider (which I have) the affidavits of those Plaintiffs who have not been involved in firing of any chicken catchers. (D.I. 57 at ¶ 16.)  Even if not all Plaintiffs have fired catchers, involvement in firing is not the standard by which to determine whether an employee is exempt.  *See* 29 C.F.R. § 541.100(a)(4).

reconsideration of my earlier opinion is not warranted because the outcome would not change.

Plaintiffs further cite to deposition testimony of Mr. Walters "who stated repeatedly ... that as a crew leader, he has no input as to who gets hired." (D.I. 57 at ¶ 8.) While Mr. Walters did not concede having suggested anybody for hire, he "informed [Mr. Drummond] of the position that he had to go through in order to get a job ... go through company policy to work for Mountaire ... go through the channels, go through personnel, drug tests ... ," after Drummond, who worked for Walters at the time the deposition was taken, inquired of Walters how to get a job with Defendants. (D.I. 45, Ex. 29 at 692-93.) Thus, the record supports that Mr. Walters was involved in getting Drummond hired.

Plaintiffs, with both arguments, have failed to meet the legal standard for reargument and, therefore, their motion must be denied. Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Reargument (D.I. 57) is DENIED.

_____
UNITED STATES DISTRICT JUDGE

July 29, 2005
Wilmington, Delaware