

20 S. Charles Street
11th Floor
Baltimore, MD 21201
**P:** 410-752-1040
**F:** 410-752-8861

**shawe.com**

Electronic Letterhead

August 23, 2006

**Arthur M. Brewer**
brewer@shawe.com
410-843-3466

The Honorable Judge Kent Jordan
United States District Court for the District of Delaware
844 King Street
U. S. Courthouse
Wilmington, DE  19801

**Re:    Davis, et al. v. Mountaire Farms, Inc., et al.**
         **Docket No. 05-3982**
         **D.C. No. 04-cv-00414**

Dear Judge Jordan:

In accordance with the Court's instructions counsel for the parties conferred via telephone today, August 23, 2006, with respect to details involving the trial of this case. Counsel has set forth below their proposed timeline for bringing the case to trial.

Initially, counsel for the Defendants raised the issue regarding the status of Plaintiff's Joseph Garrison, Nathanial Briddell, and Willie Davis. As this Court noted in its Memorandum Opinion, Plaintiff's Walters, Briddel and Gibbs were still employed by the Defendants as of the time the parties filed cross Motions for Summary Judgment (Memorandum Opinion at page 3, fn 4). The United States Court of Appeals for the Third Circuit noted in its Opinion that while the parties had proceeded for purposes of the Cross Motions for Summary Judgment on the assumption that the new regulations dealing with the Executive Exemption to the Fair Labor Standards Act were applicable that "a statutory grant of legislative rule making authority will not, as a general matter, be understood to encompass the power to promulgate retroactive rules unless that power is conveyed by Congress in express terms." The Court cited Bowen v. Georgetown University Hospital, 488 U.S. 204, 208 (1988). (Memorandum Opinion at page 8, fn2) The Third Circuit also noted that "[B]ut much of the overtime at issue in this case accrued prior to that date and appellants Briddell and Davis may have left Mountaire in 2003." Id. The Court commended this issue to the District Court on remand.

The new regulations did not become effective until August 23, 2004 and since the they were not retroactive, overtime prior to that date must be judged under the old regulations.

In view of the Third Circuit's Opinion, the parties agreed that the Defendants would file a Motion for Partial Summary Judgment to exclude Plaintiffs Garrison, Briddell and Davis from the case and to limit liability issues regarding Plaintiffs Walters and Gibbs to August 23, 2004.

The Honorable Judge Kent Jordan
August 23, 2006
Page 2



The parties agreed Defendants will file this Motion for Partial Summary Judgment on September 15, 2006 and counsel for the Plaintiffs will respond in accordance with this Court's local rules. The parties also agreed that three additional depositions will need to be taken by counsel for the Plaintiffs and the parties agreed that these depositions will take place during the week of November 6, 2006. The parties propose submission of the pretrial order to the court on December 1, 2006 and propose scheduling the pre-trial conference on January 4 or 5, 2007. Additionally, the parties propose that the trial on this case begin during either the weeks of February 19, February 26 or March 5, 2007.

The proposal submitted by the parties to the Court is based on a number of factors relating to counsels' respective schedules. Counsel for the Defendants, Mr. Brewer, is involved in three separate sets of collective bargaining negotiations with the Untied Steelworkers Union, United Food and Commercial Workers Union and the Service Employees International Union. Mr. Brewer expects these negotiations to be concluded in the beginning of October 2006. Mr. Brewer is currently scheduled to be on vacation in Italy through the middle to the end of October, 2006.[1] In addition, Mr. Martin, counsel for the Plaintiffs, has a busy schedule which involves various trials in Federal and State Court.

Based on the foregoing, the parties respectfully request the Court to accept counsels' proposal with respect to proceeding to trial in this case.

I have reviewed this letter with Mr. Martin and he has no objections to its contents.

Sincerely,

SHAWE & ROSENTHAL, LLP

|S|


Arthur M. Brewer

AMB/kj

cc:   Jeffrey K. Martin, Esq., Margolis Edelstein
      Matthew F. Boyer, Esq., Connolly, Bove, Lodge & Hutz, LLP

Doc #138749

---

[1] Mr. Brewer's vacation had been schedule for October 2005, however, Hurraine Katrina displaced Mr. Brewer's in-laws who spent all of September and a good part of October with him and his wife of 2005. This resulted in the cancellation of his vacation at that time.