IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIE DAVIS, JR., NATHANIEL BRIDDELL, GEORGE W. FEDDIMAN, JOSEPH GARISON, LARRY E. GIBBS, ROY H. WALTERS, and ALL SIMILARLY-SITUATED CURRENT AND FORMER EMPLOYEES OF MOUNTAIRE FARMS, INC., MOUNTAIRE FARMS OF DELMARVA INC., and MOUNTAIRE FARMS OF DELAWARE, INC., | * * * * * * * * * * | |
| Plaintiffs, | * | Civil Action No. 04-414 – KAJ |
| v. | * * | |
| MOUNTAIRE FARMS, INC., a Delaware Corporation, MOUNTAIRE FARMS OF DELMARVA, a Delaware Corporation, and MOUNTAIRE FARMS OF DELAWARE, INC., a Delaware Corporation, | * * * * * * | |
| Defendants. | * | |

OPENING BRIEF IN SUPPORT OF DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT

Matthew F. Boyer (Del. Bar No. 2564)
CONNOLLY BOVE LODGE & HUTZ, LLP
The Nemours Building
1220 Market Street
P. O. Box 2207
Wilmington, DE 19899
(302) 884-6585

Arthur M. Brewer (admitted *Pro Hac Vice*)
Laura A. Pierson Scheinberg (*Pro Hac Vice* pending)
SHAWE & ROSENTHAL, LLP
Sun Life Building, 11th Floor
20 S. Charles Street
Baltimore, MD 21201
(410) 752-1040

DATED: September 15, 2006

## TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES .................................................................................................. ii

NATURE AND STAGE OF PROCEEDINGS ............................................................................1

SUMMARY OF ARGUMENT ..................................................................................................2

STATEMENT OF FACTS .........................................................................................................3

ARGUMENT ...............................................................................................................................5

CONCLUSION ............................................................................................................................7

i

## <u>TABLE OF AUTHORITIES</u>

PAGE

<u>REGULATIONS</u>

29 C.F.R. § 541.1 .......................................................................................................1, 2, 5

29 C.F.R. § 541.100 ...........................................................................................................5

ii

## NATURE AND STAGE OF PROCEEDINGS

The Complaint, filed June 21, 2004, alleges violations of the Fair Labor Standards Act (FLSA) for misclassifying Plaintiffs as exempt, failure to pay overtime, retaliation, and a violation of the Delaware Wage Payment and Collection Act. On June 28, 2005, the District Court granted Defendants' Motion for Summary Judgment on all issues.

Plaintiffs appealed the District Court's ruling that the Plaintiffs were exempt from overtime arguing that the Plaintiffs' did not have "authority to hire and fire other employees or whose suggestions and recommendations as to hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight." 29 C.F.R. § 541.100 (2005).

The Court of Appeals held that the District Court erred in granting summary judgment with respect to the recently added fourth prong of the test for the executive exemption under the FLSA. It noted, however, that the case had proceeded on the assumption that the regulation adopted by the Department of Labor effective August 23, 2004 applied to all the overtime at issue. The new regulation, the Court of Appeals further noted, is not retroactive. The Court of Appeals continued, "But much of the overtime at issue in this case accrued prior to that date, and appellants Nathaniel Briddel and Willie Davis may have left Mountaire in 2003. We commend this issue to the attention of the District Court on remand." A051/ Court of Appeals Slip Op. at 8. n. 2.

In this Motion, Defendants seek partial summary judgment as to the overtime accrued prior to August 23, 2004, and dismissal of those plaintiffs who terminated before that date.

## SUMMARY OF ARGUMENT

The Crew Leaders satisfied the "short test" for the executive exemption from overtime prior to the amendment of the regulations effective August 23, 2004. 29 C.F.R. 541.1. The Crew Leaders fulfilled the regulatory requirement that they (1) receive a salary of at least $250 per week; (2) that their primary duty consist of the management of a customarily recognized department or subdivision thereof; and (3) that their primary duty included the customary and regular direction of the work of two or more employees.

Summary judgment should be entered on the entire claims of the Plaintiffs Garrison, Briddell and Davis as they were not employed when FLSA's amended regulations became effective. Summary judgment should also be entered on the pre-August 23, 2004, claims of the remaining Plaintiffs, Walters and Gibbs.

2

## STATEMENT OF FACTS

Plaintiffs received a salary in excess of $250 per week. A033/District Court Memorandum Opinion (D.I. 59) at 7; A050-052/Court of Appeals Slip Op. at 7-9.

Plaintiffs' primary duty included "management of the enterprise." A033-036/District Court Memorandum Opinion (D.I. 59) at 7-10; A050-052/Court of Appeals Slip Op. at 7-9.

Plaintiffs' primary duty included the customary and regular direction of the work of two or more employees. A033/District Court Memorandum Opinion (D.I. 59) at 7; A050-052/Court of Appeals Slip Op. at 7-9.

Plaintiff Joseph Garrison was employed as a Crew Leader from 1999 until his resignation in July 2004. A001-004/Garrison Dep. 23-24, 26.

Plaintiff Nathaniel Briddell was employed as a Crew Leader from 1989 to April 2003. A008-0010/Briddell Dep. 43-44.

Plaintiff Willie Davis was employed as full time Crew Leader starting in April 2000 or 2001. A017-019/Davis Dep. 18, 21. About a year later, his crew was laid off and he was offered a position as Relief Crew Leader. A020-023/Davis Dep. 22-25. He resigned in December 2003. A024/Davis Dep. 42.

Plaintiff Roy Walters was promoted to Crew Leader in 2001, a position he still occupies. A014-016/Walters 26-27.

Plaintiff Larry Gibbs was hired in May 1994 as a Crew Leader and remains employed as a Crew Leader. A005-007/Gibbs Dep. 31, 34.

George Feddiman was employed as a Crew Leader during 2000 and 2001. He stopped working as a Crew Leader in April 2001. A011-013/Feddiman Dep. 26, 64. The Parties filed a

Stipulation of Dismissal with Prejudice of George Feddiman as he was not employed during the relevant time period. A025-026/D.I. 39.

## ARGUMENT

Prior to its amendment, effective August 23, 2004, the executive exemption from overtime included a "long test" and a "short test." The short test required that the employee receive a salary of not less than $250 per week, that the employee's primary duty be "management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;" and that the employee's primary duty include "the customary and regular direction of the work of two or more employees." 29 C.F.R. § 541.1.

The 2004 amendments to the regulations eliminated the distinction between the long test and the short test. The salary basis test was raised to $455 per week. The "management duties" and "direction of work of two or more employees" tests were left intact. The amendment added the requirement that an exempt executive have "authority to hire and fire other employees or whose suggestions and recommendations as to hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight." 29 C.F.R. § 541.100 (2005).

The District Court previously found that the Crew Leaders satisfied all four prongs of the new regulation. The Court of Appeals reversed, but only as to the recently added fourth prong.

> There is no dispute on appeal that the Crew Leaders satisfy the first three prongs for the exemption. The sole issue in this case is whether the District Court wrongly decided that the fourth prong was also satisfied as a matter of law.

A051-052/Court of Appeals Slip Op. at 8-9.

In sum, the District Court's prior finding that the Crew Leaders satisfied the first three prongs of the new regulation remains effective. Since the first three prongs of the new regulation are coextensive (except for a higher salary requirement) with the entirety of the old "short test," the Crew Leaders satisfied the test in existence prior to August 23, 2004.

5

Thus, summary judgment should be entered on Plaintiffs Garrison, Briddell, and Davis because they were not employed at the time the FLSA's amendments were effective. Additionally, summary judgment should be entered on the pre-August 23, 2004, claims of Plaintiffs Walters and Gibbs.

## CONCLUSION

Defendants respectfully requests that the Court find that the Plaintiffs satisfied the test for the executive exemption prior to August 23, 2004. Summary judgment should be entered on the entire claims of the Plaintiffs Garrison, Briddell and Davis as they were no longer employed before that date. Summary judgment should be entered on the pre-August 23, 2004, claims of the remaining Plaintiffs Walters and Gibbs.

Date: September 15, 2006

Respectfully submitted,

/s/

_____

Matthew F. Boyer
CONNOLLY BOVE LODGE & HUTZ, LLP
1220 Market Street
P. O. Box 2207
Wilmington, DE  19899
(302) 884-6585

Arthur M. Brewer (admitted *pro hac vice*)
Laura A. Pierson Scheinberg (*pro hac vice* pending)
SHAWE & ROSENTHAL, LLP
Sun Life Building, 11th Floor
20 S. Charles Street
Baltimore, MD  21201
(410) 752-1040


Attorneys for Defendants  Mountaire Farms Inc.,
Mountaire Farms of Delmarva Inc., and Mountaire
Farms of Delaware Inc.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of Opening Brief In Support

of Defendants' Motion For Partial Summary Judgment was served electronically, on this

September 15, 2006, to:

> Jeffrey K. Martin, Esquire
> 1509 Gilpin Avenue
> Wilmington, DE  19806

/s/

_____

Matthew F. Boyer

8