# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

WILLIE DAVIS, JR., NATHANIEL    *
BRIDDELL, JOSEPH GARRISON,    *
LARRY E. GIBBS, ROY H. WALTERS,    *
and ALL SIMILARLY-SITUATED    *
CURRENT AND FORMER EMPLOYEES    *
OF MOUNTAIRE FARMS, INC.,    *
MOUNTAIRE FARMS OF DELMARVA    *
INC., and MOUNTAIRE FARMS OF    *
DELAWARE, INC.,    *
   *
         Plaintiffs,    *    Civil Action No. 04-414 – KAJ
   *
      v.    *
   *
MOUNTAIRE FARMS, INC., a Delaware    *
Corporation, MOUNTAIRE FARMS OF    *
DELMARVA, a Delaware Corporation,    *
and MOUNTAIRE FARMS OF    *
DELAWARE, INC., a Delaware    *
Corporation,    *
   *
         Defendants.    *

## PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO
## DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

**MARGOLIS EDELSTEIN**
Jeffrey K. Martin (Del. Bar No. 2407)
1509 Gilpin Avenue
Wilmington, DE 19806
(302) 777-4680
Attorney for Plaintiffs

Dated: October 13, 2006

# TABLE OF CONTENTS

**Page**

NATURE AND STAGE OF THE PROCEEDINGS ............................................................. 1

SUMMARY OF ARGUMENT ................................................................................................ 2

STATEMENT OF FACTS ...................................................................................................... 3

ARGUMENT ............................................................................................................................. 4

   I.     THE FOUR-PRONGED TEST ADVANCED AND
        ARGUED BY DEFENDANTS IS THE LAW OF THE
        CASE AND DEFENDANTS ARE JUDICIALLY
        ESTOPPED FROM ARGUING THE THREE-PRONG
        TEST. ............................................................................................................ 4

   II.    CREW LEADERS WERE HOURLY EMPLOYEES AND
        THEREFORE NON-EXEMPT PRIOR TO JULY 2002
        AND HAVE REMAINED NON-EXEMPT
        THEREAFTER. ............................................................................................ 9

   III.   BECAUSE THE CREW LEADERS ARE SUBJECT TO
        PARTIAL DAY DEDUCTIONS, THEY ARE NON-
        EXEMPT UNDER THE FLSA .................................................................... 10

CONCLUSION........................................................................................................................ 11

# TABLE OF AUTHORITIES

**Page**

## Cases

*Arizona v. California,*
  460 U.S. 605, 75 L. Ed. 2d 318, 103 S. Ct. 1382 (1983)......................................................7

*Auer v. Robbins,*
  519 U.S. 452 (1997) ............................................................................................................6

*Donovan v. Carls Drugs, Inc.,*
  703 F.2d 650 (2d Cir. 1983).............................................................................................10

*McCarron v. FDIC,*
  111 F.3d 1089 (3d Cir. 1997) ............................................................................................7

*Murray v. Silberstein,*
  882 F.2d 61 (3d Cir. 1989)..................................................................................................7

*Oneida Motor Freight, Inc. v. United Jersey Bank,*
  848 F.2d 414 (3d Cir. 1988)................................................................................................7

*Pub. Interest Research Group of N.J. Inc. v. Magnesium Elektron, Inc.,*
  123 F.3d 111 (3d. Cir. 1997) ..............................................................................................7

*Tobias v. PPL Elec. Utils. Corp.,*
  2006 U.S. App. LEXIS 22730 (3d Cir. 2006) ....................................................................7

*Tracinda Corp. v. DaimlerChrysler AG (In re DaimlerChrysler AG Sec. Litig.),*
  294 F. Supp. 2d 616 (D. Del. 2003) ...................................................................................8

*UA Theatre Circuit v. Twp. of Warrington,*
  316 F.3d 392 (3d Cir. 2003) ...............................................................................................7

*United States v. Vastola,*
  989 F.2d 1318 (3d Cir. 1993) .............................................................................................8

## Other Authorities

453 F.3d 557 ..........................................................................................................1, 3, 9, 10

131 A.L.R. FED 1 § 2 (1996) .................................................................................................6

29 C.F.R. § 541.100 (2004) ...........................................................................................1, 4, 5

29 C.F.R. § 541.600 (2004) ..........................................................................................9, 10

18 Charles Alan Wright & Arthur R. Miller
   Federal Practice and Procedure § 4478 (1981) ...................................................................7

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiffs filed this action on June 21, 2004 alleging that Defendants violated the Fair Labor Standards Act ("FLSA") by misclassifying Plaintiffs as exempt executives, failing to pay overtime, retaliating against them and violating the Delaware Wage and Payment Collection Act. This Court granted Defendants' Motion for Summary Judgment on June 28, 2005.

Plaintiffs appealed to the United States Court of Appeals for the Third Circuit and by Opinion dated July 20, 2006, the Court reversed this Court's Order granting summary judgment and remanded this matter "for further proceedings." The Third Circuit found that there were genuine issues of material fact "as to whether the Crew Leaders were either responsible for hiring or firing or the recommendations on these issues were given 'particular weight' such that they may fall under the executive exemption to the requirements of the FLSA." 453 F.3d at 559.

Defendants have continually argued that the applicable regulation setting forth the test for an exempt employee is a four-prong test set forth in 29 C.F.R. § 541.100 which became effective in August 2004. Defendants argued the applicability of this regulation both in District Court and in the U.S. Court of Appeals. The Third Circuit recognized, *sua sponte,* that "much of the overtime at issue in this case accrued prior to [the effective date of the regulation in August 2004]." 453 F.3d at 559.

On remand, Defendants filed a Motion for Partial Summary Judgment. The sole basis for the motion is Defendants' claim, made for the first time, that the three-pronged test is a version of 29 C.F.R. § 541.100 in effect prior to August 2004, applies to preclude a substantial majority of Plaintiffs' overtime claims.

This is Plaintiffs' Answering Brief in Opposition to Defendants' Motion for Partial Summary Judgment.

1

## SUMMARY OF ARGUMENT

Based upon Defendants' arguments to this Court and to the Third Circuit, the 2004 version of the regulation is the law of the case and Defendants are judicially estopped from arguing now that the earlier version of the regulation applies.

In reliance upon Defendants' acknowledgement that the later regulation applied, Plaintiffs have not had the opportunity to consider and/or argue the application of the earlier regulation. Plaintiffs effectively argued that the fourth prong of the new regulation could not be met by Defendants causing the reversal and remand of this matter. In light of the procedural posture, Plaintiffs did not need to argue the inapplicability of the first three prongs of the regulation.

Defendants have again overlooked that Plaintiffs were paid on an hourly basis until July 2002 and therefore did not qualify for an exemption. Further, the Third Circuit determined that through a Department of Labor audit, Plaintiffs were deemed to be non-exempt and their status did not change after they became salaried employees in July 2002.

Finally, as the Third Circuit noted, Plaintiffs received partial day deductions for missed time, preventing them from being exempt under the FLSA.

## STATEMENT OF FACTS

Plaintiffs have attached hereto the Appellants' Opening Brief and Appendix filed with the

Third Circuit on December 21, 2005. Plaintiffs wish to incorporate the Statement of Facts found

on pages 4 through 13 of our Opening Brief. In addition to the Statement of Facts set forth by

Plaintiffs on appeal to the Third Circuit, reference will be made to facts found by the Third

Circuit as a result of their review of this matter (including an appendix of 1,733 pages) prior to

reversing and remanding the instant matter to this Court.

Defendants incorrectly state that the Third Circuit determined that the Plaintiffs'

"primary duty included management of the enterprise." To the contrary, the Third Circuit

acknowledged that the only issue in the case that was before the Court was "whether the District

Court wrongly decided that the fourth prong was also satisfied as a matter of law." 453 F.3d at

557. The Court specifically acknowledged that the first three prongs were not at issue on appeal.

*Id.* The Court did find, however, that "[t]he Crew Leaders are not tasked with ultimate

decisionmaking or action-taking on any of these matters, [discipline, requests for time off and

grievances] as the write-ups, requests and grievances are sent to Mountaire's administrative

offices." *Id.* at 556.

The Court of Appeals observed that prior to 2002 (according to the record, it is July

2002) (A-0254), the Crew Leaders were hourly employees. The Court also acknowledged a

Department of Labor "audit review" dated March 21, 2001 which was prepared by Mountaire.

*Id.* at 556. The review "notes that Crew Leaders (who were then still hourly paid) should be

receiving overtime and that house-to-house travel is compensable for hours worked. Mountaire

concedes that the Crew Leaders' duties and responsibilities did not change after they were

switched to a salaried status." *Id.*

3

## ARGUMENT

### I.   THE FOUR-PRONGED TEST ADVANCED AND ARGUED BY DEFENDANTS IS THE LAW OF THE CASE AND DEFENDANTS ARE JUDICIALLY ESTOPPED FROM ARGUING THE THREE-PRONG TEST.

At the conclusion of discovery in this matter, Defendants filed a Motion for Summary

Judgment on May 3, 2005. In their Brief in support of their Motion for Summary Judgment,

Defendants acknowledged that the regulation setting forth the test for an executive exemption

under the FLSA was the four-prong test (otherwise referred to in this Brief as the "new"

regulation) adopted in August 2004.[1] Plaintiffs' complaint was filed in June 2004 alleging

violations of the FLSA which dated back to June 2001. Thus, by filing this suit, Plaintiffs were

seeking overtime from June 2001 forward.

Cross motions for summary judgment were filed on May 3, 2005. Defendants filed both

an Opening and Reply Brief arguing in both instances the application of the August 2004

regulation (the "new" regulation). Plaintiffs also filed a Motion for Summary Judgment and in

response to Plaintiffs' Opening Brief, Defendants filed their Answering Brief on May 23, 2005.

In Plaintiffs' Opening Brief, Plaintiffs made a specific mention that the regulation being

considered was the regulation that became effective on August 23, 2004. In their Answering

Brief, Defendants took no exception to the use of this "new" regulation and continued to use this

regulation as the applicable regulation. Indeed, this was the only regulation that Defendants

relied upon until this motion.

Following the issuance of this Court's opinion granting summary judgment on July 28,

2005, Plaintiffs filed a Motion for Reargument. Defendants, in their Answer to Plaintiffs'

---

[1] The regulation in effect until August 2004 was a three-prong test (referred to in this Brief alternatively as the "old" regulation). The new regulation adopted in August 2004 added a fourth prong requiring the employee to be able to change the status (*e.g.*, hire, fire) of the employees supervised. 29 C.F.R. § 541.100 (2004).

Motion for Reargument, once again attempted and argued the applicability of the new regulation.

This matter was fully briefed before the U.S. Court of Appeals pursuant to Plaintiffs'
appeal from the granting of Defendants' Motion for Summary Judgment and the denial of
Plaintiffs' Motion for Reargument. On appeal, Defendants again argued that Plaintiffs were
exempt employees based upon the new regulation.

Prior to oral argument before the U.S. Court of Appeals, counsel were asked to submit a
"letter brief" addressing which of Plaintiffs' actions with respect to the employees they
supervised effected a "change of status" as the term is used in 29 C.F.R. § 541.100(a)(4). In
response thereto, Defendants, for the first time, acknowledged the potential applicability of the
old regulation. The letter briefs are found in Plaintiffs' Appendix to this Answering Brief.
Defendants footnoted the "relevant FLSA regulations" by stating as follows:

> Since this case was filed on June 18, 2004 and encompasses a statutory
> period before and after the Department of Labor issues revised FLSA
> regulations, both the former and current regulations would be applicable to
> this case. The following legal argument is analyzed under the current
> FLSA regulations because they are more restrictive than the former
> regulations. As noted in the legislative history to the current regulations,
> 'Although this new requirement may exclude a few employees from the
> executive exemption, the Department has determined that it will have a
> minimal impact on employers.' Since the Crew Leaders satisfy the new
> regulations, it follows that they would meet the executive exemption under
> the former regulations.

Thus, Defendants, while for the first time acknowledging the existence of the old regulation,
chose to continue their argument solely under the new regulation.

At oral argument, Plaintiffs' counsel was asked about the applicability of the regulations.
Plaintiffs' counsel agreed that the new regulation should be applied in this matter and
Defendants' counsel quickly confirmed that the new regulation governed this matter.

5

The net effect of Defendants' reliance upon the new regulation is to prejudice Plaintiffs. The burden to prove an exemption such as an executive exemption in this case is on the employer. *Auer v. Robbins*, 519 U.S. 452, 464 (1997). The Third Circuit noted that since "the requisite characteristics of executive employment are stated in the conjunctive rather the disjunctive, it is necessary, for an employee to be exempt as one employed in an 'executive capacity,' that the employee be shown to meet all of the administrative requirements for such exemption." *Id.* at 557, *citing* 131 A.L.R. FED. 1 § 2(a) (1996). Thus, in our matter, Plaintiffs need only show that the employer did not meet one of the four tests in order to prevail. Here, Plaintiffs did not contest the first three prongs of the test for the exemption knowing that the "hiring and firing" prong could not be met by Defendants. The Third Circuit had no difficulty acknowledging that Mountaire did not meet the hiring and firing test in the fourth prong. *Id.*

As a result of Defendants' reliance on the new regulation, the other three prongs were not examined. There was some discussion below about the application of the "primary duty is the management of the enterprise" prong. Plaintiffs argued in the briefs opposing summary judgment below that management was not a "primary duty" of Plaintiffs. This Court did, however, make a finding that management was a primary duty of Plaintiffs. This issue was not addressed on appeal because of Plaintiffs' strategy to show how Defendants could not meet the "hiring and firing" test for the executive exemption.

As a matter of fundamental fairness, Plaintiffs respectfully submit that Defendants not be permitted to now adopt a new defense after two and a half years of litigating a defense that they now claim does not apply to the facts of our case (wherein Plaintiffs are seeking overtime benefits from June 2001 through June 2004).

Defendants attempt to introduce a new theory for its defense must fail because of the "law of the case doctrine." The "law of the case doctrine" has developed to maintain consistency and avoid reconsideration of matters once decided during the course of a lawsuit. *Pub. Interest Research Group of N.J. Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d. Cir. 1997). "The doctrine is designed to protect traditional ideals such as finality, judicial economy and jurisprudential integrity." *UA Theatre Circuit v. Twp. of Warrington*, 316 F.3d 392, 403 (3d Cir. 2003) (quoting *Christianson v. Colt Indus. Operating Corp*., 486 U.S. 800, 816, 100 L. Ed. 2d 811, 108 S. Ct. 2166 (1988)); *Arizona v. California*, 460 U.S. 605, 618-19, 75 L. Ed. 2d 318, 103 S. Ct. 1382 (1983).

"The law of the case doctrine limits the extent to which an issue will be reconsidered once the court has made a ruling on it." *Tobias v. PPL Elec. Utils. Corp.*, 2006 U.S. App. LEXIS 22730 (3d Cir. 2006) (quoting *Fagan v. City of Vineland*, 22 F.3d 1283, 1290 (3d Cir. 1994)). "Courts apply the law of the case doctrine when their prior decisions in an ongoing case either expressly resolved an issue or necessarily resolved it by implication." *UA Theatre Circuit,* 316 F.3d at 397-398 (quoting *Aramony v. United Way of America*, 254 F.3d 403, 410 (2d Cir. 2001)) (emphasis added) (*citing* 18 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4478, at 789 (1981).

Defendant should be judicially estopped from arguing that the older version of the regulation applies to our case. "Judicial estoppel prevents a party from assuming a position inconsistent with one which it took in a prior proceeding." *McCarron v. FDIC*, 111 F.3d 1089, 1097 (3d Cir. 1997) (citations omitted); *Murray v. Silberstein*, 882 F.2d 61, 66 (3d Cir. 1989) ("the law of this circuit bars switches of position of this kind"); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 419 (3d Cir. 1988). The purpose of judicial estoppel is to

7

prevent a party from playing "fast and loose" with courts by asserting contradictory positions. *United States v. Vastola*, 989 F.2d 1318, 1324 (3d Cir. 1993). "Whether judicial estoppel should be applied in a particular case depends on several factors including: (1) whether the party's later position is clearly inconsistent with its earlier position; (2) whether the party has succeeded in persuading the court to accept its earlier position so as to create the perception that the court was misled in either the first or second proceeding; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage." *Tracinda Corp. v. DaimlerChrysler AG (In re DaimlerChrysler AG Sec. Litig.)*, 294 F. Supp. 2d 616, 628 (D. Del. 2003).

Here, there is no doubt that Mountaire has taken two clearly inconsistent positions before this Court or that Mountaire has succeeded in having this Court accept its earlier position. It is equally clear that Mountaire is now seeking to derive an unfair advantage. The extensive summary judgment briefing before this Court and appellate briefing before the Third Circuit was predicated on the four-pronged test urged by Mountaire. Worse, having urged that this Court apply the new test, and having lost under that test before the Third Circuit, Defendants now argue that they are entitled to summary judgment because Plaintiffs did not raise a dispute as to the first three elements. (Def. S.J. Br. at 5). Plaintiffs, of course, had no reason to argue the first three prongs because they reasonably believed they were non-exempt under the fourth prong of the executive exemption test Defendants put before this Court.

Application of the doctrine of judicial estoppel is particularly appropriate given Defendants' improper argument. Indeed, Mountaire makes no effort to argue that it has satisfied its burden of showing that Plaintiffs are exempt, other than to point to the lack of a dispute on facts that were not relevant when they were not disputed. Mountaire, having failed to meet its

burden under the four-pronged test, should not be permitted to change its legal theory at this late

stage, almost two and a half years from the outset of this litigation.

## II.    THE CREW LEADERS WERE HOURLY EMPLOYEES[2] AND THEREFORE NON-EXEMPT PRIOR TO JULY 2002 AND HAVE REMAINED NON-EXEMPT THEREAFTER.

Plaintiffs raised by way of Motion for Reargument the undisputed fact that the Crew

Leaders were deemed to be non-exempt prior to July 2002. Defendants' Human Resources

Director, Phillip Owen, testified at his deposition on February 1, 2005 that Plaintiffs herein were

considered to be non-exempt employees and therefore entitled to overtime compensation prior to

July 2002 when they became salaried employees. (A-0255). Thus, for more than one year

between June of 2001 and July 2002, the company conceded that the Crew Leaders were non-

exempt and therefore eligible for overtime. This issue was not addressed by this Court because

the issue was not briefed as part of the Motions for Summary Judgment.

The fact remains that Plaintiffs herein were not compensated for their overtime during

this period of time. The U.S. Court of Appeals noted that the Department of Labor conducted an

"audit review" on March 21, 2001. The Court found that this review was prepared by Mountaire

based on oral statements of the DOL reviewers. Importantly, this review noted that "the Crew

Leaders (who were then still hourly paid) should be receiving overtime and that house-to-house

travel is compensable for hours worked." 453 F.3d at 556. This serves as an acknowledgement

by Mountaire that after speaking with the DOL reviewers, they knew that the Crew Leaders

should be receiving overtime and that their long hours of crew pick-up and drop off (5 – 6 hours

a day) should be compensable. The record is clear and Mountaire admits that it has never paid

Plaintiffs any overtime to include any compensation for the pick-ups ad drop-offs of the crew.

---

[2] It is uncontroverted that under the FLSA in order to qualify as an exempt employee, the employee must be "salaried" rather than an hourly employee. 29 C.F.R. § 541.600 (2004).

In addition to this admission, the Court noted that, "Mountaire concedes that the Crew Leaders' duties and responsibilities did not change after they were switched to a salaried status." *Id.* at 556. Mountaire's concession means that, through their own admission, the Crew Leaders' duties and responsibilities did not change (and have not changed) and therefore the Crew Leaders must properly be deemed non-exempt at all times relevant to this litigation. While Defendants' other arguments in the summary judgment briefing as well as the Court of Appeals briefing would indicate that they are not now making such a concession, this admission is on the record and requires judicial recognition. Defendants have, in effect, conceded that Plaintiffs are entitled to overtime.

## III.    BECAUSE THE CREW LEADERS ARE SUBJECT TO PARTIAL DAY DEDUCTIONS, THEY ARE NON-EXEMPT UNDER THE FLSA.

One of the general rules under the FLSA is that exempt employees lose their status as exempt if they are docked for partial-day absences. *Donovan v. Carls Drugs, Inc.*, 703 F.2d 650, 652 (2d Cir. 1983). The Court of Appeals, in reviewing the entire record in our matter, determined that the Crew Leaders are "subject to partial day deductions for partial time off from normal work hours with their vacation and holiday pay calculated on an hourly rate."

Plaintiffs respectfully submit that the partial-day deductions are prohibited by the salary basis test in the regulation determining exempt status. As such, Plaintiffs are not eligible for exempt status. Plaintiffs are entitled to the receipt of overtime benefits under the FLSA.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants'

Motion for Partial Summary Judgment.

### MARGOLIS EDELSTEIN

/s/ Jeffrey K. Martin
Jeffrey K. Martin (Del. Bar No. 2407)
1509 Gilpin Avenue
Wilmington, DE  19806
(302)-777-4680
Attorney for Plaintiffs

Dated:  October 13, 2006