D

IN THE UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

Docket No.: 05-3982

| | |
|---|---|
| WILLIE DAVIS, JR.; | ) |
| NATHANIEL BRIDDELL; | ) |
| JOSEPH GARRISON;  LARRY E. | ) |
| GIBBS; ROY H. WALTERS, | ) |
| | ) Docket No. 05-3982 |
| APPELLANTS, | ) District Court No. 04-0414(KAJ) |
| v. | ) |
| | ) |
| MOUNTAIRE FARMS, INC., a | ) |
| Delaware Corporation; | ) |
| MOUNTAIRE FARMS OF | ) |
| DELMARVA, INC., a | ) |
| Delaware Corporation;and | ) |
| MOUNTAIRE FARMS | ) |
| DELAWARE, INC., a Delaware | ) |
| Corporation, | ) |
| | ) |
| APPELLEES. | ) |

05 DEC 21  PM 6:55

USDC-HDPA
REC'D CLERK

## APPENDIX TO OPENING BRIEF OF APPELLANTS
## VOLUME TWO (pages A-0034-257)

On appeal from the United States District Court
for the District of Delaware

BY:  Jeffrey K. Martin, Esquire
Lori A. Brewington, Esquire
MARGOLIS EDELSTEIN
1509 Gilpin Avenue
Wilmington, DE  19806
(302) 777-4680
DE Attorney ID No. 2407
DE Attorney ID No. 4522

DATED:  December 21, 2005

# TABLE OF CONTENTS

Page

Complaint filed in U.S. District Court,
dated June 18, 2004 …………………………………….. A-0034

Defendants' Answer and Affirmative Defenses to
Plaintiffs' Complaint, dated July 9, 2004 ……………. A-0052

Affidavit of Roy H. Walters, dated May 1, 2005 ……. A-0060

Affidavit of Larry E. Gibbs, dated May 1, 2005 …….. A-0062

Affidavit of Joseph Garrison, dated May 1, 2005 …… A-0064

Affidavit of Nathaniel Briddell, dated May 1, 2005 …. A-0066

Affidavit of Willie Davis, Jr., dated May 1, 2005 ……. A-0068

Deposition Transcript of Roy H. Walters, taken on
February 15, 2005 …………………………………….. A-0070

Deposition Transcript of Larry E. Gibbs, taken on
January 20, 2005 …………………………………… A-0115

Deposition Transcript of Joseph Garrison, taken on
January 14, 2005 …………………………………….. A-0145

Deposition Transcript of Nathaniel Briddell, taken on
January 27, 2005 …………………………………… A-0184

Deposition Transcript of Willie Davis, taken on
March 15, 2005 ……………………………………….. A-0214

Deposition Transcript of William Douglas Lynch, taken
on March 15, 2005 ………………………………….. A-0247

Deposition Transcript of Phillip Owen, taken on
February 1, 2005 …………………………………….A-0252

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

2004 JUN 21  PM 3: 11

| | |
|---|---|
| WILLIE DAVIS, JR., <br> NATHANIEL BRIDDELL, <br> GEORGE W. FEDDIMAN, <br> JOSEPH GARRISON, <br> LARRY E. GIBBS, <br> ROY H. WALTERS, <br><br> ALL SIMILARLY-SITUATED CURRENT AND <br> FORMER EMLOYEES OF MOUNTAIRE <br> FARMS, INC., MOUNTAIRE FARMS OF <br> DELMARVA, INC., and MOUNTAIRE FARMS <br> OF DELAWARE, INC., <br><br><br> Plaintiffs, <br><br> v. <br><br> MOUNTAIRE FARMS, INC., <br> MOUNTAIRE FARMS OF <br> DELMARVA, INC., and <br> MOUNTAIRE FARMS OF <br> DELAWARE, INC., all Delaware corporations, <br><br> Defendants. | C.A. NO.    0 4 - 4 1 4 <br><br> JURY TRIAL DEMANDED <br><br> COLLECTIVE ACTION |

## COMPLAINT

### INTRODUCTION

1.    Plaintiffs are residents of the states of Delaware and/or Maryland who are

or were employed by Mountaire Farms, Inc., Mountaire Farms of Delmarva, Inc., and/or

Mountaire Farms of Delaware, Inc. (hereinafter, collectively referred to as "Defendant").

Plaintiffs have filed this action for themselves individually, and on behalf of all similarly-

situated current and former employees against Defendant for past and ongoing wages

owed in the nature of unpaid overtime pay, as well as other damages and remedies.

A-0034

Plaintiffs contend that Defendant violated and continues to violate the *Fair Labor Standards Act* (hereinafter, "FLSA"), as amended, 29 U.S.C. § 201 et seq., as well as the applicable United States Department of Labor Regulations, including 29 C.F.R. § 541.103 et seq. and the *Delaware Wage Payment and Collection Act*, Chapter 11, Title 19 of the Delaware Code pursuant to 19 Del. C. § 1113(a). Former and current employees may file written consents to join this representational action.

## JURISDICTION AND NATURE OF ACTION

2.     This Court has federal question jurisdiction over this cause of action pursuant to Section 16(b) of the FLSA, as amended, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

3.     Venue is proper in this Court pursuant to 29 U.S.C. § 1132 and/or § 1451, as well as 28 U.S.C. § 1391(b).

4.     At all relevant times herein, Defendant's business activities were/are related and performed through unified operations or common control for a common business purpose and constituted/constitute an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

5.     At all relevant times herein, Defendant employed and continues to employ persons in its place of business in furtherance of the activities of the above enterprise while engaged in commerce and, also at all relevant times herein, Defendant engaged and continues to engage in commerce by handling, selling and/or working on goods or materials that have been moved in, or produced for, commerce.

A-0035

6.    At all relevant times herein, Defendant's business and enterprise has/had an annual gross volume of sales made or business done in an amount of not less than Five Hundred Thousand Dollars ($500,000.00).

## PARTIES

7.    Plaintiff, Willie Davis, Jr., is an individual residing at P.O. Box 1026, Millsboro, Delaware 19966. He had been continuously employed by Defendant as a Crew Leader at all times relevant to this Complaint.

8.    Plaintiff, Nathaniel Briddell, in an individual residing at 14544 Jackson Boulevard, Eden, Maryland 21822. He has been continuously employed by Defendant as a Crew Leader at all times relevant to this Complaint.

9.    Plaintiff, George W. Feddiman, is an individual residing at Route 2, Box 12, Selbyville, Delaware 19975. He has been continuously employed by Defendant as a Crew Leader at all times relevant to this Complaint.

10.    Plaintiff, Joseph Garrison, is an individual residing at Route 4, Box 4F, Frankford, Delaware 19945. He has been continuously employed by Defendant as a Crew Leader at all times relevant to this Complaint.

11.    Plaintiff, Larry E. Gibbs, is an individual residing at Route 1, Box 96B, Frankford, Delaware 19945. He has been continuously employed by Defendant as a Crew Leader at all times relevant to this Complaint.

12.    Plaintiff, Roy H. Walters, is an individual residing at RD1, Box 184, Dagsboro, Delaware 19939. He has been continuously employed by Defendant as a Crew Leader at all times relevant to this Complaint.

13.    All of the named Plaintiffs have previously filed written consents to join this action, which are attached hereto as Exhibit "A".

14.    Defendant, Mountaire Farms, Inc., is a Delaware corporation duly organized and existing under the laws of the State of Delaware, whose registered agent for the service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

15.    Defendant, Mountaire Farms of Delmarva, Inc., is a Delaware corporation duly organized and existing under the laws of the State of Delaware, whose registered agent for the service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

16.    Defendant, Mountaire Farms of Delaware, Inc., is a Delaware corporation duly organized and existing under the laws of the State of Delaware, whose registered agent for the service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## FACTUAL BACKGROUND

17.    The named Plaintiffs are situated similarly to a number of current and former employees of Defendant who worked as Crew Leaders or in similar non-exempt positions during the (3) years immediately preceding the filing of this lawsuit.

18.    The unnamed Plaintiffs have the same or closely similar job duties as the named Plaintiffs and all Plaintiffs were paid by Defendant in the same manner in violation of the FLSA.    Accordingly, the named Plaintiffs are representative of all

A-0037

Plaintiffs employed as Crew Leaders or other similar non-exempt positions involving the production, processing, and distribution of poultry products for consumers.

19.    Defendant is a Delaware corporation that, by and through its employees, including Plaintiffs, is engaged in the production, processing and distribution of poultry products for consumers.

20.    Plaintiffs have/had been employed by Defendant within the past three (3) years.

21.    For the past several years, going back at least three (3) years for the purpose of this action, Plaintiffs have/had been classified as "exempt" employees pursuant to the FLSA and thereby were not paid time-and-a-half for hours worked in excess of forty (40) hours per week.

22.    The duties of Plaintiffs do not meet the management exception to the non-exemption statutes, nor any other exception, to the relevant sections of the FLSA as defined under the statute and the applicable code of federal regulations.

23.    At all relevant times herein, Defendant followed and continues to follow a corporate policy and/or practice that requires/required Plaintiffs to submit a daily time sheet broken down for each day of the week.

24.    For the three (3)-year period immediately preceding the filing of this Complaint, Defendant failed to pay Plaintiffs the compensation to which they were entitled under the FLSA; Plaintiffs have been paid only for the time beginning when the farm(s) they are assigned to open, and have not been paid for any of the time they are required to travel, pick up, and return home the catchers necessary to perform the work at

the farm(s), resulting in Plaintiffs not being paid for numerous hours worked beyond forty (40) every week.

25.    On average, Plaintiffs work/worked three (3) to five (5) overtime hours per day, fifteen (15) to twenty-five (25) overtime hours per week, if not more, in excess of forty (40) hours without any overtime compensation from Defendant whatsoever.

26.    At all relevant times herein, Defendant followed and enforced, and continues to follow and enforce, a corporate policy and/or practice of partial day deduction, in that any partial time taken off from normal working hours by any of Plaintiffs, other than established work holidays, is/was deducted from their pay, charged to their vacation or sick time or made up at times other than normal work hours.

27.    Because of Defendant's policy and/or practice as described in Paragraph 24 supra, Plaintiffs are/were subjected to a partial day deduction for partial time off from normal work hours, whereby they directly receive/received a reduction in the amount of compensation because of violations in the quantity of the work performed, or directly receive/received such reduction in the amount of compensation in the event they choose/chose to charge the time off from normal work hours against their vacation or sick time or to make up the time outside normal work hours.

28.    Despite its policy and/or practice of partial pay deductions, as described in Paragraphs 24 through 25 supra, at all times herein, Defendant improperly classified and continues to improperly classify Plaintiffs as exempt from the overtime requirements of the FLSA and applicable regulations.

**A-0039**

29.     Plaintiffs worked in excess of forty (40) hours continually in various work weeks throughout the previous three (3) years, and they continue to work in excess of forty (40) hours in various work weeks and will likely continue to do so hereafter, without receiving the proper amount of overtime pay.

30.     Plaintiffs were in the position(s) of Crew Leaders.  As Crew Leaders, Plaintiffs had no power to hire or fire employees.  Plaintiffs were not permitted to make their own work hours or schedules.   All of the aforementioned management responsibilities were dictated to Plaintiffs by Defendant.  Plaintiffs never qualified for the management exception to the FLSA.

31.     During the preceding three (3) years, Defendant knew that Plaintiffs were working in excess of forty (40) hours per work week, and that Plaintiffs were not receiving the compensation to which Plaintiffs were entitled under the FLSA and Delaware law.

32.     Plaintiffs were also forced to use their personal automobiles to pick up, transport and/or return home various personnel on a daily basis.  Defendant continuously refused to supply company vehicles to Plaintiffs.  Plaintiffs even had to leave their personal vehicles for company use if they were out sick or went on vacation. Additionally, Plaintiffs were responsible for all maintenance and repairs to their vehicles, including those caused by damages that occurred while Plaintiffs were working for Defendant.   Plaintiffs were responsible for providing insurance coverage, up to $1,000,000.00 to cover Defendant's employees in the event of accident on company time.

33.    Defendant was put on notice by the undersigned counsel on behalf of Plaintiffs by letter dated February 27, 2004 that its policies and/or practices described herein are/were improper and illegal but Defendant has continued said policies and/or practices to date and will likely continue them in effect hereafter.

34.    Furthermore, when Defendant learned of Plaintiffs' intentions to seek counsel, Defendant immediately retaliated against Plaintiffs, threatening Plaintiffs with termination of their employment if they continue to pursue these issues with counsel.

35.    Many of the Plaintiffs are receiving/have received verbal harassment, and /or were issued "final warnings" before termination in an attempt to threaten, coerce, or intimidate Plaintiffs to prevent them from filing this action.

36.    Many of Plaintiffs have been cornered by various management personnel and questioned individually regarding their discussions with counsel and the nature of this action.

37.    In fact, during a meeting between Plaintiffs and counsel on a Saturday morning, Plaintiffs recognized a vehicle or vehicles owned and operated by Defendant's upper management personnel circling the parking lot of the diner at which Plaintiffs were assembled for this meeting.

38.    Defendant knew at all times, and showed reckless disregard for the fact that its pay policies and/or practices violated the FLSA.  Defendant's violations of the FLSA were committed willfully and recklessly. .

39.    As a result of the foregoing, Defendant has willfully and continuously failed and refused to pay Plaintiffs time-and-a-half for weeks in which they worked in

excess of forty (40) hours, and Defendant's willful failure and refusal to pay Plaintiffs time-and-a-half for overtime work continues to this date and is likely to continue hereafter.

40.    The precise amount of compensation due to Plaintiffs is unknown because the information required (i.e. time records, work schedules, etc.) is under the exclusive control of Defendant.  Plaintiffs, nonetheless, believe that the compensation owed to them is quite substantial.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

41.    Plaintiffs repeat and re-allege the allegations of Paragraphs 1 through 40 by reference as if specifically set forth herein.

42.    Defendant has at all times herein, continuously and willfully violated, and continues to willfully violate, Sections 7 and 5(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by misclassifying Plaintiffs as employees who are exempt from the overtime requirements of the FLSA and applicable regulations and in failing and refusing, and continuing to fail and refuse, to pay time-and-a-half to Plaintiffs who have routinely worked, and continue to work, in excess of forty (40) hours per work week.  Such violations are likely to continue hereafter, unless enjoined through this action.

43.    The FLSA violations set forth in the preceding paragraphs, have been and continue to be knowing and willful.  Among other things, Defendant was put on notice by letter of February 27, 2004 that its policies and/or practices as identified herein were improper and illegal under the FLSA and applicable regulations.  Despite this notice, Defendant has knowingly and intentionally continued its illegal policies and/or practices

to date, and is likely to continue such policies and/or practices hereafter unless enjoined through this action. Defendant is bound by both federal and state law to pay all non-exempt employees time-and-a-half for every work hour completed above and beyond a standard forty (40)-hour work week.

**COUNT II**
**VIOLATION OF THE WAGE PAYMENT AND COLLECTION ACT**

44.     Plaintiffs repeat and re-allege the allegations of Paragraphs 1 through 43 by reference as if specifically set forth herein.

45.     Defendant is an "employer" within the meaning of 19 Del. C. § 1101(a)(3), and Plaintiffs are "employees" within the meaning of 19 Del. C. § 1101(a)(4).

46.     Defendant willfully determined not to pay Plaintiffs' overtime as alleged above herein, in violation of 19 Del. C. § 1102(b)(1). Plaintiffs are entitled to liquidated damages in an amount equal to the unpaid overtime pursuant to 19 Del. C. § 1103 (b) and attorneys' fees, costs of prosecution and costs of this action pursuant to 19 Del. C. § 1113(c).

**COUNT III**
**RETALIATION**

47.     Plaintiffs repeat and re-allege the allegations of Paragraphs 1 through 46 by reference as if specifically set forth herein.

48.     The practices of Defendant as complained of above had the effect of depriving Plaintiffs of equal employment opportunities or otherwise adversely affected their employment when Defendant retaliated against Plaintiffs after being put on notice

by the undersigned counsel on February 27, 2004. Plaintiffs were issued final warning notices, individually questioned by management personnel, and told they would be terminated if they continued to pursue any action(s) against Defendant. These practices and were done with malice and/or reckless indifference to the federally-protected rights of Plaintiffs.

49.    The practices of Defendant as described above caused Plaintiffs to experience conscious pain and suffering and other emotional harm.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendant Mountaire Farms, Inc., Mountaire Farms of Delmarva, Inc., and Mountaire Farms of Delaware, Inc., for damages past and ongoing, unpaid overtime wages, interest, liquidated damages as provided by the law, damages pursuant to the *Delaware Wage Payment and Collection Act*, reasonable attorneys' fees, expert witness fees and costs, court costs, punitive damages and such other relief and damages as may be provided by law. Moreover, pursuant to the procedure of the United States Supreme Court set forth in Hoffman-LaRoche v. Sperling, 493 U.S. 165, 110 S. Ct. 482 (1989), approve the sending of a Notice and Consent form to all Plaintiffs whom Defendant employed in the position of Crew Leader or similar non-exempt positions involved in the production, processing, and distribution of poultry products for consumers between June 18, 2001 and the present time; the notice shall inform each such individual of this lawsuit and his/her right to file a written consent to join the lawsuit as a Plaintiff. Furthermore, Plaintiffs request that Defendant be permanently enjoined from continuing the policies and/or practices

A-0044

identified herein, which have been and continue to be in direct violation of the FLSA, the applicable regulations, and the *Delaware Wage Payment and Collection Act*.

JEFFREY K. MARTIN, P.A.

Jeffrey K. Martin, Esquire (#2407)
1509 Gilpin Avenue
Wilmington, Delaware 19806
(302) 777-4680 phone
(302) 777-4682 facsimile
Attorney for Plaintiffs

Dated:  June 18, 2004

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

WILLIE DAVIS, JR., )
NATHANIEL BRIDDELL, )
GEORGE W. FEDDIMAN, )            C.A. NO.
JOSEPH GARRISON, )
LARRY E. GIBBS, )
ROY H. WALTERS, )                JURY TRIAL DEMANDED
)
)
        Plaintiffs, )
)
v. )
)
MOUNTAIRE FARMS OF )
DELAWARE, INC., )
)
        Defendant. )

**CONSENT TO BECOME PARTY PLAINTIFF & PROSECUTE CLAIM FOR**

**COMPENSATION UNDER THE FAIR LABOR AND STANDARDS ACT**

I hereby consent to become a party plaintiff to this action. I authorize attorney(s)
of Jeffrey K. Martin, P.A. to represent me and to proceed on my behalf and others
similarly-situated with regard to our claims for compensation due pursuant to the Fair
Labor Standards Act, 29 U.S.C. § 201, *et seq.* I have reviewed the Complaint filed in this
action. The general allegations set forth in the Complaint are true and correct to the best
of my knowledge and belief, although I do not have personal information regarding the
other plaintiffs' rate of pay or work record.

_____
Signature

_____
Print Name

Counsel for Plaintiffs:
Jeffrey K. Martin, P.A.                          **A-0046**
1509 Gilpin Avenue
Wilmington, Delaware 19806
(302) 777-4680
(3020 777-4682 (Fax)



EXHIBIT
"A"

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

WILLIE DAVIS, JR.,                    )
NATHANIEL BRIDDELL,                   )
GEORGE W. FEDDIMAN,                   )        C.A. NO.
JOSEPH GARRISON,                      )
LARRY E. GIBBS,                       )
ROY H. WALTERS,                       )        JURY TRIAL DEMANDED
                                      )
                                      )
        Plaintiffs,                   )
                                      )
v.                                    )
                                      )
MOUNTAIRE FARMS OF                    )
DELAWARE, INC.,                       )
                                      )
        Defendant.                    )

## CONSENT TO BECOME PARTY PLAINTIFF & PROSECUTE CLAIM FOR COMPENSATION UNDER THE FAIR LABOR AND STANDARDS ACT

I hereby consent to become a party plaintiff to this action. I authorize attorney(s) of Jeffrey K. Martin, P.A. to represent me and to proceed on my behalf and others similarly-situated with regard to our claims for compensation due pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* I have reviewed the Complaint filed in this action. The general allegations set forth in the Complaint are true and correct to the best of my knowledge and belief, although I do not have personal information regarding the other plaintiffs' rate of pay or work record.

*Nathaniel Briddell*

Signature

*Nathaniel Briddell*

Print Name

Counsel for Plaintiffs:
Jeffrey K. Martin, P.A.
1509 Gilpin Avenue
Wilmington, Delaware 19806
(302) 777-4680
(3020 777-4682 (Fax)

**A-0047**

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

WILLIE DAVIS, JR.,                    )
NATHANIEL BRIDDELL,                   )
GEORGE W. FEDDIMAN,                   )        C.A. NO.
JOSEPH GARRISON,                      )
LARRY E. GIBBS,                       )
ROY H. WALTERS,                       )        JURY TRIAL DEMANDED
                                      )
                                      )
        Plaintiffs,                   )
                                      )
v.                                    )
                                      )
MOUNTAIRE FARMS OF                    )
DELAWARE, INC.,                       )
                                      )
        Defendant.                    )

## CONSENT TO BECOME PARTY PLAINTIFF & PROSECUTE CLAIM FOR
## COMPENSATION UNDER THE FAIR LABOR AND STANDARDS ACT

I hereby consent to become a party plaintiff to this action. I authorize attorney(s) of Jeffrey K. Martin, P.A. to represent me and to proceed on my behalf and others similarly-situated with regard to our claims for compensation due pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* I have reviewed the Complaint filed in this action. The general allegations set forth in the Complaint are true and correct to the best of my knowledge and belief, although I do not have personal information regarding the other plaintiffs' rate of pay or work record.

George W. Feddiman
Signature

GEORGE W. FEDDIMAN
Print Name

Counsel for Plaintiffs:
Jeffrey K. Martin, P.A.
1509 Gilpin Avenue
Wilmington, Delaware 19806
(302) 777-4680
(3020 777-4682 (Fax)

A-0048

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

WILLIE DAVIS, JR.,                    )
NATHANIEL BRIDDELL,                   )
GEORGE W. FEDDIMAN,                   )        C.A. NO.
JOSEPH GARRISON,                      )
LARRY E. GIBBS,                       )
ROY H. WALTERS,                       )        JURY TRIAL DEMANDED
                                      )
                                      )
        Plaintiffs,                   )
                                      )
v.                                    )
                                      )
MOUNTAIRE FARMS OF                    )
DELAWARE, INC.,                       )
                                      )
        Defendant.                    )

## CONSENT TO BECOME PARTY PLAINTIFF & PROSECUTE CLAIM FOR COMPENSATION UNDER THE FAIR LABOR AND STANDARDS ACT

I hereby consent to become a party plaintiff to this action. I authorize attorney(s) of Jeffrey K. Martin, P.A. to represent me and to proceed on my behalf and others similarly-situated with regard to our claims for compensation due pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* I have reviewed the Complaint filed in this action. The general allegations set forth in the Complaint are true and correct to the best of my knowledge and belief, although I do not have personal information regarding the other plaintiffs' rate of pay or work record.

_Joseph Garrison_
Signature

_Joseph Garrison_
Print Name

Counsel for Plaintiffs:
Jeffrey K. Martin, P.A.
1509 Gilpin Avenue
Wilmington, Delaware 19806
(302) 777-4680
(3020 777-4682 (Fax)

**A-0049**

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

WILLIE DAVIS, JR.,                    )
NATHANIEL BRIDDELL,                   )          C.A. NO.
GEORGE W. FEDDIMAN,                   )
JOSEPH GARRISON,                      )
LARRY E. GIBBS,                       )          JURY TRIAL DEMANDED
ROY H. WALTERS,                       )
                                      )
                                      )
        Plaintiffs,                   )
                                      )
                                      )
v.                                    )
                                      )
MOUNTAIRE FARMS OF                    )
DELAWARE, INC.,                       )
                                      )
        Defendant.                    )

## CONSENT TO BECOME PARTY PLAINTIFF & PROSECUTE CLAIM FOR COMPENSATION UNDER THE FAIR LABOR AND STANDARDS ACT

I hereby consent to become a party plaintiff to this action. I authorize attorney(s) of Jeffrey K. Martin, P.A. to represent me and to proceed on my behalf and others similarly-situated with regard to our claims for compensation due pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* I have reviewed the Complaint filed in this action. The general allegations set forth in the Complaint are true and correct to the best of my knowledge and belief, although I do not have personal information regarding the other plaintiffs' rate of pay or work record.

_Larry E. Gibbs_
Signature

_Larry E Gibbs_
Print Name

Counsel for Plaintiffs:
Jeffrey K. Martin, P.A.
1509 Gilpin Avenue
Wilmington, Delaware 19806
(302) 777-4680
(3020 777-4682 (Fax)

A-0050

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

WILLIE DAVIS, JR.,          )
NATHANIEL BRIDDELL,    )
GEORGE W. FEDDIMAN,   )      C.A. NO.
JOSEPH GARRISON,       )
LARRY E. GIBBS,        )
ROY H. WALTERS,        )      JURY TRIAL DEMANDED
                        )
      Plaintiffs,     )
                        )
v.                    )
                        )
MOUNTAIRE FARMS OF    )
DELAWARE, INC.,        )
                        )
      Defendant.     )

## CONSENT TO BECOME PARTY PLAINTIFF & PROSECUTE CLAIM FOR COMPENSATION UNDER THE FAIR LABOR AND STANDARDS ACT

    I hereby consent to become a party plaintiff to this action. I authorize attorney(s) of Jeffrey K. Martin, P.A. to represent me and to proceed on my behalf and others similarly-situated with regard to our claims for compensation due pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* I have reviewed the Complaint filed in this action. The general allegations set forth in the Complaint are true and correct to the best of my knowledge and belief, although I do not have personal information regarding the other plaintiffs' rate of pay or work record.

                                _Roy Walters_
                                Signature

                                _Roy Walters_
                                Print Name

Counsel for Plaintiffs:
Jeffrey K. Martin, P.A.
1509 Gilpin Avenue
Wilmington, Delaware 19806
(302) 777-4680
(3020 777-4682 (Fax)

A-0051

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WILLIE DAVIS, JR., *et al.*,           \*

                               \*

            Plaintiff,          \*      Civil Action No. 04-414-KAJ

      v.                           \*

                               \*

MOUNTAIRE FARMS, INC., *et al.* \*

                               \*

           Defendants.       \*

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFFS' COMPLAINT

Defendants, Mountaire Farms, Inc., Mountaire Farms of Delmarva, Inc. and Mountaire Farms of Delaware, Inc., by and through their undersigned attorneys, submit their Answer and Affirmative Defenses to Plaintiffs' Complaint and state as follows:

### INTRODUCTION

1.      The Defendants admit the allegations contained in Paragraph 1 of the Complaint only insofar as it pertains to the residences and employment of the Plaintiffs.

2.      The Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3.      The Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4.      The Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5.      The Defendants admit the allegations contained in Paragraph 5 of the Complaint.

**A-0052**

6.    The Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7.    The Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8.    The Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9.    The Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10.    The Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11.    The Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12.    The Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13.    The Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14.    The Defendants admit the allegations contained in Paragraph 14 of the Complaint.

15.    The Defendants admit the allegations contained in Paragraph 15 of the Complaint.

16.    The Defendants admit the allegations contained in Paragraph 16 of the Complaint.

A-0053

17.     The Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.     The Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.     The Defendants admit the allegations contained in Paragraph 19 of the Complaint.

20.     The Defendants admit the allegations contained in Paragraph 20 of the Complaint.

21.     The Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.     The Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.     The Defendants admit the allegations contained in Paragraph 23 of the Complaint.

24.     The Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.     The Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.     The Defendants deny the allegations contained in Paragraph 26 of the Complaint.

A-0054

27.    The Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.    The Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.    The Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.    The Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.    The Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.    The Defendants deny the allegations contained in Paragraph 32 of the Complaint as stated. By way of further answer, the Defendants aver that, in exchange for the payment to each of the Plaintiffs of an automobile allowance of $12,500 per year in lieu of providing a company vehicle, the Plaintiffs agree to use their own automobiles to pick up, transport and/or return home various personnel, to leave their automobiles for company use if they are out sick or are on vacation, to be responsible for maintenance and repairs to the vehicles, and to provide insurance coverage up to $1,000,000.00 to cover Defendants' employees in the event of accident on company time.

33.    The Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.    The Defendants deny the allegations contained in Paragraph 34 of the Complaint.

A-0055

4

35.     The Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.     The Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.     The Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.     The Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.     The Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.     The Defendants deny the allegations contained in Paragraph 40 of the Complaint.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

41.     The Defendants repeat, reallege and incorporate herein by reference each and all of its responses set forth in paragraphs 1 through 40 above.

42.     The Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.     The Defendants deny the allegations contained in Paragraph 43 of the Complaint.

## COUNT II
## VIOLATION OF THE WAGE PAYMENT AND COLLECTION ACT

A-0056

5

44.     The Defendants repeat, reallege and incorporate herein by reference each and all of its responses set forth in paragraphs 1 through 43 above.

45.     The Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46.     The Defendants deny the allegations contained in Paragraph 46 of the Complaint.

**COUNT III**
**RETALIATION**

47.     The Defendants repeat, reallege and incorporate herein by reference each and all of its responses set forth in paragraphs 1 through 46 above.

48.     The Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.     The Defendants deny the allegations contained in Paragraph 49 of the Complaint.

**AFFIRMATIVE DEFENSES TO COMPLAINT**

WHEREFORE, having answered in full, Defendants state below the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

The Plaintiffs are exempt from the overtime provisions of the Fair Labor Standards Act pursuant to the requirements of the executive exemption.

**SECOND AFFIRMATIVE DEFENSE**

The Plaintiffs exercise a sufficient amount of supervisory authority as to be exempt by the Fair Labor Standards Act.

**A-0057**

### THIRD AFFIRMATIVE DEFENSE

The Defendants have not engaged in any conduct or course of conduct which would amount to a willful violation of the Fair Labor Standards Act.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs and each of them respectively receive an automobile allowance of $12,500 per year.

### RESERVATION OF RIGHTS

Defendants reserve the right to assert any and all additional affirmative defenses that may be determined during the course of discovery.

Matthew F. Boyer (Del. Bar. No. 2564)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
(302)-884-6585
*Attorneys for Defendants*
*Mountaire Farms, Inc.*


Arthur M. Brewer
Shawe & Rosenthal, LLP
20 S. Charles Street, 11th Floor
Baltimore, MD 21201
(410)-752-1040
*Attorneys for Defendants*
*Mountaire Farms, Inc.*


DATED:  July 9, 2004

**A-0058**

7

## CERTIFICATE OF SERVICE

This is to certify that on July 9, 2004, a copy of the Defendants' Answer and

Affirmative Defenses was served by first class mail, postage prepaid, upon:

Jeffrey K. Martin, Esquire
1509 Gilpin Avenue
Wilmington, DE  19806

_____
Matthew F. Boyer

344346_1.DOC

A-0059