IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIE DAVIS, JR., NATHANIEL BRIDDELL, GEORGE W. FEDDIMAN, JOSEPH GARISON, LARRY E. GIBBS, ROY H. WALTERS, and ALL SIMILARLY-SITUATED CURRENT AND FORMER EMPLOYEES OF MOUNTAIRE FARMS, INC., MOUNTAIRE FARMS OF DELMARVA INC., and MOUNTAIRE FARMS OF DELAWARE, INC., | * | |
| Plaintiffs, | * | Civil Action No. 04-414 – KAJ |
| v. | * | |
| MOUNTAIRE FARMS, INC., a Delaware Corporation, MOUNTAIRE FARMS OF DELMARVA, a Delaware Corporation, and MOUNTAIRE FARMS OF DELAWARE, INC., a Delaware Corporation, | * | |
| Defendants. | * | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Matthew F. Boyer (Del. Bar No. 2564)
CONNOLLY BOVE LODGE & HUTZ, LLP
The Nemours Building
1220 Market Street
P. O. Box 2207
Wilmington, DE  19899
(302) 884-6585

Arthur M. Brewer (admitted *Pro Hac Vice*)
SHAWE & ROSENTHAL, LLP
Sun Life Building, 11th Floor
20 S. Charles Street
Baltimore, MD  21201
(410) 752-1040

DATED:  November 10, 2006

## TABLE OF CONTENTS

PAGE

ARGUMENT ...........................................................................................................................3

    1.    MOUNTAIRE MAY RELY ON THE REGULATION IN
          EFFECT PRIOR TO AUGUST 23, 2004 ................................................................3

    2.    THE PRIOR RULING THAT PLANTIFFS SATISFIED
          THE SALARY BASIS TEST IS LAW OF THE CASE .........................................2

    3.    THE CREW LEADERS WERE NOT SUBJECT TO DEDUCTIONS ..................5

CONCLUSION ........................................................................................................................8

# TABLE OF AUTHORITIES

**CASES**                                                                                                                                      **PAGE**

*Adams v. United States*
255 F.3d 787 (9th Cir. 2001) ..............................................................................................7

*Cowgill v. Raymark Industries*
832 F.2d 798, 801 (3d Cir. 1987)........................................................................................5

*New Hampshire v. Maine*
532 U.S. 742 (2001)............................................................................................................3

*Skretvedt v. E.I. DuPont de Nemours*
372 F.3d 193, 203 (3d Cir. 2004).........................................................................................5

**RULE**

Federal Practice and Procedure: Jurisdiction 2d § 4477 ....................................................3

Federal Practice and Procedure: Jurisdiction 2d § 4478.3 ...........................................3, 7

Federal Practice and Procedure: Jurisdiction 2d § 4478.6 ................................................5

**REGULATIONS**

29 U.S.C. § 255...................................................................................................................4

## ARGUMENT

1. **MOUNTAIRE MAY RELY ON THE REGULATION IN EFFECT PRIOR TO AUGUST 23, 2004.**

Plaintiffs' argument that judicial estoppel bars Mountaire from relying on the regulation in effect prior to August 23, 2004 (D.I. 75 at 4) is foreclosed by the opinion of the Court of Appeals, note 2 of which commends the old regulation to the attention of the District Court on remand. Note 2 is part of the mandate and thus law of the case. Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 4478.3 at n. 40 ("It does violate the mandate, however, to fail to decide questions that the court of appeals has directed the lower court to decide.").

The mandate would take priority over the doctrine of judicial estoppel if there were a conflict between them, but in this case there is no such conflict. Judicial estoppel may apply when a party takes inconsistent positions. *Id.* at § 4477. Mountaire has not taken inconsistent factual positions. It consistently relied on the same facts. Nor did Mountaire make inconsistent legal arguments. The first three prongs of the new regulation are the same as the old regulation. Thus, Mountaire's position gave Plaintiffs every opportunity and incentive to contest each prong of the old three-part regulation. Moreover, Mountaire did not seek to benefit by attempting to prove the exemption under the new regulation for the entire period in question. In fact, it assumed a higher than necessary burden. *New Hampshire v. Maine*, 532 U.S. 742 (2001)(party to be estopped must have benefited from prior inconsistent position).

## 2. THE PRIOR RULING THAT PLANTIFFS SATISFIED THE SALARY BASIS TEST IS LAW OF THE CASE.

Plaintiffs argue that Crew Leaders were not paid on a salary basis prior to July 2002. D.I. 75 at 9. That argument was waived and cannot be revived. The finding that the Crew Leaders were paid on a salaried basis is law of the case.

In opposition to Mountaire's earlier motion for summary judgment, Plaintiffs responded that they "must concede that they were compensated on a salary basis thereby satisfying section (a) above." D.I. 51 at 13. The District Court relied on this concession in granting summary judgment: "Plaintiffs concede that they were compensated on a salary basis sufficient to satisfy section (a)(1) of the regulation." D.I. 55 at 7. After the District Court granted Mountaire's motion for summary judgment, Plaintiffs moved for reargument, arguing that Mountaire willfully failed to pay overtime prior to June or July 2002.[1] D.I. 57 at 1-2. The District Court rejected the argument, finding it "simply an attempt 'to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.'" D.I. 59 at 3-4. Plaintiffs did not renew the argument before the Court of Appeals. Their sole argument to the Court of Appeals concerned the ability of the Crew Leaders to hire and fire, under the fourth prong of the new regulation. The Court of Appeals found, "There is no dispute on appeal that the Crew Leaders satisfy the first three prongs for the exemption." Slip Op. at 9.

Under the doctrine of the law of the case, a ruling by the trial court, in an earlier stage of the case, that could have been but was not challenged on appeal, is binding in

---

[1] Plaintiffs alleged willful because the year in question is not covered by the statute of limitations unless Plaintiffs prove a willful violation. The basic statute of limitation is two years, extended to three years in the case of a willful violation. 29 U.S.C. § 255. This action was filed June 21, 2004.

4

subsequent stages of the case. *Skretvedt v. E.I. DuPont de Nemours*, 372 F.3d 193, 203 (3d Cir. 2004); *Cowgill v. Raymark Industries*, 832 F.2d 798, 801 (3d Cir. 1987); Wright, Miller & Cooper, *supra* at § 4478.6 n. 11. For example, in *Cowgill*, the district court granted defendant's motion for summary judgment based on the statute of limitations. The plaintiff did not appeal the determination that her husband had an asbestos-related disease prior to the limitations date and chose to contest only whether he knew or had reason to know of its existence. The Court of Appeals reversed and remanded on that issue. On remand, the plaintiff was barred from litigating the issue of whether her husband had an asbestos related disease prior to the limitations date.

In this case, Plaintiffs conceded that they were salaried in the initial summary judgment proceedings and did not challenge that ruling on appeal. The finding that the Plaintiffs were salaried has become law of the case and is no longer subject to challenge.

### 3. THE CREW LEADERS WERE NOT SUBJECT TO DEDUCTIONS.

In reciting the factual background, the Court of Appeals wrote, "The Crew Leaders are salaried, but are subject to partial day deductions for partial time off from normal work hours with their vacation and holiday pay calculated on an hourly basis." Slip Op. 4. Based on this statement, Plaintiffs argue that they did not satisfy the salary basis test because deductions are inconsistent with the salary basis of compensation. D.I. 75 at 10. Plaintiffs' argument should be rejected because (1) as discussed above, they waived the argument that they were not paid on a salary basis and (2) the Court of Appeals's comment about deductions is a mistaken recital of background facts and not part of the mandate.

5

The source of the Court of Appeals's comment about deductions is not clear from the decision. There was an allegation in the Complaint (D.I. 1) that Crew Leaders were subject to deductions, but the evidence obtained in discovery did not support it. The Plaintiffs testified in depositions that they were not subject to deductions for partial days off:

**Briddell**: "Q. There were no partial-day deductions taken from your pay?" "A. No." D.I. 45 at A00629; Appellate Appendix at A-1050.

**Davis**: "Q. Did you ever take a half a day off or something less than a full day off from work from the time you first became employed until the time you quit?" "A. I had to go to the hospital and I spent—I was out of work there for about pretty close to two weeks." "Q. Okay, that's a full day, did you ever take any half days off?" "A. No, no, no, sir." D.I. 52, Tab 4 at 41; Appellate Appendix at A-0243.

**Garrison**: "Q. Is it your testimony that you do not receive your full salary for that week if you take half a day off?" "A. No." …"Q. You do receive your full salary if you take a half day off?" "A. If I have to go to the doctor or something like that, yes." "Q. You get your full salary?" "A. Yes." D.I. 45 at A00441-2; Appellate Appendix at A-00853-4.

**Gibbs**: "A. I'm quite sure I didn't take a partial day off." Appellate Appendix at A-0141. "Q. Your checks have been the same since you've been salaried?" "A. Yes." D.I. 45 at A 00538; Appellate Appendix at A-0956

**Walters**: "Q. Since you have been on salary, have you ever had your pay docked for taking part of a day off?" "A. No." D.I. 45 at A00792; Appellate Appendix at A-1216.

6

In the earlier summary judgment proceeding, Plaintiffs' did not contend that they were subject to deductions and conceded that they were salaried. D.I. 51 at 13. They did not raise the question of deductions or challenge the finding that they were salaried on appeal. The Court of Appeals's mention of deductions should be classified as a mistaken recital of background information, rather than a part of its mandate. "A mere recital of matters assumed for purposes of decision and dicta are not part of the mandate." Wright, Miller & Cooper, *supra* at 4478.3 at n. 48; *Adams v. United States*, 255 F.3d 787 (9th Cir. 2001) (erroneous description in first appellate decision did not grant additional property). Accordingly, Court of Appeals's erroneous comments about deductions can and should be disregarded. It should remain the law of the case that the Plaintiffs satisfied the salary basis test.

## CONCLUSION

1. Plaintiffs Garrison, Briddell, Davis, Walter and Gibbs were employed some or all of the period prior August 23, 2004, which is covered by the old regulation. The prior ruling found that they satisfied the first three parts of the new regulation, which duplicate the entire old regulation, and that portion of the prior ruling was not challenged on appeal. Accordingly, summary judgment should be granted on all overtime claims within that period.

2. Plaintiffs Walters and Gibbs were employed on and after August 23, 2004, when the new regulations went into effect. The prior ruling found that they satisfied the first three parts of the new regulation, and that portion of the prior ruling was not challenged on appeal. Pursuant to the Court of Appeals's decision, a trial is required to determine only if they met the fourth part of the new regulation.

Date: November 10, 2006

Respectfully submitted,

_____
Matthew F. Boyer
CONNOLLY BOVE LODGE & HUTZ, LLP
1220 Market Street
P. O. Box 2207
Wilmington, DE 19899
(302) 884-6585

Arthur M. Brewer (admitted *pro hac vice*)
SHAWE & ROSENTHAL, LLP
Sun Life Building, 11th Floor
20 S. Charles Street
Baltimore, MD 21201
(410) 752-1040

Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Defendants' Reply Brief In Support of Their Motion for Partial Summary Judgment was served electronically, on this November 10, 2006, to:

> Jeffrey K. Martin, Esquire
> 1509 Gilpin Avenue
> Wilmington, DE 19806
> Attorney for Plaintiffs

/s/ Matthew F. Boyer
_____
Matthew F. Boyer

Doc. 141975