IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIE DAVIS, JR., NATHANIEL BRIDDELL, JOSEPH GARRISON, LARRY E. GIBBS, ROY H. WALTERS, and ALL SIMILARLY-SITUATED CURRENT AND FORMER EMPLOYEES OF MOUNTAIRE FARMS, INC., MOUNTAIRE FARMS OF DELMARVA, INC., and MOUNTAIRE FARMS OF DELAWARE, INC. <br><br> Plaintiffs, <br><br> v. <br><br> MOUNTAIRE FARMS, INC., a Delaware corporation, MOUNTAIRE FARMS OF DELMARVA, a Delaware corporation, and MOUNTAIRE FARMS OF DELAWARE INC., a Delaware corporation, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civ. No. 04-414-SLR ) ) ) ) ) ) ) ) ) |

Jeffrey K. Martin of Margolis Edelstein, Wilmington, Delaware. Counsel for Plaintiffs.

Matthew F. Boyer of Connolly, Bove, Lodge & Hutz, Wilmington, Delaware. Counsel for Defendants. Of Counsel: Arthur M. Brewer of Shawe & Rosenthal, LLP, Baltimore, Maryland.

**MEMORANDUM OPINION**

Dated: May 8, 2008
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiffs Willie Davis, Jr. ("Davis"), Nathaniel Briddell ("Briddell"), Joseph Garrison ("Garrison"), Larry E. Gibbs ("Gibbs"), and Roy H. Walters ("Walters") (collectively, "plaintiffs" or "Crew Leaders") brought suit against defendants Mountaire Farms, Inc., Mountaire Farms of Delmarva, Inc., and Mountaire Farms of Delaware, Inc. (collectively, "defendants") for, among others, violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et. seq.  More specifically, plaintiffs claim that they are owed overtime for hours worked in excess of forty each week, beginning in 2001 and going forward.  Presently before the court is defendants' motion for partial summary judgment (D.I. 67), based on the Third Circuit Court of Appeals' mandate directing two issues to the court's attention, as discussed in more detail below.  For the reasons that follow, defendants' motion for partial summary judgment is denied.

## II. BACKGROUND

### A. Generally

Plaintiffs are five "Crew Leaders" who are either currently or formerly employed by defendants.  Crew Leaders supervise other employees known as "chicken catchers" who travel to various growers' farms to catch and crate chickens to be sent to defendants' processing plant.[1]  Crew Leaders are required to pick up each member of their crew (seven or eight individuals) at their respective homes, transport the crew to

---

[1] For a more detailed description of plaintiffs' duties, see Davis v. Mountaire Farms, Inc., No. Civ. A. 04-414, 2005 WL 1522609, at *1-2 (D. Del. June 28, 2005) (hereinafter Mountaire I), and Davis v. Mountaire Farms, Inc., 453 F.3d 554, 555-57 (3d Cir. 2006) (reversing Mountaire I as to the fourth prong of the FLSA's executive exemption test).

the farms where the chickens are harvested and then convey the crew members back to their homes at the conclusion of the work day.  In July 2002, plaintiffs became salaried employees; however, their duties remained the same.  Plaintiffs seek payment for the time spent transporting their catchers to and from work which, they contend, is compensable.

### B. Procedural History

On June 21, 2004, plaintiffs filed a three count complaint asserting violations of the FLSA by defendants for misclassifying plaintiffs as exempt employees, failing to pay overtime, and retaliation.  (D.I. 1)  The complaint also asserted a state law claim under the Delaware Wage Payment and Collection Act, 19 Del. C. § 1101 et. seq. (Id.)  The parties, on May 2, 2005, filed cross-motions for summary judgment.  (D.I. 41; D.I. 43)  On June 28, 2005, the court granted defendants' motion for summary judgment on all claims.  See Mountaire I, 2005 WL 1522609, at *1.[2]

In so doing, the court applied the recently amended regulations to determine whether plaintiffs were executive employees and, thus, not entitled to overtime under the FLSA.  See Davis, 453 F.3d at 557 n.2; Mountaire I, 2005 WL 1522609, at *3 (discussing 29 C.F.R. 541.100 (2005) (effective August 23, 2004) (the "new regulation")).  Plaintiffs moved for reconsideration of the court's first summary judgment opinion (D.I. 55; D.I. 57), which was denied by memorandum order on July 29, 2005.  (D.I. 59)

---

[2]The decision on summary judgment was issued by the Honorable Kent A. Jordan.  Subsequent to his elevation to the Third Circuit, the case was re-assigned to this judicial officer.

Plaintiffs appealed to the Third Circuit Court of Appeals the determination that they were exempt from overtime and, specifically, challenged the district court's finding with respect to the fourth factor of the new regulation, the "hire or fire" prong. (See D.I. 76, ex. A at 4) ("[T]he issues in this appeal relate solely to the Crew Leaders' ability to hire or fire or to suggest changes to the employment status of their crews.")  This was plaintiffs' only argument on appeal. See Davis, 453 F.3d at 557 ("There is no dispute on appeal that the Crew Leaders satisfy the first three prongs for the exemption. The sole issue in this case is whether the District Court wrongly decided that the fourth prong was also satisfied as a matter of law."). The Third Circuit remanded, determining that genuine issues of material fact remained. See id. at 559.

In addition, the Third Circuit noted that the case had proceeded "on the assumption that the [new] regulation applie[d] to all the overtime at issue." See id. at 557 n.2. After stating that regulations generally are not given retroactive effect, the Third Circuit commended to the court's attention the issue of whether all the overtime sought by plaintiffs was compensable. See id. In other words, the court is charged on remand with determining which regulation (i.e., old or new) applies to what overtime and whether, once the proper regulation is applied, all overtime at issue is compensable.

### III. STANDARD OF REVIEW

A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. See Matsushita

Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n.10 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." Horowitz v. Fed. Kemper Life Assurance Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## IV. DISCUSSION

### A. Executive Exemption Regulation to the FLSA

Under the FLSA, the general rule is that employers must pay overtime compensation to employees who work over forty hours per week; however, those who are employed in a "bona fide executive, administrative, or professional capacity" are

exempt from this requirement. 29 U.S.C. §§ 207(a)(1); 213(a)(1). The statute, which leaves the terms "executive, administrative, [and] professional" undefined, grants the Secretary the power to "define and delimit [them] from time to time." 29 U.S.C. § 213(a)(1).

Prior to August 23, 2004, either a "long test" or a "short test" determined an employee's exempt status. See Marshall v. Western Union Tel. Co., 621 F.2d 1246, 1249 (3d Cir. 1980). Under the "long test," whether an employee is an executive is determined through various job-related criteria.[3] See id.; see also 29 C.F.R. § 541.1 (2004). "Under the 'short test' for high-salaried managerial employees, managerial

---

[3]The "long test" provides that an executive is an employee:

(a) Whose primary duty consists of the management of the enterprise in which he is employed . . . ; and
(b) Who customarily and regularly directs the work of two or more other employees therein; and
(c) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight; and
(d) Who customarily and regularly exercises discretionary powers; and
(e) Who does not devote more than 20 percent . . . of his hours of work in the workweek to activities which are not directly and closely related to the performance of the work described in paragraphs (a) through (d) of this section . . .; and
(f) Who is compensated for his services on a salary basis at a rate of not less than $155 per week . . . exclusive of board, lodging, or other facilities: Provided, That an employee who is compensated on a salary basis at a rate of not less than $250 per week . . . exclusive of board, lodging, or other facilities, and whose primary duty consists of the management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof, and includes the customary and regular direction of the work of two or more other employees therein, shall be deemed to meet all the requirements of this section.

29 C.F.R. § 541.1 (2004).

5

status is determined by reference to the employee's salary level and his 'primary duty' as an employee." See Marshall, 621 F.2d at 1249.  "[A]n employee who earns not less than $250 per week (as opposed to $15[5] per week under the long test) and 'whose primary duty consists of the management of the enterprise . . ., and includes the customary and regular direction of two or more other employees, therein' is deemed to have met the requirements for executive status." Id. (citing 29 C.F.R. § 541.1(f) (2004)) (alteration in original) (citation omitted).

On August 23, 2004, the Secretary promulgated new regulations, which eliminated the "short" and "long" tests. See 29 C.F.R. § 541.100 (2005).  Under the new regulations, an executive employee is any employee:

> (1) Compensated on a salary basis at a rate of not less than $455 per week . . . exclusive of board, lodging or other facilities;
> (2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
> (3) Who customarily and regularly directs the work of two or more other employees; and
> (4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

29 C.F.R. § 541.100 (2005).  Exemptions are narrowly construed against the employer with whom the burden of establishing an exemption's application rests.  See Idaho Sheet Metal Works, Inc. v. Wirtz, 383 U.S. 190, 209 (1966); Mitchell v. Kentucky Finance Co., 359 U.S. 290, 295-96 (1959).  In addition, the inquiry into exempt status under the FLSA is intensely factual and case specific.  See Dalheim v. KDFW-TV, 918 F.2d 1220, 1226 (5th Cir. 1990).

### B. Parties' Contentions[4]

The parties, throughout this litigation, have remained consistent in their arguments.[5] Defendants have maintained that plaintiffs are exempt executive employees and plaintiffs have consistently disputed the fact that they had the authority to hire or fire or otherwise change an employee's status.  In the present motion, defendants seek partial summary judgment as to the overtime accrued prior to August 23, 2004, the effective date of the new regulations, and dismissal of those plaintiffs who terminated their employment with defendants before that date.[6]  (D.I. 68 at 1)  They argue that plaintiffs satisfied the "short test" for the FLSA's executive exemption prior to the amendment of the regulations.  (Id. at 2)  Specifically, they contend that the court's prior holdings establish that plaintiffs satisfied the "short test," thus, making plaintiffs

---

[4]Neither party challenges the validity of any of the regulations whose application is urged.

[5]Although their arguments have remained consistent, the law applied by the parties in their briefs has varied.  Both parties, to some extent, relied on both the new and old regulations in their first summary judgment briefs before the court; however, neither party mentioned the "long" or "short" tests, at least, not in those terms.  (See D.I. 42 at 10-11 (citing 29 C.F.R. 541.1 (a) - (c)); id. at 11-12; D.I. 51 at 15 (disputing "particular weight" and referencing the new regulations at 29 C.F.R. § 514.105); id. at 13; D.I. 46 at 47 (citing 29 C.F.R. § 541.102); D.I. 49 at 9 (citing 29 C.F.R. § 541.207, which interprets "discretion and independent judgment" under the "long test"))  Plaintiffs also purported to apply the old regulations in their initial opening, answering and reply briefs.  (See D.I. 42, 51, 53 n.1 ("On April 20, 2004, the U.S. [DOL] proposed regulations redefining some of the exemptions for executive employees.  The proposed regulations took effect on August 23, 2004.  Plaintiff's suit was initiated on June 18, 2004.  Any references to the FLSA's regulations in this [ ] [b]rief refer to the regulations in effect when [ ] [p]laintiffs filed suit."))

[6]Defendants presented, and plaintiffs do not dispute, that Garrison, Briddell and Davis were no longer employees on August, 23. 2004.  (D.I. 69 at A001-04, A008-10, A017-19, A024)  Walters and Gibbs remained employed as Crew Leaders until at least 2005.  (Id. at A005-007, A014-A016)

Garrison, Briddell and Davis exempt employees not entitled to overtime. (Id. at 5) Plaintiffs argue that, based on defendants' earlier arguments, the amended regulations are the law of the case and defendants are judicially estopped from now arguing that the prior version of the regulations apply. (D.I. 75 at 2)

**C. Analysis**

As the Third Circuit noted, regulations generally are not given retroactive effect and those at issue in the case at bar are no exception. Davis, 453 F.3d at 557 n.2; see also Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 208 (1988); Kennedy v. Commonwealth Edison Co., 410 F.3d 365, 369 (7th Cir. 2005). Defendants propose, and the court concurs, that the old regulations govern the time period prior to their amendment on August 23, 2004.[7] (See D.I. 66); see, e.g., Velazquez-Fernandez v. NCE Foods, Inc., 476 F.3d 6, 14 n.3 (1st Cir. 2007) (applying regulations in effect when conduct occurred); Kennedy, 410 F.3d at 369 (same). The new regulations apply to the time period starting on August 23, 2004 and going forward. See id.

Because of the procedural posture of the case, the court has determined that many elements are no longer at issue.[8] In their initial summary judgment papers, plaintiffs conceded that they: (1) were compensated on a "salary basis;" (2) were

---

[7]Based on plaintiffs' prior submissions to the court, they clearly were aware of the old regulations and the court cannot discern any prejudice to plaintiffs resulting from the application of the old regulations to them, given that the Third Circuit's mandate directs the court to consider this issue. (See D.I. 42, 51, 53 at 1 n.1)

[8]Plaintiffs do not argue that there were any substantive differences between the old and new regulations; however, the court notes that the salary basis requirement was raised from $155 (long test) to $455 (new), see 29 C.F.R. § 541.1(f) (2004); 29 C.F.R. § 541.100(a)(1) (2005). Plaintiffs conceded that they satisfied the higher requirement. (D.I. 53 at 13)

involved in the "management of the enterprise;" and (3) "customarily and regularly direct[ed]" the work of two or more employees. (D.I. 42 at 11; D.I. 51 at 13) Plaintiffs, initially, disputed that their "primary duty" was management of the enterprise. (D.I. 51 at 14) The court, in its summary judgment decision, determined that plaintiffs satisfied this requirement; plaintiffs did not appeal this conclusion, thus, this element is deemed conceded. Mountaire I, 2005 WL 1522609, at *3; see Davis, 453 F.3d at 557. Throughout this litigation, plaintiffs have failed to discuss two prongs of the "long test" as articulated in subsections (d) and (e):  (1) the "discretionary powers" element; and (2) the percentage of time devoted to management duties requirement. (See D.I. 42, 51, 53); see also 29 C.F.R. § 541.1 (d) - (e).  These elements, similarly, are deemed conceded.

With respect to defendants' argument regarding the short test, it is evident from the original summary judgment record and decision that the proper statutory framework was never employed by either the parties or the court. Consequently, it would be inequitable to now apply the "short test" based upon concessions made by plaintiffs in a different legal context, especially where, as here, the defendants are not prejudiced thereby.[9] That said, it also would be inequitable to ignore plaintiffs' prior concessions in their entirety. Accordingly, the court will proceed as if the "long test" were applicable, with the only factor in dispute that of plaintiffs' authority to "hire or fire;" thus, all that

---

[9]Plaintiffs, as discussed above, consistently have maintained that they did not satisfy the "hire or fire" requirement; therefore, defendants, having engaged in the discovery process, should be prepared to contest this element at trial when defendants conceded that plaintiffs' duties have remained unaltered throughout the time period at issue, see Davis, 453 F.3d at 556, and the parties have not indicated that the substantive requirements of this element have changed.

remains to be determined at trial is whether plaintiffs satisfied this element under the old and new regulations. See 29 C.F.R. § 541.1 2004; Davis, 453 F.3d at 559.

## V. CONCLUSION

For the reasons stated, defendants' motion for partial summary judgment is denied. An appropriate order will issue.