IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIE DAVIS, JR., NATHANIEL BRIDDELL, GEORGE W. FEDDIMAN, JOSEPH GARRISON, LARRY E. GIBBS and ROY H. WALTERS, <br><br> ALL SIMILARLY-SITUATED CURRENT AND FORMER EMLOYEES OF MOUNTAIRE FARMS, INC., MOUNTAIRE FARMS OF DELMARVA, INC., and MOUNTAIRE FARMS OF DELAWARE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MOUNTAIRE FARMS, INC., MOUNTAIRE FARMS OF DELMARVA, INC., and MOUNTAIRE FARMS OF DELAWARE, INC., all Delaware corporations, <br><br> Defendants. | C. A. NO. 04-0414-SLR <br><br> JURY TRIAL DEMANDED <br><br> COLLECTIVE ACTION |

**PLAINTIFFS' MOTION TO REVOKE THE PRO HAC VICE MOTION OF ARTHUR M. BREWER, ESQUIRE AS TRIAL COUNSEL**

Pursuant to Local Rule of Civil Practice and Procedure of the United States District Court of the District of Delaware 83.5, Plaintiffs move to revoke the *pro hac vice* admission of Arthur M. Brewer, Esquire for the following reasons:

1. The Complaint in this matter was filed in March, 2004 under the Fair Labor Standards Act, seeking overtime compensation on behalf of five employees of Defendant corporation who were employed as crew leaders on poultry farms.

2. Summary Judgment was entered against Plaintiffs by the preceding trial judge, The Honorable Kent A. Jordan on July 28, 2005.

3. An appeal was taken to the U. S. Court of Appeals for the Third Circuit. The matter was reversed and remanded back to the U. S. District Court pursuant to an Opinion dated July 20, 2006.

4. Upon remand, Defendant filed a Motion for Partial Summary Judgment which was subsequently denied.

5. After Judge Jordan's ascension to the Third Circuit in 2006, there was no action taken in this matter until January, 2008 when this matter was reassigned to The Honorable Sue L. Robinson.

6. On March 8, 2008, this Court denied Defendants' Motion for Partial Summary Judgment and in the Court's holding, narrowed the issues at trial to whether the crew leaders had the authority to hire or fire their crew and/or could make recommendations that were given particular weight with regard to hiring or firing of their crew.

7. Jury selection and trial are scheduled in this matter to begin on August 5, 2008.

8. On or about April 17, 2008, Magistrate Judge Thynge scheduled this matter for a mediation to be held on Tuesday, June 24, 2008.

9. On Tuesday and Wednesday, June 17 and 18, 2008, undersigned counsel attended depositions in the companion case, Weston v. Mountaire, C. A. No. 1:07-cv-00052-SLR, in Seaford, Delaware. In attendance were Defendants' counsel, Arthur M. Brewer (hereinafter "Mr. Brewer") representing Mountaire in both actions and the Mountaire Human Resources Manager, Cher Vink (hereinafter "Ms. Vink"). At the time of the undersigned counsel's departure from the deposition late Wednesday afternoon, Ms. Vink acknowledged that she would see undersigned counsel at the mediation in the Davis matter on Tuesday in Wilmington.

10. The next morning, Thursday, June 19, 2008, Mr. Brewer forwarded a letter to Magistrate Judge Thynge advising that Mountaire's representative, Ms. Vink, could not attend the mediation on June 24 because she had been "subpoenaed to participate in litigation in Northern Wisconsin." A copy of Mr. Brewer's letter is attached hereto as Exhibit "1".

11. Based upon Mr. Brewer's representation as to the unavailability of his client, Cher Vink, Magistrate Thynge cancelled the June 24 mediation.

12. In light of the apparent conflict as to Ms. Vink's own admitted availability for the June 24 mediation versus the representation made to the Court by Mr. Brewer, undersigned counsel called Mr. Brewer on June 19 expressing his concerns and requested that Mr. Brewer simply forward a copy of Ms. Vink's trial subpoena for Northern Wisconsin. Mr. Brewer adamantly opposed such request. Undersigned counsel then advised Mr. Brewer that he may be required to contact Magistrate Judge Thynge to bring what appeared to be a misrepresentation to the Court to her attention. Again, undersigned counsel informed Mr. Brewer that by forwarding a copy of the subpoena, this matter would be a non-issue.

13. Undersigned counsel had a very brief telephone conversation with Magistrate Thynge at or about 5:30 p.m. on Thursday, June 19 explaining the apparent inconsistency between Ms. Vink's stated intention to attend the Davis mediation and the representation made by her counsel that she was subpoenaed to testify in Northern Wisconsin.

14. No further action was taken by undersigned counsel for the next eight days until such time undersigned counsel defended three depositions in the Weston matter in Seaford, Delaware on Friday, June 27, 2008.

15. At the conclusion of the Weston depositions on Friday, June 27, undersigned counsel once again requested a copy of Ms. Vink's subpoena in an attempt to resolve the issue.

Ms. Vink was present in the room at that time of this request but did not confirm that she testified pursuant to subpoena. A short colloquy between counsel followed and has been transcribed by the court reporter. This transcript is attached hereto as Exhibit "2".

16. Mr. Brewer once again adamantly refused to offer a copy of Ms. Vink's subpoena and noted that his personal integrity has never been challenged in his thirty-six years of practice. Mr. Brewer informed undersigned counsel further that should undersigned counsel pursue this matter, there will be "consequences", stating that he hoped undersigned counsel will be "prepared for the consequences."

17. Undersigned counsel understood Mr. Brewer's comments to constitute a threat, but fails to understand the specific nature of the threat.

18. Undersigned counsel advised Mr. Brewer that unless this matter could be resolved between counsel, he may be required, pursuant to his ethical obligations, to inform the Court of this apparent lack of candor with the Court and seek revocation of Mr. Brewer's admission *pro hac vice* to practice before this Court, as well as his ability to try this case.

19. Prior to and during the depositions, undersigned counsel did research to determine whether Ms. Vink was subpoenaed to attend trial in Northern Wisconsin.

20. Attached hereto as Exhibit "3" is a newspaper article detailing Ms. Vink's testimony on Monday, June 23, 2008, a day before the Davis mediation. Further discussion with a reporter who wrote the article and the law firms involved in the case revealed that Ms. Vink testified only on the morning of Monday, June 23 and had no further involvement in the trial. Further, the law firm contacted was unaware of any subpoenas for Ms. Vink.

21. The cancellation of this mediation has had a profoundly upsetting effect upon Plaintiffs who have been waiting for over four years to receive their compensation for their

4

overtime and an opportunity to bring this case to resolution. Some of the Plaintiffs are in their sixties and are in ill health. In particular, one gentleman in his sixties has just suffered the loss of both his wife and his daughter within the last few months.

22.   Plaintiffs respectfully submit that Mr. Brewer's letter to Magistrate Judge Thynge on June 19 was a deliberate misrepresentation intended to derail a mediation just two business days prior to the mediation conference. Further, Plaintiffs' counsel has received a threat from Mr. Brewer should Plaintiffs seek the revocation of Mr. Brewer's admission.

23.   Plaintiffs respectfully request an Order allowing Arthur M. Brewer, Esquire's *pro hac vice* admission permitting him to serve as trial counsel in this matter be revoked. Eric Hemmendinger, Esquire, a seasoned partner of Mr. Brewer's, who graduated from the University of Virginia Law School in 1977, has represented to the Court that he will participate at trial as counsel, has been preparing all of the pretrial pleadings and production of exhibits in this matter and began submitting same to undersigned counsel immediately following Judge Thynge's Order cancelling the mediation. This immediate submission in excess of fifty pages suggests that Defendant had no intention of going to mediation which had been scheduled since April 17 and thereby misled Plaintiffs, Plaintiffs' counsel and the Court in that regard.

24.   Undersigned counsel requests the removal of Mr. Brewer for the purpose of trial in this matter. This issue has been specifically reviewed and agreed upon by all five Plaintiffs in this case. However, Plaintiffs make this request only if the trial still goes forward as scheduled on August 5. Stated differently, Plaintiffs want to take no action that will postpone the August 5 trial date.

25. In the alternative, should Mr. Brewer not be removed as trial counsel in this matter, undersigned counsel requests that this Honorable Court order that local counsel attend and sit at counsel table during the entire course of this trial.

26. Undersigned has used his best efforts to resolve this issue without the Court's involvement. However, the unrefuted allegations demonstrate that Mr. Brewer made a material misrepresentation to Magistrate Judge Thynge by letter dated June 19. Mr. Brewer has had ample opportunity to produce the subpoena and to demonstrate Ms. Vink's unavailability on Tuesday, June 24 2008 but has adamantly and unreasonably refused to do so. Further, Mr. Brewer improperly threatened Plaintiffs' counsel with "consequences" should this matter be pursued.

**WHEREFORE**, in light of Mr. Brewer's conduct which violates the ethical standards and civility to which all Delaware attorneys subscribe, we respectfully request that Mr. Brewer not be permitted to serve as trial counsel in this matter, or in the alternative, that local counsel be present and sitting at counsel table at all times during trial and that local counsel participate in all communications with the Court prior to, during and subsequent to the trial of this matter.

Respectfully submitted,

**MARTIN & WILSON, P.A.**

_____
**JEFFREY K. MARTIN, ESQUIRE (#2407)**
**TIMOTHY J. WILSON, ESQUIRE (#4323)**
1508 Pennsylvania Ave
Wilmington, DE 19806
(302) 777-4681
jmartin@martinandwilson.com
twilson@martinandwilson.com
*Attorneys for Plaintiff*

DATED: July 2, 2008