# EXHIBIT 1



# SHAWE
# ROSENTHAL LLP

20 S. Charles Street
11th Floor
Baltimore. MD 21201
P: 410-752-1040
F: 410-752-8861

shawe.com

---

To:        The Hon. Mary Pat Thynge -- (302) 573-6445
           Jeffrey K. Martin, Esq. -- (302) 777-5803
           Matthew F. Boyer, Esq. -- (302) 658-0380

Date:      June 19, 2008

---

Pages (including cover):  3

---

From:      Arthur M. Brewer

---

Comments/Message:


Re:        Davis, *et al.* v. Mountaire Farms, Inc., *et al.*
           Civil Action No. 04-414-SLR

**Confidentiality Notice**

This facsimile transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender that is protected by the attorney-client privilege. This information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify us by telephone to arrange for its return.

# SHAWE
# ROSENTHAL LLP

20 S. Charles Street
11th Floor
Baltimore, MD 21201
P: 410-752-1040
F: 410-752-8861

**shawe.com**

**VIA FACSIMILE – (302) 573-6445**

Arthur M. Brewer
brewer@shawe.com
410-843-3466

June 19, 2008

The Honorable Mary Pat Thynge
United States District Court for the District of Delaware
U. S. Courthouse
844 King Street
Wilmington, DE 19801

Re:     **Davis, et al. v. Mountaire Farms, Inc., et al.**
        **U.S. District for the District of Delaware**
        **Civil Action No. 04-414-SLR**

Dear Judge Thynge:

The parties in this case submitted Mediation Statements to you on June 16, 2008. Prior the submission of those statements, all counsel participated in a conference call with you wherein the parties set forth their positions as to the likelihood as to success of a mediation session. I am sure that the Mediation Statements that Your Honor received accurately reflect the positions of the parties regarding mediation.

At the conclusion of the conference call you stated that you would review the Mediation Statements and decide whether, in your opinion, it would be fruitful to go forward with the mediation conference.

I was advised yesterday that the person who was going to be in attendance with me from Mountaire will be unable to attend the conference because she has been subpoenaed to participate in litigation in Northern Wisconsin involving her prior employer. I will attempt to see if Ms. Vink, Mountaire's representative, can be available by telephone in the event you decide the conference should go forward.

The Honorable Mary Pat Thynge
June 19, 2008
Page 2

**SHAWE**
**ROSENTHAL**ᴸᴸᴾ

I would greatly appreciate your letting me know how best to proceed.

Respectfully submitted,

SHAWE & ROSENTHAL, LLP

Arthur M. Brewer

AMB/ker

cc:    Jeffrey K. Martin, Esq., Martin & Wilson, P.A. (via fax)
        Matthew F. Boyer, Esq., Connolly, Bove, Lodge & Hutz, LLP (via fax)

#180619

# EXHIBIT 2

1

1           IN THE UNITED STATES DISTRICT COURT

2           IN AND FOR THE DISTRICT OF DELAWARE

3

AUBREY WESTON, VIRGIL BAINE,
4   GILFORD HOPKINS, WILLIAM HUDSON
ERNEST POWELL, KENNETH SAMPSON,
5   AND VINCENT WISE, SR.

6                   Plaintiffs,

7           v.                          Civil Action No.

8   MOUNTAIRE FARMS, INC., MOUNTAIRE     1:07-CV-00052
FARMS OF DELAWARE, INC., and
9   MOUNTAIRE FARMS OF DELAWARE, all
Delaware Corporations
10

Defendants.
11   _____/

12

13              EXCERPT OF THE PROCEEDINGS

14           Pursuant to notice, the deposition of
VINCENT WISE, SR., was taken on Friday, June 27,
15   2008, commencing at 1:40 p.m., at the Holiday Inn
Express, 210 North Dual Highway, Seaford, Delaware,
16   before Kathy A. Zeve, an RPR and Notary Public in
and for the State of Delaware.
17

Corbin & Hook Reporting, Inc.
18

P.O. Box 6239
19

Annapolis, Maryland   21401-9996
20

Reported by KATHY A. ZEVE, RPR
21

2

1            A P P E A R A N C E S

2

3      ON BEHALF OF THE PLAINTIFFS:

4            JEFFREY K. MARTIN, ESQUIRE

5            MARTIN AND WILSON, P.A.

6            1508 Pennsylvania Avenue

7            Wilmington, Delaware  19806

8            (302) 777-4681

9      ON BEHALF OF THE DEFENDANTS:

10            ARTHUR M. BREWER, ESQUIRE

11            SHAWE ROSENTHAL, LLP

12            11th Floor

13            20 South Charles Street

14            Baltimore, Maryland  21201

15            (410) 752-1040

16

17      ALSO PRESENT:   Kenneth Sampson

18                      Gifford Hopkins

19                      Bruce West

20                      Cher Bink

21

```
 1              MR. MARTIN:  Last week I made a request
 2      for the subpoena for Cher Bink that you represented
 3      had been issued to the court.  And we had some -- a
 4      rather heated exchange in which you denied -- you
 5      said that you would not provide it to me.
 6              MR. BREWER:  That's correct.  I'm not
 7      used to having my integrity questioned by you or
 8      anybody else.
 9              MR. MARTIN:  That's fine.  You know, you
10      made a statement to a federal tribunal --
11              MR. BREWER:  I understand that.
12              MR. MARTIN:  -- and I am going to stand
13      by my request and ask you, once again, this time on
14      the record, I'm going to ask you to produce the
15      subpoena to Ms. Bink and -- apparently to testify in
16      Wisconsin.  And if you can do that and it shows that
17      she was to testify this Tuesday, the 24$^{th}$, then
18      there will be no further inquiry on my part.
19              MR. BREWER:  I declined your request
20      over the phone, and I'm going to decline it again
21      because, as an officer of the court, I have
```

4

1    obligations.  I take them very seriously.

2            I've been practicing law for 36 years.  I

3    have never misrepresented anything to a federal

4    judge, a state judge or any other trier of fact.

5    And I particularly resent having my integrity

6    questioned by you.

7            So the answer to your question, sir, is I

8    will not show you that subpoena.  If Judge Thynge

9    wants to see that subpoena, I will be more than

10   happy to show it to her.  I will not show it to you.

11           MR. MARTIN:  I have done some

12   investigation that has revealed to me that what

13   you've said is inaccurate.

14           MR. BREWER:  Good.  Bring it to the

15   attention of the judge, which you already did.

16           MR. MARTIN:  No.  There's Judge Thynge,

17   there's also Judge Robinson.  At this point right

18   now, I am very seriously considering making

19   application to Judge Robinson to have you removed

20   from this case because of the misrepresentation you

21   made to the federal tribunal.  That is an option

5

1     that I am considering right now.  I want to be

2     straight up with you on that.

3              If you want to produce a subpoena and it

4     is what you represent it to be, again, no further

5     inquiry.  Absent that, I will -- I most likely will

6     do that.

7              MR. BREWER:  Do what you have to do.  Do

8     what you have to do.  And I hope you're prepared for

9     the consequences.

10             (Deposition concluded at 3:50 p.m.)

11

12

13

14

15

16

17

18

19

20

21

6

1                    STATE OF DELAWARE

2                    SUSSEX COUNTY

3              I, Kathy A. Zeve, a Notary Public and
        Registered Professional Reporter in and for the State
4       of Delaware, do hereby certify that EXCERPT OF THE
        PROCEEDINGS was held before me at the time and place
5       herein set according to law.

6              I further certify that the examination was
        recorded stenographically by me and then transcribed
7       from my stenographic notes to the within printed
        matter by means of computer-assisted transcription in
8       a true and accurate manner.

9              I further certify that the stipulations
        contained herein were entered into by counsel in my
10      presence.

11             I further certify that I am not of counsel
        to any of the parties, not an employee of counsel, nor
12      related to any of the parties, nor in any way
        interested in the outcome of this action.
13
               AS WITNESS my hand and Notarial Seal this
14      1st day of July, 2008, at Georgetown, Delaware.

15

16                                   _____
                                     Kathy A. Zeve, RPR
17                                   Notary Public

        My commission expires September 7, 2010
18
        My Certificate No. is 110-RPR Expires 01/31/2011
19

20

21

# EXHIBIT 3

Page 1 of 3





Washburn County Register • wcregister@centurytel.net • 715-468-2314 • Fax 715-468-4900 • PO Box 455, Shell Lake, WI 54871

Thursday, JUN 26, 2008

**Channels**
- Community Events
- Weather
- Subscribe Today!
- View Classifieds
- Place a Classified Ad
- Submit Community Event
- Birth Announcement
- Wedding Announcement

**News and More**
- Front Page
- Local features
- Letters to the editor

**Sports**
- Front page

**Community**
- Register Memories
- Temps & lake levels
- Shell Lake Happenings
- Engagement
- Births
- Correspondent news
- Obituaries

**Columnists**
- From the Mayor's Desk
- Beyond the office door
- Lake Shore Lines
- Words from the Warden

**Services**
- Commercial Printing
- General Office Supplies
- Insert Rates

**About Us**
- Staff

**Links**
- Inter-County Leader
- Advertiser

**Guest Book**



Guest Book

**News via Email**



Get the News via Email

**Email Us**



Email Us

# Defense begins arguments in Link trial



Jay Link took the stand last week, for the first time since being called as an adverse witness. – Photo by Regan Kohler

Regan Kohler 25.JUN.08

SHELL LAKE – The defendant's side in the Link Snacks civil jury trial began testifying last week at the Washburn County Courthouse.

Jay Link, who is being sued for his shares in Link Snacks Inc. by his father and brother, Jack and Troy Link, took the stand to be questioned by his attorney, Michael Aprahamian, for the first time Wednesday, June 18.

Jay had been called as an adverse witness for the plaintiffs a couple of weeks ago. He talked about his time with the beef jerky snack company his father built in Minong in the 1980s, leading up to his exit in 2005 after high tensions between himself and his father. One exhibit Aprahamian offered was an article published while Link was still with the company, and he told the court it hadn't even mentioned him at all, but featured his father and brother as the directors of the company.

It had come as a complete surprise, he said, and he confronted them about it. Link said he has been in sales his whole life, since a young age. Later that morning, LSI attorney Michael Freeborn cross-examined Jay Link. He focused on what he called exaggeration, and asked Jay Link if, as a salesman, he ever found this to be a useful talent. Link said he had not ever exaggerated in his work.

Freeborn used multiple exhibits during his questioning, including newspaper articles and documents, in which he wondered if Link had been exaggerating in quotes he'd given. Link was able to dispute them.

The court continued hearing from witnesses Monday, June 23. Cher Vink, former LSI human resources vice president, testified that she and Jay

Link, whom she reported to, had a good working relationship. She said that he made significant contributions to getting the human resources department up and running in the company. She said he was more one to delegate than micromanage.

Vink said that in contrast, Jack Link had been a dictator, and she felt pressured to "side with him" on decisions, among other things. Vink also said she witnessed arguments between all three men, and knew there were problems going on around 2004-05.

Jack and Troy Link's attorney Brian Norton cross-examined Vink, and when asked if there were any specific descriptions for Jack and Jay Link's jobs, she said no and this may be, in part, one of the problems. She also answered in the affirmative when asked if she was a friend of Jay Link.

Dale Bruder, Jack Link's former personal assistant and a current LSI employee, testified that Jack Link had once said something to the effect of turning the business over to his sons, but that he wasn't told Jack and Troy Link were taking over.

When cross-examined by LSI's attorney, Bruder said he didn't like to argue with Jay Link because he felt intimidated.

Lydia Cook, a former employee of LSI, testified that she had turned in her two week's notice from LSI in 2005, but was let go before the two weeks were up. When cross-examined, she said she now works for Jerky Snack Brands, and that Jay Link offered her higher wages to work for him. Though the attorney called up a video deposition in which Cook had said she took the job because of the better pay, Cook said she'd had to carefully weigh the decision beforehand.

Cook also testified that she had never heard Jack Link say he wanted his son out of the company, nor did she have firsthand knowledge of why Jay Link had left.

A different matter, of possible criminal conduct in documents on the defendant's side, was being discussed separately as of Monday. The defendant's side was slated to be done with testimonies as of Wednesday, June 25.

✉ EMAIL THIS STORY     🖶 PRINT THIS STORY

## more . . . Front Page

25.JUN.08 Walkabout
25.JUN.08 Highway committee hears issues on ATV route
25.JUN.08 Defense begins arguments in Link trial
25.JUN.08 Early copy, please
25.JUN.08 Independence Day celebration set
25.JUN.08 Fine arts festival and regatta on holiday weekend
25.JUN.08 Local volunteers involved in rescue
25.JUN.08 High-risk intersection may see technological signage
25.JUN.08 Lake protection grant, shoreland restoration highlight Saturday lake district meeting
18.JUN.08 Too good to wait
18.JUN.08 School board hires new coaches
18.JUN.08 Link trial: CEO testifies
18.JUN.08 County board passes closed session policy
18.JUN.08 Shell Lake sees 10-plus-hour power outage
18.JUN.08 Jazz concerts tonight and Friday night
18.JUN.08 From the Sheriff's Desk
18.JUN.08 24th-Annual Tri-County Dairy Breakfast held
11.JUN.08 Shell Lake sees 10-plus-hour power outage
11.JUN.08 Father and son testify
11.JUN.08 Charging into vacation
11.JUN.08 Revised Wal-Mart agreement approved
11.JUN.08 City discusses youth sitting on the council
11.JUN.08 Washburn County Family Festival
11.JUN.08 Shell Lake Fire Department holds annual meeting