IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIE DAVIS, JR., et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 04-414-SLR |
| MOUNTAIRE FARMS, INC., et al., | * | |
| Defendants. | * | |

## MOUNTAIRE'S RESPONSE AS REQUESTED IN ORDER OF JULY 3, 2008

As demonstrated by the facts set forth below, Plaintiffs' allegation that Defendant Mountaire's counsel misrepresented the facts in order to avoid Plaintiffs' effort to settle this case, as referenced in the Court's Order dated July 3, 2008 (D.I. 102), is unfounded.

On April 17, 2008, Magistrate Judge Thynge conducted a conference call with respect to settlement. The parties were far apart. Magistrate Judge Thynge tentatively scheduled the case for mediation June 24, 2008, at 10:00 a.m. She directed the parties to file mediation statements, after which she would decide whether to proceed with the mediation or cancel it.

On July 13, 2008, Mountaire submitted its mediation statement. After reviewing the facts and issues, Mountaire stated that it did not see a practical basis for settling this case. The statement, which is on file with Magistrate Judge Thynge, includes the following:

### Settlement efforts and proposal

There have not been any settlement discussions. Mindful of the cost of litigation, the Company would like to say it would consider a low-

cost settlement, but it does not seem feasible because of its practical implications. The Company does not see how this case can be settled without inviting future litigation by the same employees on the same basis. It is our understanding that employees cannot, even in a settlement agreement, waive their right to bring claims for future alleged violations of the FLSA. The Company believes that the ability to classify the Crew Leaders as salaried exempt is valuable and does not wish to reclassify them as hourly. The Company would have no ability to control the Crew Leaders' overtime hours, because their work is performed in the field without any immediate supervision.

On Wednesday June 18, 2008, there were depositions in the companion *Weston* case. After Plaintiffs' counsel departed, Arthur Brewer, Mountaire's counsel, reminded Cher Vink, Mountaire's Director of Human Resources, about the mediation scheduled for Tuesday, June 24, 2008. Ms. Vink said she could not attend, because she had been subpoenaed to appear in a trial in Wisconsin starting Monday, June 23 at 1:00 p.m.[1] She said she probably would be available by telephone on the 24th.

The next day, June 19, 2008, Mr. Brewer called Magistrate Judge Thynge's office and explained the situation to her secretary. Judge Thynge's secretary told Mr. Brewer to write a letter to the Magistrate Judge explaining the situation. She told Mr. Brewer that she would make sure Magistrate Judge Thynge looked at the mediation statements, and said if the mediation went forward, it would not be a problem if Ms. Vink was available by telephone.

Mr. Brewer then wrote a letter dated June 19, 2008, to Magistrate Judge Thynge. D.I. 101-3 (Exhibit 1). The letter starts by describing the status of the mediation, i.e., that the Magistrate Judge was going to review the mediation statements to decide whether it

---

[1] As Plaintiffs acknowledge, Ms. Vink did testify in Wisconsin on June 23. See D.I. 101-3 (Exhibit 3).

2

would be fruitful to go forward with the mediation conference. The letter goes on to state:

> I was advised yesterday that the person who was going to be in attendance with me from Mountaire will be unable to attend the conference because she has been subpoenaed to participate in litigation in Northern Wisconsin involving her prior employer. I will attempt to see if Ms. Vink, Mountaire's representative, can be available by telephone in the event you decide the conference should go forward. I would greatly appreciate your letting me know how best to proceed.

The same day, June 19, 2008, Magistrate Judge Thynge issued an order canceling the mediation conference. The Order specifically states that the decision was based on the mediation statements, not Ms. Vink's availability. "IT IS ORDERED that <u>after reviewing the mediation statements submitted by counsel</u>, Judge Thynge has cancelled the mediation scheduled for Tuesday, June 24, 2008, at 10:00 a.m." D.I. 100. Clearly, if Judge Thynge had wanted to hold the settlement conference, she could have demanded that someone else appear in Ms. Vink's place, or that Ms. Vink make herself available by telephone, or that the mediation conference be continued to a different date.

On Thursday, July 2, 2008, Plaintiffs' counsel sent Mountaire's counsel a draft of his Motion to Revoke the *Pro Hac Vice* admission of Arthur Brewer. In an effort to placate Plaintiffs' counsel, Mountaire's counsel Eric Hemmendinger read to Plaintiffs' counsel the portion of the mediation statement quoted above, and e-mailed to Plaintiffs' counsel a copy of Ms. Vink's subpoena to appear in Shell Lake, Wisconsin on June 23, 2008, at 1:00 p.m. A copy of that subpoena is attached as Exhibit 1. A short time later, Plaintiffs' counsel filed the Motion to Revoke, without mentioning the content of the mediation statement, the text of Magistrate Judge Thynge's June 19, 2008 Order, or that a copy of the subpoena had been provided.

3

Respectfully submitted,

/s/ Matthew F. Boyer
Matthew F. Boyer (Del. Bar No. 2564)
CONNOLLY BOVE LODGE & HUTZ, LLP
1220 Market Street
P. O. Box 2207
Wilmington, DE 19899
(302) 884-6585

Arthur M. Brewer (admitted *Pro Hac Vice*)
Eric Hemmendinger (admitted *Pro Hac Vice*)
SHAWE & ROSENTHAL, LLP
Sun Life Building, 11th Floor
20 S. Charles Street
Baltimore, MD 21201
(410) 752-1040