IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIE DAVIS, JR., NATHANIEL BRIDDELL, GEORGE W. FEDDIMAN, JOSEPH GARRISON, LARRY E. GIBBS and ROY H. WALTERS, <br><br>ALL SIMILARLY-SITUATED CURRENT AND FORMER EMLOYEES OF MOUNTAIRE FARMS, INC., MOUNTAIRE FARMS OF DELMARVA, INC., and MOUNTAIRE FARMS OF DELAWARE, INC., <br><br>Plaintiffs, <br><br>v. <br><br>MOUNTAIRE FARMS, INC., MOUNTAIRE FARMS OF DELMARVA, INC., and MOUNTAIRE FARMS OF DELAWARE, INC., all Delaware corporations, <br><br>Defendants. | C. A. NO. 04-0414-SLR <br><br>JURY TRIAL DEMANDED <br><br>COLLECTIVE ACTION |

**PLAINTIFFS' REPLY TO MOUNTAIRE'S RESPONSE
AS REQUESTED IN ORDER OF JULY 3, 2008**

Plaintiffs respectfully submit that Mountaire's Response failed to address key issues raised in the Court's Order of July 3, 2008 for the following reasons:

1.   Mountaire's Response does not address the threat that Mr. Brewer made to undersigned counsel wherein he questioned undersigned counsel as to whether undersigned counsel was "prepared for the consequences."

2.   Cher Vink ("Ms. Vink") testified at trial on Monday, June 23, 2008 in the morning only. Mountaire's Response is misleading when it said that Ms. Vink was "subpoenaed to appear in a trial in Wisconsin starting Monday, June 23 at 1:00 p.m." Exhibit "1" to Mountaire's Response makes it clear that Ms. Vink was never served with a subpoena but rather received a subpoena by mail.

3.  There is no question that the mediation conference was cancelled by Judge Thynge because of the letter from Mr. Brewer on June 19 advising that Ms. Vink was unavailable. Mediation was cancelled approximately three hours following Mr. Brewer's letter to Judge Thynge advising as to the unavailability of Ms. Vink.

4.  The Court directed Mr. Brewer to address the use of a "falsehood in order to thwart the good faith efforts of plaintiffs to settle this litigation." Instead, Mountaire's Response was focused upon its position that this case can not be settled without inviting future litigation by the same employees on the same basis. Mountaire's Response did not consider the good faith efforts of Plaintiffs to settle this litigation.

WHEREFORE, Plaintiffs request that sanctions be imposed upon Arthur M. Brewer, Esquire for the reasons set forth herein and for the reasons set forth in Plaintiffs' Motion to Revoke Arthur M. Brewer's Pro Hac Vice Admission.

MARTIN & WILSON, P.A.

JEFFREY K. MARTIN, ESQUIRE (#2407)
TIMOTHY J. WILSON, ESQUIRE (#4323)
1508 Pennsylvania Ave
Wilmington, DE 19806
(302) 777-4681
jmartin@martinandwilson.com
twilson@martinandwilson.com
*Attorneys for Plaintiff*

DATED: July 14, 2008

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 16th day of July, 2008, a copy of the foregoing Plaintiffs' Reply to Mountaire's Response as Requested in Order of July 3, 2008, was served on the following individuals:

Arthur M. Brewer, Esquire
Laura Pierson Scheinberg, Esquire
Shawe & Rosenthal, LLP
Sun Life Building, 11th Floor
20 South Charles Street
Baltimore, MD 21201

JEFFREY K. MARTIN, ESQUIRE (#2407)