IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIE DAVIS, JR., NATHANIEL BRIDDELL, GEORGE W. FEDDIMAN, JOSEPH GARRISON, LARRY E. GIBBS and ROY H. WALTERS, <br><br>ALL SIMILARLY-SITUATED CURRENT AND FORMER EMLOYEES OF MOUNTAIRE FARMS, INC., MOUNTAIRE FARMS OF DELMARVA, INC., and MOUNTAIRE FARMS OF DELAWARE, INC., <br><br>Plaintiffs, <br><br>v. <br><br>MOUNTAIRE FARMS, INC., MOUNTAIRE FARMS OF DELMARVA, INC., and MOUNTAIRE FARMS OF DELAWARE, INC., all Delaware corporations, <br><br>Defendants. | C. A. NO. 04-0414-SLR <br><br> JURY TRIAL DEMANDED <br><br> COLLECTIVE ACTION |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**Defendants' Proposed Jury Instruction 1.** When you retire to the jury room to deliberate, you may take with you these instructions [your notes] and the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.

### 3.1  General Instructions For Use At End of Trial -- Deliberations

**Defendants' Proposed Jury Instruction 2.** The first issue in this case is whether each Plaintiff was exempt from overtime under the Fair Labor Standards Act. Under the Fair Labor Standards Act there is several part test for the exemption. However, only one part of that test is in dispute. The part of the test that you must decide states that to be exempt from overtime, each Plaintiff must be an employee who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

29 CFR § 541.100

**Defendants' Proposed Jury Instruction 3.** To determine whether an employee's suggestions and recommendations are given "particular weight," factors to be considered include, but are not limited to, whether it is part of the employee's job duties to make such suggestions and recommendations; the frequency with which such suggestions and recommendations are made or requested; and the frequency with which the employee's suggestions and recommendations are relied upon. Generally, an exempt employee's suggestions and recommendations must pertain to employees whom the exempt employee customarily and regularly directs. It does not include an occasional suggestion with regard to the change in status of a co-worker. An employee's suggestions and recommendations may still be deemed to have ``particular weight" even if a higher level manager's recommendation has more importance and even if the employee does not have authority to make the ultimate decision as to the employee's change in status.

29 CFR § 541.105

**Defendants' Proposed Jury Instruction 4.** That instances when an employee used his authority or made recommendation may have been infrequent does not alter the fact that the authority existed or that the recommendations were given particular weight.

*Anderson v. Federal Cartridge Corp.*, 62 F. Supp. 775, 781 (D. Minn. 1945), cited in preamble to new regulations at 69 FR 22135.  Cases cited in *Anderson* are *Smith v. Porter,* 8 Cir., 143 F.2d 292; *Marshall-Wells Co. v. Hawley, D.C.,* 53 F.Supp. 295

**Defendants' Proposed Jury Instruction 5.** The legal name of the exemption at issue is the "Executive Exception." However, an employee does not have to wear a coat and tie or work behind a desk to qualify for this exemption. For example, the test has been satisfied by working supervisors such assistant managers of convenience stores, gas stations and fast food restaurants.

69 FR 22137

**Defendants' Proposed Jury Instruction 6.** The Defendant has the burden of proving that the Plaintiffs qualified for the exemption from overtime.

**Defendants' Proposed Jury Instruction 7.** If you find that any of the Plaintiffs was not exempt from overtime, you must decide whether the Defendant committed a willful violation of the Fair Labor Standards Act. A willful violation requires proof that the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA."

*McLaughlin v. Richland Shoe Company*, 486 U.S. 128, 130 (1988).

**Defendants' Proposed Jury Instruction 8.** To establish willfulness it is not enough to show that Defendant acted negligently. If you find that the Defendant did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law, then Defendant's conduct was not willful.

Third Circuit Model Jury Instruction 8.4.3.

**Defendants' Proposed Jury Instruction 9.** The Plaintiffs have the burden of proving a willful violation.

*McLaughlin v. Richland Shoe Company*, 486 U.S. 128, 130 (1988).

**Defendants' Proposed Jury Instruction 10.** If you find that the any of the Plaintiffs was not exempt from overtime, you must decide how many hours per week that Plaintiff worked on the average. The average hours worked include the farm time and the drive time. To the extent you find that the Defendant has kept proper and accurate records of the farm time, you should rely on those records. With respect to the drive time, you should consider the evidence and draw reasonable conclusions, but should not engage in speculation.

*Anderson v. Mt. Clemons Pottery Co.*, 328 U.S. 680 (1946).

**Defendants' Proposed Jury Instruction 11.** The Plaintiffs have the burden of proving the number of hours they claim to have worked.

*Anderson v. Mt. Clemons Pottery Co.*, 328 U.S. 680 (1946).

181709