IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIE DAVIS, JR., NATHANIEL BRIDDELL, )<br>GEORGE W. FEDDIMAN, JOSEPH GARRISON, )<br>LARRY E. GIBBS and ROY H. WALTERS, )<br>)<br>ALL SIMILARLY-SITUATED CURRENT AND )<br>FORMER EMLOYEES OF MOUNTAIRE )<br>FARMS, INC., MOUNTAIRE FARMS OF )<br>DELMARVA, INC., and MOUNTAIRE FARMS )<br>OF DELAWARE, INC., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MOUNTAIRE FARMS, INC., )<br>MOUNTAIRE FARMS OF DELMARVA, INC., )<br>and MOUNTAIRE FARMS OF )<br>DELAWARE, INC., all Delaware corporations, )<br>)<br>Defendants. ) | C. A. NO. 04-0414-SLR<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION |

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

**2.1  General Instructions For Use During Trial — Impeachment of Witness's Character for Truthfulness**

You [are about to hear] [have heard] evidence that [name of witness], a witness, [e.g., has been convicted of a felony, committed forgery on a prior occasion, etc.]. You may use that evidence only to help you decide whether to believe the testimony of the witness and to determine how much weight to give it. That evidence does not mean that the witness engaged in any conduct alleged in this case, and you must not use that evidence as any proof that the witness engaged in that conduct.

**2.2   General Instructions For Use During Trial — Judicial Notice**

The rules of evidence permit the judge to accept facts that cannot reasonably be disputed. This is called judicial notice. I have decided to accept as proved the fact that [state the fact that the court has judicially noticed], even though no evidence has been introduced to prove this fact. You must accept this fact as true for purposes of this case.

**2.3 General Instructions For Use During Trial — Stipulation of Testimony**

The parties have agreed that if [witness's name] were called as a witness, [he/she] would testify that [state the stipulated testimony]. This testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if [name of witness] had been present to testify. You must accept the fact that [name of witness] would have given that testimony. However, it is for you to determine the effect or weight to be given to that testimony.

**2.4   General Instructions For Use During Trial — Stipulation of Fact**

The [parties] have agreed that [set forth stipulated fact or facts] [is/are] true. [The parties have stipulated that certain facts are true, and those stipulations have been read to you during this trial.] You must therefore treat [this fact] [these facts] as having been proved for the purposes of this case.

**2.5   General Instructions For Use During Trial — Use of Deposition**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], which was taken on [date], is about to be [has been] presented to you [by a video] [by reading the transcript]. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

**2.7    General Instructions For Use During Trial — Charts and Summaries in Evidence**

[Name of party] has presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

**2.8   General Instructions For Use During Trial — Charts and Summaries Not Admitted in Evidence**

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain or illustrate the contents of books, records, documents, testimony, or other evidence in the case. [Describe the charts and summaries that have not been admitted.] These charts and summaries are not themselves proof of any facts. They are not binding on you in any way. If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the evidence.

## 2.9    General Instructions For Use During Trial — Striking Evidence

I have ordered that [describe the evidence] be struck from the record and I am instructing you that you must disregard that information [testimony]. That means that when you are deciding the case, you must not consider that information [testimony] in any way.

First issue in this case whether each Plaintiff was exempt from overtime under the Fair Labor Standards Act. You must determine whether each Plaintiff has or had the authority to hire or fire other employees or who suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

The Defendant has the burden of proving that the Plaintiffs qualified for the exemption from overtime. In other words, Defendant Mountaire must be able to prove that each of the Plaintiffs had the authority to hire or fire employees or who suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

To determine whether an employee's suggestions are given "particular weight," factors to be considered include, but are not limited to, whether it is part of the employee's job duties to make such suggestions and recommendations; the frequency with which such suggestions and recommendations are made or requested; and the frequency with which the employee's suggestions and recommendations are relied upon. Generally, an exempt employee's suggestions and recommendations must pertain to employees whom the exempt employee customarily and regularly directs. It does not include an occasional suggestion with regard to the change in status of a co-worker. An employee's suggestions and recommendations may still be deemed to have "particular weight" even if a higher level manager's recommendation has more importance and even if the employee does not have authority to make the ultimate decision as to the employee's change in status.

29 CFR § 541.105

If you find that any of the Plaintiffs was not exempt from overtime, you must decide whether the Defendant committed a willful violation of the Fair Labor Standards Act. A willful violation requires proof that the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA."

*McLaughlin v. Richland Shoe Company, 486 U.S. 128, 130 (1988).*

If you find that any of the Plaintiffs was not exempt from overtime, you must decide how many hours per week that Plaintiff worked on the average. The average hours worked include the farm time and the time taken to transport the crew to the farm and to return them to their homes following farm time. To the extent that you find Defendant has kept proper and accurate records of the farm time, you should rely on those records. With respect to the drive time, you should consider the evidence and draw reasonable conclusions.

Where the employers' records are inaccurate or inadequate, the employee may satisfy his burden "if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."

*Anderson v. Mount Clemens Pottery Co.*, 328 U.S @, 687.

**3.2  General Instructions For Use At End of Trial — Number of Witnesses**

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

### 3.1 General Instructions For Use At End of Trial — Deliberations

When you retire to the jury room to deliberate, you may take with you [these instructions] [your notes] [and] the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest

convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.