IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

WILLIE DAVIS, JR., NATHANIEL BRIDDELL, )
GEORGE W. FEDDIMAN, JOSEPH GARRISON, )
LARRY E. GIBBS and ROY H. WALTERS, )
)
ALL SIMILARLY-SITUATED CURRENT AND )
FORMER EMLOYEES OF MOUNTAIRE )
FARMS, INC., MOUNTAIRE FARMS OF )
DELMARVA, INC., and MOUNTAIRE FARMS )
OF DELAWARE, INC., )
)
          Plaintiffs, )
)
v. )
)
MOUNTAIRE FARMS, INC., )
MOUNTAIRE FARMS OF DELMARVA, INC., )
and MOUNTAIRE FARMS OF )
DELAWARE, INC., all Delaware corporations, )
)
          Defendants. )

C. A. NO. 04-0414-SLR

JURY TRIAL DEMANDED

COLLECTIVE ACTION

**REPLY TO DEFENDANTS' OBJECTIONS DURING
VIDEO DEPOSITION OF DOUGLAS LYNCH**

Plaintiffs respond as follows to the redaction of the videotaped testimony of Douglas Lynch as submitted to Your Honor this morning.

1. Plaintiffs have no objection to redactions proposed in paragraphs 1 and 3 set forth in Mr. Hemmendinger's "Objection During Video Deposition of Douglas Lynch."

2. Plaintiffs do, however, object to the intended redactions set forth in paragraph 2 involving transcript pages 29, 30, 31, 34, 35, 42 and 43. Each of these portions relates to the "salaried" issue that was discussed numerous times at the Pretrial Conference.[1]

3. Plaintiffs believe that the "salaried" issue is a non-issue for the following reasons:

---

[1] Defendant has asked the Court to strike page 29 line 21 through page 30 line 5. That portion of the transcript does not refer to the term "salaried" and should not be redacted for that reason.

a. There is no dispute that Plaintiff Crew Leaders (except for Plaintiff Willie Davis) became salaried in June 2002. Thus, since that time, the salaried issue does not exist.

b. There is also no dispute that prior to June 2002, the Crew Leaders were not salaried. See Plaintiffs' Exhibit 2 (attached hereto). See also the Third Circuit Opinion @ 556.

c. Plaintiffs' Exhibit 2 is an admission of a party-opponent pursuant to FRE 801(d)(2). Defendant states in this audit review that, "Crew Leaders should also be paid OT [overtime] because they are not salary. [sic]."

d. This is an admission by Mountaire that they are liable for any overtime damages until June 2002 when they became salaried.

e. The issue as to the standard for a willful violation allowing this third year of overtime damages is thus obviated due to the admission by Mountaire.

4. Defendants' contention that the "salaried" issue is not relevant and was somehow precluded by the summary judgment decision entered by Judge Jordon is unfounded. Indeed, the Third Circuit discussed these issues in the following passage:

> "Prior to 2002, all Crew Leaders were hourly employees. The record contains a Department of Labor ("DOL") "audit review" dated March 21, 2001. The audit review which was prepared by Mountaire based on all statements of the DOL reviewers, notes that Crew Leaders (who were then still hourly paid) should be receiving overtime and that house-to-house travel is compensable for hours worked. Mountaire concedes that the Crew Leaders' duties and responsibilities did not change after they were switched to a salaried status." 453 F.3d @ 556

5. It is apparent both that the Third Circuit did not deem this issue to have been decided below and not appealed and it is also true that this Court in its May 8, 2008 Memorandum Opinion did not address this particular issue.

6. The relevance of the "salaried" issue is solely with respect to the year June 2001 to June 2002. The jury must determine whether overtime compensation is owed to the Plaintiffs for this time period.

Respectfully submitted,

**MARTIN & WILSON, P.A.**

JEFFREY K. MARTIN, ESQUIRE (#2407)
TIMOTHY J. WILSON, ESQUIRE (#4323)
1508 Pennsylvania Ave
Wilmington, DE 19806
(302) 777-4681
jmartin@martinandwilson.com
twilson@martinandwilson.com
*Attorneys for Plaintiff*

DATED: July 29, 2008

**Privileged & Confidential**

## DOL AUDIT REVIEW
## March 21, 2001

**DOL**
Hap Perry
Jim Kessler 202.693.0508
Carol Stribling 704.334.6307

**Mountaire**
Dee Ann Landreth
Mike Tirrell
John Wise
Mark Reif

**Audit Period**
May 1998 – May 2000

Hap Perry said they will not give us anything in writing. We can request audit results through FOIA, but they will deny it.

1. <u>FMLA</u> – OK

2. <u>Child Labor</u> – OK

3. <u>Minimum Wage</u> – DOL claims we are "training" new catchers on the job, but not paying them (2 workers, 3 days each). Catchers. We could find no evidence of this.

4. <u>O.T.</u> – Catchers should be paid O.T. Drivers and forklift not. House-to-house travel is compensable for hours worked. Crew leaders should also be paid OT because they are not salary. We can solve this by making salary. If crew leaders provide transportation due to MSWDA need:

    Drivers License
    Physical (and carry w/driver)
    Vehicle Inspection
    Ins. Req. ($100,000 per seat)

   - MSWPA – disclose conditions of employment at time of offer – posting requirement (in van).
   - Pay stub should have name and employer federal I.D.

5. <u>FLSA</u> – 1) PPE if people buy products and that causes their wages to fall below minimum wage, that is a violation.
   - If you charge over the actual cost, if the profit is a violation.

6. <u>Maint. Bonus</u> – needs to be included in straight time pay in order to calculate OT.

PLAINTIFF'S EXHIBIT 2

**Privileged & Confidential**

7. <u>FLSA</u> – exempt/non exempt. (DOL considers the following positions non-exempt):
   1. NS. Nurse
   2. Office Mgr – Trans (Pat Beasley)
   3. Trainers (3)
   4. Safety Coordinator
   5. Administrative Assistant (3), Robin P., Rafael V, Karen W.
   6. Benefits Manager – Maria Voss
   7. N.S. H.R. Mgr – Conchita Raga
8. <u>Pre Shift Preparatory Activities</u>
   1. Donning, waiting in line.
   2. Maint. Men – finding out from previous shift what happened during that shift.
9. <u>Breaks</u>
   1. 30 min break – washing, doffing, <u>break time</u>, donning = < 30 min.
10. <u>Post Shift Concluding Activities</u>
    1. Wash, remove PPE
11. <u>Record Keeping</u>
    1. Inaccurate hours worked line employees and catchers.
12. In exchange not to sue us, DOL wants:
    1. Assurance of future compliance (corporate wide).
    2. What specific steps will we take to assure compliance?
    * If we achieve compliance with 1 & 2, then we will discuss how much back pay.

Back pay discussion (donning, doffing & 30 min ± lunch) = one hour per day, ∴ 5 hours/week.

** Check the 401k eligibility for "live haul contractors" that DOL now says are employees.

Fox vs Tyson case (North Alabama?)


"Hot Goods"

DOL says that Pension Plan Group is looking at this issue (employees- Live Haul)

D00321