IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIE DAVIS, JR., et al | * |
| Plaintiffs, | * |
| v. | * Civil No 04-414-SLR |
| MOUNTAIRE FARMS, INC., et al | * |
| Defendant. | * |

### DEFENDANT'S RESPONSE REGARDING SALARY ISSUE

In Plaintiffs' Reply to Defendant's Objections During the Video of Douglas Lynch (D.I. 116), Plaintiffs attempt to resurrect the already-decided issue of the salaried status of the Crew Leaders from June 2001 to June 2002. The following background reveals that the Plaintiff's attempt should be rejected:

In opposition to Mountaire's first motion for summary judgment, Plaintiffs responded that they "must concede that they were compensated on a salary basis thereby satisfying section (a) above." D.I. 51 at 13. The District Court relied on this concession in granting summary judgment: "Plaintiffs concede that they were compensated on a salary basis sufficient to satisfy section (a)(1) of the regulation." D.I. 55 at 7. After the District Court granted Mountaire's motion for summary judgment, Plaintiffs moved for reargument, arguing that Mountaire willfully failed to pay overtime prior to June or July 2002.[1] D.I. 57 at 1-2. The District Court rejected the argument, finding it "simply an

---

[1] Plaintiffs allege a willful failure to pay because the year in question is not otherwise covered by the statute of limitations. The basic statute of limitations is two years,

attempt 'to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.'" D.I. 59 at 3-4. Plaintiffs did not renew the argument before the Court of Appeals. Their sole argument to the Court of Appeals concerned the ability of the Crew Leaders to hire and fire, under the fourth prong of the new regulation. The Court of Appeals found, "There is no dispute on appeal that the Crew Leaders satisfy the first three prongs for the exemption." Slip Op. at 9, 453 F.3d at 557.

After remand, Mountaire moved for summary judgment as to claims arising before the new regulations came into effect on August 23, 2004. The Court's Memorandum and Order dated May 8, 2004, denied that motion, holding that this case will proceed as if the old "long test" were applicable, "with the only factor in dispute that of plaintiff's authority to 'hire or fire." D.I. 98 at 9.

Because the issue of salary status is not properly in dispute, Plaintiffs' deposition questions concerning the salaried status of Crew Leaders should be redacted. Accordingly, we respectfully request the Court grant the requested redaction of TR. 29, 30, 31, 34, 35, 42, and 43.

           Respectfully submitted,

           /s/ Tim Milley
           Matthew F. Boyer (Del. Bar No. 2564)
           Timothy M. Holly (Del Bar No. 4106)
           CONNOLLY BOVE LODGE & HUTZ, LLP
           The Nemours Building
           1220 Market Street
           P. O. Box 2207
           Wilmington, DE  19899
           (302) 884-6585

---

extended to three years only in the case of a willful violation. 29 U.S.C. § 255. This action was filed June 21, 2004.

Arthur M. Brewer (admitted *Pro Hac Vice*)
Eric Hemmendinger (admitted *Pro Hac Vice)*
SHAWE & ROSENTHAL, LLP
Sun Life Building, 11th Floor
20 S. Charles Street
Baltimore, MD 21201
(410) 752-1040