IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

WILLIE DAVIS, JR., NATHANIEL BRIDDELL, )
GEORGE W. FEDDIMAN, JOSEPH GARRISON, )
LARRY E. GIBBS and ROY H. WALTERS, )
)
ALL SIMILARLY-SITUATED CURRENT AND )
FORMER EMLOYEES OF MOUNTAIRE )
FARMS, INC., MOUNTAIRE FARMS OF )
DELMARVA, INC., and MOUNTAIRE FARMS )
OF DELAWARE, INC., )
)
      Plaintiffs, )
)
v. )
)
MOUNTAIRE FARMS, INC., )
MOUNTAIRE FARMS OF DELMARVA, INC., )
and MOUNTAIRE FARMS OF )
DELAWARE, INC., all Delaware corporations, )
)
      Defendants. )

C. A. NO. 04-0414-SLR

JURY TRIAL DEMANDED

COLLECTIVE ACTION

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE
REGARDING SALARY ISSUE**

Defendants are mistaken when they cited to Plaintiffs' Response in their Answering Brief in Opposition to Mountaire's Motion for Summary Judgment. Plaintiffs' "concession" that they were salaried employees was with regard to the two-year look back period under the FLSA. There is no question that Plaintiffs (with the exception of Willie Davis) were salaried during that two-year period from June 21, 2002 through June 21, 2004. Indeed, the District Court acknowledged the salaried status of the Plaintiffs because it was necessary to satisfy section (a)(1) of the regulation.

There is further no question that the issue of the third-year status of the employees was never before the Court. This is the year extending from June 21, 2001 through June 21, 2002. In the District Court's Memorandum Order of July 29, 2005, (D.I. No. 59 attached hereto for the

convenience of the Court), Judge Jordon found that the argument about the 2001 to 2002 year "has not been addressed by the briefing and/or resolved by the Court." As such, the Court found that it was not properly the subject of a motion for reargument.

The Third Circuit raised this issue *sua sponte* in its Opinion dated July 20, 2006, wherein it found:

> "Prior to 2002, all Crew Leaders were hourly employees. The record contains a Department of Labor ("DOL") "audit review" dated March 21, 2001. The audit review, which was prepared by Mountaire based on oral statements of the DOL reviewers, notes that Crew Leaders (who where then still hourly paid) should be receiving overtime and that house-to-house travel is compensable for hours worked. Mountaire concedes that the Crew Leaders' duties and responsibilities did not change after they were switched to a salaried status."

The focus of the briefing in both the District Court in 2005 and 2008 as well as in the U.S. Court of Appeals in 2006, revolved around the issues of whether the Crew Leaders met the executive exemption. Indeed, that is the principle issue to be presented by the jury. Plaintiffs submit that it would be a manifest injustice to keep from the jury the true facts of the Crew Leaders' status before June 2002. This is especially true since the 2001 to 2002 year comes into play if the jury determines that the Crew Leaders are non-exempt and then determines, under the law, whether Mountaire was willful in its failure to pay overtime to the Crew Leaders during that year.

The issues involving the 2001 to 2002 year have been present throughout this litigation. This issue does not come into play unless and until the trier of fact finds that the Crew Leaders are non-exempt. This issue is a derivative issue that is reached only after a determination is made on the exempt/non-exempt status of the Plaintiffs, and only if Plaintiffs prevail. Defendant can not be prejudiced with the admission of this evidence which comes solely from its own

admissions: Audit Review done in 2001 following the 2000 DOL audit (Plaintiffs' Exhibit 2) as well as through the testimony of their Human Resources Director, Phillip Owen who has already testified by deposition that Plaintiffs were considered non-exempt prior to becoming salaried. (Owen deposition at 51 attached hereto).

For the foregoing reasons, Plaintiffs respectfully request that evidence as to the 2001/2002 status of the Crew Leaders and the determination of their overtime status by way of the audit review and the testimony of Phillip Owen be presented to the jury.

MARTIN & WILSON, P.A.

JEFFREY K. MARTIN, ESQUIRE (#2407)
TIMOTHY J. WILSON, ESQUIRE (#4323)
1508 Pennsylvania Ave
Wilmington, DE 19806
(302) 777-4681
jmartin@martinandwilson.com
twilson@martinandwilson.com
*Attorneys for Plaintiff*

DATED: 7/30/08