IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIE DAVIS, JR., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. No. 04-414-SLR |
| | ) |
| MOUNTAIRE FARMS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

At Wilmington this 31st day of July, 2008, having reviewed the issues submitted by the parties at the pretrial conference;

IT IS ORDERED that:

1. Plaintiffs' motion to revoke the pro hac vice admission of Arthur M. Brewer, Esquire, as trial counsel (D.I. 101) is denied on the merits, as I find that the June 24, 2008 settlement conference was cancelled because of the content of the mediation statements. (D.I. 100) Consistent with my practice, however, local counsel for defendants shall be present at least through the first day of trial.

2. With respect to the salaried status of plaintiffs, as that issue relates to the evidence to be presented at trial,[2] the following holdings shall govern the presentation of evidence at trial, based upon my review of the record and the parties' various concessions:

---

[2]More specifically, PX 2 and pages 29-31, 34-35, and 42-43 of the Lynch deposition.

  a. Plaintiffs were salaried employees after June or July 2002.[3]

  b. Plaintiffs were not salaried employees before June or July 2002.[4]

  c. The issue of whether defendants willfully withheld overtime pay during the limitations period (July 2002 to July 2004) has not been waived.[5]

  d. The issue of willful noncompliance must be proved through conduct during the limitations period.

  e. Therefore, the evidence in dispute is not relevant to any issue in contention.[6]

3. With respect to the remaining disputes over the Lynch deposition transcript, the remaining excerpts shall not be admitted, as such evidence is irrelevant and/or unduly prejudicial.

_____
United States District Judge

---

[3] See D.I. 51 at 13; D.I. 55 at 7. Arguments to the contrary have been procedurally waived.

[4] See D.I. 46 at 26; D.I. 105 at 4, ¶ 24.

[5] Plaintiffs were not obligated to present all issues to the court in their summary judgment motion practice and, therefore, did not waive the issue of willfulness in this fashion. The fact that Judge Jordan declined to "reconsider" the issue when he had never considered it in the first instance (D.I. 59) does not preclude plaintiffs from raising the issue on remand from the Third Circuit. Indeed, defendants conceded as much in their portion of the pretrial order. (D.I. 105 at 7, ¶ (4)B.3)

[6] If the jury finds there to be willful noncompliance during the limitations period, plaintiffs shall be entitled to compensation based on their non-salaried status.