IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIE DAVIS, JR., NATHANIEL BRIDDELL, )<br>GEORGE W. FEDDIMAN, JOSEPH GARRISON, )<br>LARRY E. GIBBS and ROY H. WALTERS, )<br>)<br>ALL SIMILARLY-SITUATED CURRENT AND )<br>FORMER EMLOYEES OF MOUNTAIRE )<br>FARMS, INC., MOUNTAIRE FARMS OF )<br>DELMARVA, INC., and MOUNTAIRE FARMS )<br>OF DELAWARE, INC., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MOUNTAIRE FARMS, INC., )<br>MOUNTAIRE FARMS OF DELMARVA, INC., )<br>and MOUNTAIRE FARMS OF )<br>DELAWARE, INC., all Delaware corporations, )<br>)<br>Defendants. ) | C. A. NO. 04-0414-SLR<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION |

## PLAINTIFFS' MOTION FOR RECONSIDERATION

Plaintiffs seek reconsideration of the Court's Order of July 31, 2008 (D.I. 122) for the following reasons:

1. The issue of "willful noncompliance" under the FLSA applies only to the third year (in this case July 2001 to July 2002). 29 U.S.C. §255(a) (statute attached hereto as Exhibit 1). The applicability of this evidentiary standard for the year 2001 to 2002 has been acknowledged by Defendants twice in the Pretrial Order (D.I. 105 at page 6, paragraph 3; and at page 19, at paragraph G).

2. The defense has properly acknowledged the standard for the imposition of liquidated damages during the two-year limitations period as "good faith." 29 U.S.C. §260

(statute attached hereto as Exhibit 2) (Pretrial Order D.I. 105 at page 8, paragraph B; and at page 17, under the paragraph entitled "Liquidated Damages").

3.   The July 31, 2008 Order (D.I. 122) is silent with regard to the year from July 2001 to July 2002. There are no issues of fact and Defendant has admitted the compensability of overtime through its Audit Review (Plaintiffs' Exhibit 2) and the testimony of Phillip Owen. Both of these documents were submitted to the Court by Plaintiffs on July 30, 2008 (a copy of the Plaintiffs' filing D.I. 119 is attached hereto as Exhibit 3).

Plaintiffs respectfully request that the Court acknowledge that the "willful noncompliance" standard be applied to Defendant's failure to pay overtime from July 2001 to July 2002 and that the "good faith" standard be applied from July 2002 onward. In the alternative, Plaintiffs respectfully request that judgment be entered on behalf of Plaintiffs for the year July 2001 to July 2002, or that, Plaintiffs be permitted to enter into evidence Plaintiffs' Exhibit 2 and the testimony of Mr. Owen in order to prove to the jury the willfulness of Mountaire's failure to pay overtime during that year.

MARTIN & WILSON, P.A.

JEFFREY K. MARTIN, ESQUIRE (#2407)
TIMOTHY J. WILSON, ESQUIRE (#4323)
1508 Pennsylvania Ave
Wilmington, DE 19806
(302) 777-4681
jmartin@martinandwilson.com
twilson@martinandwilson.com
*Attorneys for Plaintiff*

DATED: August 1, 2008