Willie Davis, Jr., et al. v. Mountaire Farms, Inc., et al.
Civ. No. 04-414-SLR

## PRELIMINARY INSTRUCTIONS

**Members of the Jury:**

Now that you have been sworn, I have the following preliminary instructions for guidance on your role as jurors in this case.

**The Parties**

This is a civil action brought by plaintiffs Willie Davis, Jr., Nathaniel Briddell, Joseph Garrison, Larry E. Gibbs and Roy H. Walters. Plaintiffs are or were employed as Crew Leaders on chicken farms. The defendants are Mountaire Farms, Inc., Mountaire Farms of Delmarva, Inc., and Mountaire Farms of Delaware, Inc., which I will collectively refer to as Mountaire Farms. Briefly stated, plaintiffs contend that defendant mis-classified them as exempt from overtime under the Fair Labor Standards Act, thereby depriving plaintiffs of overtime pay. Defendant denies the allegations.

**Duty of Jury**

It will be your duty to find what the facts are from the evidence as presented at the trial. You, and you alone, are the judges of the facts. You will have to apply those facts as you find them to the law as I will instruct you at the close of the evidence. You must follow that law whether you agree with it or not.

Nothing I may say or do during the course of the trial is intended to indicate what your verdict should be.

**Evidence**

The evidence from which you will find the facts will consist of the testimony of witnesses, and the documents and other things admitted into evidence. In addition, the

evidence may include certain facts as agreed to by the parties or as I instruct you.

Certain things are not evidence:

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered into evidence are not admissible under the Rules of Evidence. You should not be influenced by a lawyer's objection or by my ruling on the objection. If I sustain or uphold the objection, you should ignore the question or document in question. If I sustain or uphold an objection and allow the matter into evidence, treat the testimony or document like any other evidence. If I instruct you that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that purpose only. If this does occur during the trial, I will try to clarify this for you at that time.

3. You should not consider testimony and documents I have excluded and not admitted into evidence.

4. Anything you see or hear outside the courtroom is not evidence and must be disregarded. You are to decide this case solely on the evidence admitted in the courtroom during the trial.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but have in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

**Burden of Proof**

This is a civil case. There are only two issues for you to decide in this case. The first is whether plaintiffs were individuals who had the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees were given particular weight. It is defendant's burden to prove, by a preponderance of the evidence, that plaintiffs had this authority and, therefore, were exempt employees who were not entitled to overtime pay under the Fair Labor Standards Act. To prove this issue by a preponderance of the evidence means that defendant has to produce evidence which, when considered in the light of all the facts, leads you to believe that what defendant claims is more likely true than not. To put it differently, if you were to put plaintiffs' and defendant's evidence concerning this issue on the opposite sides of a scale, the evidence supporting the defendant's claim would have to make the scales tip somewhat on its side.

Plaintiffs claim that they were not exempt employees and that defendant's noncompliance with the Fair Labor Standards Act in this regard was willful. If you find that defendant has not carried its burden to prove, by a preponderance of the evidence, that plaintiffs were exempt employees, then you must next decide whether plaintiffs have proven, by a preponderance of the evidence, that defendant's failure to pay them overtime was a willful violation of the Fair Labor Standards Act. This means that

plaintiffs must put forward evidence on the issue of willfulness that leads you to believe that what plaintiffs claim in this regard is more likely true than not.

Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt." That burden does not apply in a civil case and you, therefore, should put it out of your mind when considering the issues presented here.

**Conduct of the Jury**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, bring it to my attention promptly.

Second, do not read or listen to anything touching on this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to this case.

Finally, do not reach any conclusion as to the claims until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

If you wish, you may take notes. My courtroom deputy will arrange for pens, pencils, and paper. If you do take notes, take them into the jury room during breaks and leave them in the jury room when you leave at night. And remember that they are for your own personal use – they are not to be given or read to anyone else.

Incidentally, as you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. However, the transcripts of this testimony will not be available for your review during your deliberations. So, as you listen to the testimony, keep in mind that you will be relying on your recollection of the testimony during your deliberations.

**Course of the Trial**

The trial will now begin. First, each side may make an opening statement. An opening statement is neither evidence nor argument. It is an outline of what that party intends to prove, and is presented to help you follow the evidence as it is offered.

After the opening statements, the defendant will present its witnesses, and plaintiffs may cross-examine them. Then the plaintiffs may present their witnesses, and defendant may cross-examine them.

After that, the attorneys will make their closing arguments to summarize and interpret the evidence for you. Then I will give you instructions on the law.

You will then retire to deliberate on your verdict.

As I've mentioned, my trials are timed, so that a trial is concluded as scheduled. That can only happen if everyone involved - the lawyers, the jurors and the court - are ready to proceed on a punctual basis. Your cooperation in this regard will be greatly appreciated.