**EXHIBIT 3**

```
 1                    - EXCERPTED TRANSCRIPT -

 2              IN THE UNITED STATES DISTRICT COURT
                IN AND FOR THE DISTRICT OF DELAWARE
 3                            - - -

 4   WILLIE DAVIS, JR.,              :    CIVIL ACTION
     NATHANIEL BRIDDELL, GEORGE      :
 5   W. FEDDIMAN, JOSEPH             :
     GARRISON, LARRY E. GIBBS        :
 6   and ROY H. WALTERS,             :
                                     :
 7   ALL SIMILARLY-SITUATED          :
     CURRENT AND FORMER              :
 8   EMPLOYEES OF MOUNTAIRE          :
     FARMS, INC., MOUNTAIRE          :
 9   FARMS OF DELMARVA, INC.,        :
     and MOUNTAIRE FARMS OF          :
10   DELAWARE, INC.,                 :
                                     :
11                    Plaintiffs,    :
                                     :
12         vs.                       :
                                     :
13   MOUNTAIRE FARMS, INC.,          :
     MOUNTAIRE FARMS OF              :
14   DELMARVA, INC., and             :
     MOUNTAIRE FARMS OF              :
15   DELAWARE, INC. All Delaware     :
     corporations,                   :
16                                   :
                      Defendants.    :    NO. 04-0414 (SLR)
17

18                            - - -

19                                Wilmington, Delaware
                                  Thursday, August 7, 2008
20                                8:35 o'clock, p.m.

21                            - - -

22   BEFORE:  HONORABLE SUE L. ROBINSON, U.S.D.C.J., and a jury

23                            - - -

24                                Valerie J. Gunning
                                  Official Court Reporter
25
```

```
 1   APPEARANCES:
 2
 3           MARTIN & WILSON, P.A.
             BY:  JEFFREY K. MARTIN, ESQ. and
 4                TIMOTHY J. WILSON, ESQ.

 5                Counsel for Plaintiffs
 6
 7

 8           CONNOLLY, BOVE, LODGE & HUTZ, LLP
             BY:  MATTHEW F. BOYER, ESQ.
 9
10                    -and-
11

12           SHAWE & ROSENTHAL
             BY:  ARTHUR M. BREWER, ESQ. and
13                ERIC HEMMENDINGER, ESQ.
                  (Baltimore, Maryland)
14
15                Counsel for Defendants

16                      - - -
17
18
19
20
21
22
23
24
25
```

1           (REPORTER'S NOTE: The following is an excerpted
2  transcript of the Direct Examination of Joseph Garrison.)
3  BY MR. MARTIN:
4  Q.    All right. Doug Lynch. You said he came out to the
5  farm?
6  A.    Yes. Doug Lynch, he came out to the farm. He said,
7  Joe, I need to talk to you. I heard something about this
8  lawsuit thing. And --
9           MR. BREWER: I would object, your Honor.
10 Hearsay.
11          THE COURT: See if you can guide folks around
12 it.
13          MR. MARTIN: I'm sorry, your Honor?
14          THE COURT: See if you can guide folks around
15 the hearsay.
16          MR. MARTIN: This is an admission from a party
17 opponent.
18          THE COURT: The party opponent?
19          MR. MARTIN: Mr. Lynch is speaking on behalf
20 of --
21          THE WITNESS: Yes.
22          MR. MARTIN: -- of Mountaire.
23          MR. BREWER: Your Honor, in addition to being
24 hearsay, it's also not relevant. I mean, what the
25 conversation is about has nothing to do with the lawsuit.

```
 1              THE COURT:  Rephrase the question and let's see.
 2              MR. MARTIN:  Okay.
 3    BY MR. MARTIN:
 4    Q.    You had a conversation with Mr. Lynch out at the farm?
 5    A.    Yes.
 6    Q.    He came out to see you at the farm?
 7    A.    Yes, he did.
 8    Q.    Okay.  And what specifically did you discuss?
 9    A.    Well, he came to me to ask me about the lawsuit.  He
10    heard about it.
11    Q.    What lawsuit are you talking about?
12              MR. BREWER:  Your Honor, objection.
13              THE WITNESS:  Mountaire lawsuit.  Overtime.
14              MR. BREWER:  Could you ask him to stop answering
15    the question while the objection is pending?
16              THE COURT:  All right.  I don't know where we're
17    going with this.
18              MR. MARTIN:  May we have a quick sidebar?
19              THE COURT:  Yes.
20              (Sidebar conference held as follows.)
21              MR. MARTIN:  Your Honor, Mr. Brewer is well
22    aware that Mr. Garrison testified that by way of deposition,
23    that Doug Lynch came out to him on the farm and said, talk
24    about the overtime claim and said, don't sign any papers.
25    We know we owe you some money.  We just don't know how much.
```

1  And we're not going to do anything for Willie Davis. That's
2  the essence of it.
3              Your Honor, I don't understand any bars to the
4  admissibility of that testimony given that this is a manager
5  who is speaking about this particular claim that's being
6  made.
7              THE COURT: Well, I mean, the problem is that I
8  certainly don't recall knowing about this, quote unquote,
9  admission. I don't know whether it was addressed in
10 Mr. Lynch's deposition, so how is it that the defendants can
11 possibly refute this? I mean, it is classic hearsay.
12             MR. MARTIN: Well, your Honor, respectfully, I
13 believe it's an exception here. And as I said, this
14 testimony has been on the record since 2005. We can take a
15 break. I can show it to the Court.
16             THE COURT: Well, you know, this is the problem,
17 is that the reason you all are supposed to be to be
18 communicating with each other is there are not supposed to
19 be surprises. We are supposed to resolve these problems
20 before a witness gets on the stand.
21             MR. MARTIN: Your Honor, this is not a surprise.
22             MR. BREWER: Your Honor, it clearly is a
23 surprise. Mr. Martin never mentioned this to me. When he
24 refers to this being on the record, the record he's
25 referring to is a deposition, which, as you know, are

1    extremely -- it's limited.  There is no objection filed.
2    It's classic hearsay.  There's no way I can refute this.
3             THE COURT:  Honestly --
4             MR. BREWER:  It's very prejudicial.
5             THE COURT:  Well, I understand that.  I'm trying
6    to think about what -- well, I am disconcerted that, once
7    again, we're having an evidentiary dispute in the middle of
8    testimony when my rules are supposed to present it, and I
9    don't know whether Mr. Garrison's deposition was taken
10   before or after Mr. Lynch's.  I don't know whether anyone
11   has had -- the defendant has had a full and fair opportunity
12   in discovery to refute this and to present contrary
13   evidence.  I just don't know.
14            MR. MARTIN:  Your Honor, I will represent,
15   again, this deposition testimony from Mr. Garrison was 2005.
16   They've had now three years to present this and refute this.
17   Quite frankly, I expected that this would be -- come up in
18   Mr. Lynch's trial testimony, knowing that he would not be
19   here live.
20            MR. BREWER:  Let me suggest, if Mr. Martin
21   wanted to raise it in Mr. Lynch's trial testimony, he
22   certainly was present and cross-examined Mr. Lynch in his
23   video deposition.  Mr. Martin never raised any question
24   about this at all during that entire time.
25            Secondly, there is absolutely no way that

1    anybody could have foreseen that Mr. Martin is going to ask
2    a question like this, which he should know is hearsay and
3    highly prejudicial at this point in trial. And the first I
4    hear about it for the first time this morning.
5            MR. MARTIN: Your Honor, Mr. Lynch did have an
6    opportunity to refute this because his deposition was taken
7    after Joe Garrison, in 2005.
8            THE COURT: Well, the bottom line is that
9    knowing that this was going to be -- well, it is hearsay.
10    I don't believe it is an admission because there's no way
11    for me to determine whether it was actually said because
12    there's no other evidence except this witness.
13            If you had brought this to my attention ahead of
14    time, maybe we could have resolved it, but I am not taking
15    any more time. The objection is sustained.
16            MR. MARTIN: Your Honor, may I put on the record
17    the proffer?
18            THE COURT: Yes. This is the time to do it.
19            MR. MARTIN: Mr. Martin is prepared to testify
20    Mr. Lynch approached him on the farm and to discuss the
21    overtime lawsuit. He specifically asked Mr. Garrison not to
22    sign any papers. He further acknowledged that the company
23    did owe him, Mr. Garrison, overtime, but they had not
24    computed how much.
25            Furthermore, they said that Mr. Lynch told

```
 1   Mr. Garrison that they would not do anything for Willie
 2   Davis because he did not deserve it.
 3              THE COURT:  All right.
 4              MR. BREWER:  Your Honor, in view of your ruling,
 5   I ask that his testimony, to the extent it's on the record,
 6   be stricken.
 7              THE COURT:  Well the problem with striking is
 8   that it brings more attention.  How do you do that?
 9              MR. BREWER:  I will defer to your Honor.
10              MR. MARTIN:  Can we dismiss the jury now?  It's
11   after 11:00 o'clock.
12              THE COURT:  We didn't get started until after
13   10:00.  I usually go an hour-and-a-half to two.
14              MR. MARTIN:  Thank you.
15              (End of sidebar conference.)
16              (End of excerpted transcript.)
17                        -  -  -
18
19
20
21
22
23
24
25
```