**EXHIBIT 6**

```
 1                    - EXCERPTED TRANSCRIPT -

 2              IN THE UNITED STATES DISTRICT COURT
                IN AND FOR THE DISTRICT OF DELAWARE
 3                           - - -

 4    WILLIE DAVIS, JR.,            :   CIVIL ACTION
      NATHANIEL BRIDDELL, GEORGE    :
 5    W. FEDDIMAN, JOSEPH           :
      GARRISON, LARRY E. GIBBS      :
 6    and ROY H. WALTERS,           :
                                    :
 7    ALL SIMILARLY-SITUATED        :
      CURRENT AND FORMER            :
 8    EMPLOYEES OF MOUNTAIRE        :
      FARMS, INC., MOUNTAIRE        :
 9    FARMS OF DELMARVA, INC.,      :
      and MOUNTAIRE FARMS OF        :
10    DELAWARE, INC.,               :
                                    :
11                  Plaintiffs,     :
                                    :
12         vs.                      :
                                    :
13    MOUNTAIRE FARMS, INC.,        :
      MOUNTAIRE FARMS OF            :
14    DELMARVA, INC., and           :
      MOUNTAIRE FARMS OF            :
15    DELAWARE, INC. All Delaware   :
      corporations,                 :
16                                  :
                    Defendants.     :   NO. 04-0414 (SLR)
17

18                           - - -

19                          Wilmington, Delaware
                            Thursday, August 7, 2008
20                          8:35 o'clock, p.m.

21                           - - -

22    BEFORE:  HONORABLE SUE L. ROBINSON, U.S.D.C.J., and a jury

23                           - - -

24                                   Valerie J. Gunning
                                     Official Court Reporter
25
```

```
 1    APPEARANCES:

 2
              MARTIN & WILSON, P.A.
 3            BY:  JEFFREY K. MARTIN, ESQ. and
                   TIMOTHY J. WILSON, ESQ.
 4

 5                 Counsel for Plaintiffs

 6

 7

 8            CONNOLLY, BOVE, LODGE & HUTZ, LLP
              BY:  MATTHEW F. BOYER, ESQ.
 9

10                       -and-

11

12            SHAWE & ROSENTHAL
              BY:  ARTHUR M. BREWER, ESQ. and
                   ERIC HEMMENDINGER, ESQ.
13                 (Baltimore, Maryland)

14
                   Counsel for Defendants
15

16                       - - -

17

18

19

20

21

22

23

24

25
```

1        (REPORTER'S NOTE: The following is an excerpted
2   transcript.)
3        MR. MARTIN: Your Honor, I just had a couple
4   other housekeeping matters to address to the Court.
5        One is with regard to closing argument, I
6   believe that, and I'm just confirming with the Court, that I
7   will be able to use any written interrogatory responses or
8   requests for admissions as part of my presentation that have
9   been completed by defense counsel?
10       THE COURT: Well, I've never had them used in
11  closing when they have not been introduced as evidence.
12       MR. MARTIN: Well, your Honor, I had a
13  particular problem in that the verification for these things
14  was done by Phil Owen, and, you know, I could not get them
15  in through Mr. Wilson yesterday, who stood up there in Mr.
16  Owen's place.
17       THE COURT: I kind of thought they were court
18  records and didn't need to come in. In other cases, they
19  are the exception of having -- they are not really -- I
20  don't necessarily need them to come through a witness. You
21  can stand up and read them, if you want to.
22       My only concern is interrogatory answers
23  generally are preceded by so many objections, I would want
24  to see, and I would certainly want defense counsel to see
25  what you intended. Admissions certainly are admissions and

1  can come in. Interrogatories, generally I have a problem
2  with. They can always be used as impeachment, but as just
3  an admission itself, I'm not confident how that works.
4       So if you've got interrogatories, I want to
5  review them. I certainly want defense counsel to review
6  them. Admissions, you should read into the record.
7       MR. MARTIN: Could they be used to also -- also
8  with the Elmo to present to the jury?
9       (End of excerpted transcript.)
10           - - -

```
 1                  (REPORTER'S NOTE:  The following is an excerpted
 2      transcript.)
 3                  (Sidebar conference held as follows.)
 4                  THE COURT:  Two things.  Mr. Martin, we had had
 5      a discussion about your reading admissions or
 6      interrogatories into the record.
 7                  MR. MARTIN:  Yes.
 8                  THE COURT:  I take it you purposely have not
 9      done that?
10                  MR. MARTIN:  No, your Honor.  Well, I said that
11      was going to be done in-camera.
12                  THE COURT:  It does not have anything to do with
13      the issues that the jury has?
14                  MR. MARTIN:  Yes, they do.
15                  THE COURT:  Well --
16                  MR. MARTIN:  And I have them and I can read them
17      in right now.
18                  THE COURT:  What I said was, before the record
19      closes, that any requests for admissions can be simply read.
20      I don't have to review them.  It was the answers to
21      interrogatories that I would want to review before you did
22      that.
23                  MR. MARTIN:  Okay.
24                  THE COURT:  And I have not seen those.
25                  MR. MARTIN:  Okay.
```

1      THE COURT:  So I mean if you have some, and I
2  expected you to confer with counsel so that we can finish
3  this up.
4      MR. MARTIN:  May we have a few minutes to do
5  that, your Honor?  I mean, it's early in the day.  It's
6  2:30.
7      THE COURT:  All right.
8      MR. MARTIN:  And I appreciate the Court's -- I
9  thought I was just going to do that in-camera, for purposes
10 of the closing, and I apologize.  I misunderstood.
11     THE COURT:  No.  It's got to be part of the
12 record.  It can't be done just in closing.
13     MR. MARTIN:  Okay.
14     THE COURT:  So I will send the jury into the
15 jury room for 15 minutes while we finish this up.
16     The other thing I wanted to tell you is, under
17 my standard practice, no matter how many hours you have
18 left, I only give you two for your closing, because jurors'
19 eyes start glazing over.
20     MR. MARTIN:  Two -- two meaning --
21     THE COURT:  No.  Each.  Two hours.  Each two
22 hours.
23     MR. MARTIN:  Your Honor, I can't imagine doing a
24 closing --
25     THE COURT:  Well, you have not sat through some

```
 1   of my patent cases.
 2              MR. MARTIN:  Patent cases, yes.
 3              THE COURT:  I just wanted to make sure, because
 4   you all have multiple hours left.  I just wanted to make
 5   that we did not need to go forward with closing today.
 6              MR. MARTIN:  I can't imagine I would be more
 7   than 45 minutes.
 8              THE COURT:  Well, part of it is because we
 9   weren't as careful of keeping track of the evidentiary
10   issues.  I will send the jury back 15 minutes while we
11   straighten out this last bit.
12              (End of sidebar conference.)
13              (End of excerpted transcript.)
14                         -  -  -
```