IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIE DAVIS, JR., NATHANIEL BRIDDELL, ) <br> GEORGE W. FEDDIMAN, JOSEPH GARRISON, ) <br> LARRY E. GIBBS and ROY H. WALTERS, ) <br> ) <br> ALL SIMILARLY-SITUATED CURRENT AND ) <br> FORMER EMLOYEES OF MOUNTAIRE ) <br> FARMS, INC., MOUNTAIRE FARMS OF ) <br> DELMARVA, INC., and MOUNTAIRE FARMS ) <br> OF DELAWARE, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MOUNTAIRE FARMS, INC., ) <br> MOUNTAIRE FARMS OF DELMARVA, INC., ) <br> and MOUNTAIRE FARMS OF ) <br> DELAWARE, INC., all Delaware corporations, ) <br> ) <br> Defendants. ) | C. A. No. 04-0414-SLR <br><br> JURY TRIAL DEMANDED <br><br> COLLECTIVE ACTION |

## PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Federal Rules of Civil Procedure 56, Plaintiffs file this Motion for Summary Judgment for the following reasons:

1. In accordance with Local Rule 7.1.1., Plaintiffs' counsel discussed this motion with defense counsel on September 10, 2008 and no agreement was reached.

2. At the suggestion of Defendants' counsel during trial, which was held in this matter from August 5 through 8, 2008, Plaintiffs verbally moved for a judgment in their favor awarding them overtime compensation pursuant to the Fair Labor Standards Action ("FLSA") for the period June 2001 through June 2002.

3. While defense counsel filed an objection for the record, it was clear that Defendant Mountaire essentially conceded the overtime compensability for this time period.

4. The Court reserved decision on Plaintiffs' Motion and no decision has been rendered to date.[1]

5. Plaintiffs' Motion for Judgment with regard to this year of compensation was prompted by Plaintiffs' Exhibit Number 1, attached hereto as Exhibit "1". This Exhibit was initially denied admission but the Court then permitted it to be admitted as a Court Exhibit.

6. Plaintiffs' Exhibit 1 is a Mountaire document entitled, "DOL Audit Review" dated March 21, 2001 and states, in pertinent part, "Crew Leaders should also be paid (OT) because they are not salary (sic)."

7. It is undisputed and acknowledged by Defendant that the crew leaders were not paid by salary until after June 2002.

8. Both Exhibit 1 and Defendant's acknowledgment that no salaries were paid until June 2002 constitute an admission by Mountaire that they owe overtime compensation and other benefits pursuant to the Fair Labor Standards Act for that period of time.

9. The issues before the jury at trial were limited to the time period beginning June 2002 and an examination as to whether the crew leaders met the "hiring and firing" test under the FLSA.

10. The jury's verdict of non-compensability has no bearing on the crew leaders' eligibility for compensation from June 2001 through June 2002.

11. Immediately following the vacation of Eric Hemmendinger, Esquire, attorney for Defendant Mountaire, on August 18, 2008, Plaintiffs' counsel sent via electronic mail a letter

---

[1] Judgment was entered by the Court on August 13, 2008 (D.I. 133 entered in accordance with the jury verdict.) At trial, the jury was never presented with the issue of overtime compensation compensability for the year June 2001- June 2002. Thus, while the docket is considered "closed" Plaintiffs' Motion remains pending.

seeking overtime compensation for June 2001 through June 2002.[2] The August 18, 2008 letter is attached hereto as Exhibit "2".

12. In the August 18, 2008 letter, Plaintiffs' counsel set forth a calculation of overtime compensation for each of the five plaintiffs' in this matter.

13. Prior to communicating with Mr. Hemmendinger on September 10, 2008, Plaintiffs' counsel left messages with Mr. Hemmendinger's office on August 22, 2008 and August 27, 2008 as well as sending an e-mail to Mr. Hemmendinger dated September 4, 2008. There was no response to any of these communication efforts by Plaintiffs' counsel.

14. On September 10, 2008, Plaintiffs' counsel spoke with Mr. Hemmendinger who acknowledged that neither he nor his client sent any type of response to the August 18, 2008 letter.

15. During the September 10, 2008 communication, Mr. Hemmendinger advised Plaintiffs' counsel that in order to get a response in this matter, this matter would have to be addressed to this Court.

16. Recognizing that Defendant has no valid defense to Plaintiffs' Motion and after having essentially conceded liability while at trial in this issue, Plaintiffs respectfully request that the Court enter judgment in their favor against Defendant.

**WHEREFORE,** for the forgoing reasons, Plaintiffs respectfully request that their Motion for Partial Summary Judgment be granted.

---

[2] The Court may recall that this trial was rescheduled from August 11, 2008 to August 5, 2008 pursuant to Mr. Hemmendinger's statement that he would be on a pre-planned family vacation the week beginning August 11, 2008.

MARTIN & WILSON, P.A.

*[signature]*

__JEFFREY K. MARTIN__   (ID No. 2407)
__TIMOTHY J. WILSON__   (ID No. 4323)
1508 Pennsylvania Avenue
Wilmington, DE 19806
302-777-4681
jmartin@martinandwilson.com
twilson@martinandwilson.com
*Attorneys for Plaintiffs*

DATED: September 16, 2008